**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-14859 MER |
| SHILO DION SANDERS, ) | |
| ) | |
| ) | Chapter 7 |
| Debtor. ) | |

**TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**

David V. Wadsworth, the duly appointed Chapter 7 trustee, by Counsel, for his objection to the Debtor's claim of exemption, states as follows:

1. The Debtor filed this chapter 7 case on October 23, 2023 (the "Petition Date").

2. The continued meeting of creditors in the Debtor's case was held pursuant to 11 U.S.C. § 341 and concluded on December 19, 2023. This objection is therefore timely.

3. In his Bankruptcy Schedule A/B the Debtor identified the following assets material to the within Objection:

> a 2023 Mercedes GLE AMG 635 valued at $75,900.00;
>
> Household furnishings including couches, chairs, tables, linens dishes, bedroom set, dresser, and piano with a collective value of $10,300.00;
>
> a TV, computer, printer, and phone with a collective value of $4,000.00;
>
> Workout and Recovery Equipment with a collective value of $1,200.00; and
>
> Necklaces (Based on Replacement Value) $75,000.00 (in a subsequent amended Schedule A/B this asset was removed but the trustee intends to investigate the circumstances on how the jewelry was obtained and used)

(the "Property").

4. In his Schedule C, with the exception of the Mercedes GLE AMG 635 and the Necklaces, the Debtor claimed all the Property as 100% exempt under 11 U.S.C.§ 522.

5. The Debtor did not select the box "100% of fair market value, up to any applicable statutory limit" on the Schedule C, but instead claimed an amount equal to the value he placed on the property. The trustee is not certain if the Debtor intended to claim an exemption in the assets to the amount of his values, or that he is claiming a 100% exemption regardless of the value to the estate.

6. The trustee does not dispute that the Debtor is entitled to the amounts presently claimed but to the extent that the value to the estate of the assets actually exceeds the value

disclosed, the exemption should be limited to the amount presently claimed. Therefore, if the assets have a greater value to the estate than what has been disclosed, the exemption should be denied to the amount above the presently claimed exemptions.

7. The trustee intends to have his auctioneer inventory and value all the assets.

8. In light of the above, the trustee respectfully requests the Court deny the Debtor's exemptions in any amount above the presently claimed exemptions.

9. Counsel attempted to confer with Debtor's Counsel prior to filing this objection but was unsuccessful.

WHEREFORE, the Trustee requests an Order of the Court sustaining the Trustee's objection to the Debtor's claim of exemption in any amount above the presently claimed exemptions and granting such other and further relief as deemed proper.

DATED: January 18, 2024

Respectfully submitted,

SIMON E. RODRIGUEZ

*/s/ Simon E. Rodriguez*
Simon E. Rodriguez, #18967
P.O. Box 36324
Denver, Colorado 80236
303-969-9100
lawyercolo@aol.com

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on January 18, 2024, a true copy of the foregoing was served by depositing same in the United States mail, postage prepaid and properly addressed to the following and was electronically filed and served via CM/ECF on all parties that have entered an appearance in the above referenced case:

David V. Wadsworth, Trustee
VIA CMECF

SHILO DION SANDERS
PO BOX 1864
LONGMONT, CO 80502

KERI L. RILEY, Esq.
VIA CMECF

United States Trustee
VIA CMECF

*/s/ Simon E. Rodriguez*