Case:23-14859-MER Doc#:40-2 Filed:01/29/24 Entered:01/29/24 16:16:44 Page1 of 7

FILED
DALLAS COUNTY
6/20/2016 8:20:28 AM
FELICIA PITRE
DISTRICT CLERK
Freeney Anita

2 CT-PCT#4
1CT-ATTY

EXHIBIT DAR002

CAUSE NO. DC-16-07371 _____

| | | |
|---|---|---|
| JOHN DARJEAN | § | THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | H-160TH \_\_\_JUDICIAL DISTRICT |
| DEION SANDERS, PILAR SANDERS, AND | § | |
| DEION SANDERS, AS NEXT FRIEND FOR | § | |
| SHILO SANDERS | § | |
| *Defendant* | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW **JOHN DARJEAN,** hereinafter referred to as "Plaintiff," and respectfully files this Original Petition against **DEION SANDERS, PILAR SANDERS, AND DEION SANDERS AS NEXT FRIEND FOR SHILO SANDERS,** hereinafter referred to as "Defendant," and states the following:

I.

1. Plaintiff intends to conduct discovery under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

II.

2. Plaintiff, **JOHN DARJEAN** is an individual residing in Dallas, Texas.

3. In accordance with CPRC §30.014, **JOHN DARJEAN** has been issued a driver's license. Without regard to when said license was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC §30.014) the last three (3) numbers (although without regard to the sequence as they appear on the license, which is likewise not required by CPRC §30.014) will be supplemented at a later date.

4. Further, Plaintiff **JOHN DARJEAN** has been issued a social security number. Without regard to when said social security number was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC §30.014) the last three (3) numbers (although without regard to the sequence as they appear, which is likewise not required by CPRC §30.014) are 058.

5. Defendant, **DEION SANDERS** is an individual residing in Cedar Hill, Texas and may be served with process by Sherriff at his residence located at 2314 Sunset Ridge Cr, Cedar Hill, Texas 75104. #4

6. Defendant, **PILAR SANDERS** is an individual residing in Fort Worth, Texas and may be served with process by Sherriff at her residence located at 9765 Amaranth Drive, Fort Worth, Texas 76177. ATTY

7. Defendant, **DEION SANDERS AS NEXT FRIEND FOR SHILO SANDERS** is an individual residing in Cedar Hill, Texas and may be served with process by Sherriff at his residence located at 2314 Sunset Ridge Cr, Cedar Hill, Texas 75104. #4

### III.

8. Venue is proper in Dallas County, Texas pursuant to §§15.002(a)(1) and 15.005 of the Texas Civil Practice and Remedies Code.

### IV.
### FACTS

9. Deion Sanders and Pilar Sanders are the natural parents of Shilo Sanders, a minor. Shilo Sanders was a student at Focus Learning Center where Plaintiff, John Darjean, was an employed. On September 17, 2015, Shilo Sanders was utilizing a cell phone on school property

and during school hours when he was told not to do so. John Darjean asked Shilo Sanders multiple times to turn his phone over to Mr. Darjean. Shilo Sanders repeatedly refused those requests. At all times John Darjean acted in a reasonable, rational and non-threatening manner. Suddenly and without warning, Shilo Sanders physically assaulted John Darjean. As a result of the assault, John Darjean sustained severe and permanent injuries including permanent neurological injuries and damage to his cervical spine

## V.
## CAUSE OF ACTION SHILO SANDERS

10. Defendant Shilo Sanders intentionally, knowingly, and recklessly physically assaulted Plaintiff. The assault and battery by Defendant Shilo Sanders was sudden, unexpected, unprovoked and without warning. Plaintiff's resulting injuries were proximately caused the assault and battery.

## VI.
## CAUSE OF ACTION DEION SANDERS AND PILAR SANDERS

11. Plaintiff would show that Defendants Deion Sanders and Pilar Sanders were negligent in failing to properly monitor, supervise, control, and/or correct the conduct of their minor son, Shilo Sanders. Defendants were aware that Shilo Sanders had a history and propensity to engage in reckless, carless, violent and harmful conduct and that the conduct of Shilo Sanders was likely to cause harm to another. Defendants failed to act as reasonable parents and take reasonable steps to control or prevent the harmful conduct of their son. Defendants' failure to control and/or correct the conduct of Shilo Sanders, despite the foreseeable risks, is tantamount to Defendants consenting to, sanctioning, and participating in Shiloh Sanders' conduct.

12. Plaintiff further alleges that Defendants Deion Sanders and Pilar Sanders, through their acts and/or omissions, were negligent and such negligence was a proximate cause of the incident and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendants:

1. In failing to properly and prudently supervise their minor son, Shilo Sanders;

2. In failing to properly and prudently supervise their minor son, Shilo Sanders, so as to prevent him from perpetrating the acts and/or omissions set out herein;

3. In failing to properly and prudently supervise their minor son, Shilo Sanders, so as to prevent him from acting in a manner likely to cause harm to another person;

4. In failing to properly and prudently control the conduct of their minor son, Shilo Sanders, by failing to prevent Shiloh Sanders from perpetrating the acts and/or omissions set out herein;

5. In failing to properly and prudently control the conduct of their minor son, Shilo Sanders, so as to prevent him from acting in a manner likely to cause harm to another person;

6. In failing to correct the conduct and actions of their minor son, Shilo Sanders, which were likely to cause harm to another person;

7. In consenting to the actions of their minor son, Shilo Sanders, which were likely to cause harm to another person;

8. In sanctioning the actions of their minor son, Shilo Sanders, which were likely to cause harm to another person;

9. In participating in the actions of their minor son, Shilo Sanders, which were likely to cause harm to another person;

10. In failing to warn Plaintiff and others of Shilo Sanders dangerous and reckless propensities that were likely to cause harm to another person; and

11. Negligence in other respects.

## VI.
## MALICE

13. Plaintiff further alleges that the Defendants by and through their acts and/or omissions, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiff alleges that said acts and/or omissions set out above amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff. Plaintiff further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff. Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff. Plaintiff further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff. In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## VII.
## DAMAGES

14. Plaintiff's damages include past and probable future loss, which includes:

    a.  Physical pain and mental anguish and suffering, including the loss of enjoyment of life;

    b.  Physical and mental impairment other than the ability to earn money;

    c.  Disfigurement;

    d.    Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

    e.    loss of wages and wage earning capacity;

    f.    prejudgment interest at the maximum legal rate.

15.    Plaintiff alleges that the incident in question made the basis of this lawsuit, and Plaintiff's injuries and resulting damages were proximately caused as a result of the wrongful conduct and negligent conduct of the Defendants as alleged and set forth herein.

16.    Plaintiff alleges that his damages exceed the minimum jurisdictional limits of this Court.

17.    All these damages to Plaintiff are within the jurisdictional limits of this Court and Plaintiff would ask that a fair, reasonable and impartial jury assess the amount of damages in this case properly recoverable by the Plaintiff. The amount of actual damages awarded should be subject to the evaluation of the evidence by a fair and impartial jury and is clearly in excess of $1,000,000.00.

## VIII.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

18.    Plaintiff would further show that he is entitled to recover interest for all elements of damages recovered for which the law provides, for pre-judgment interest beginning on either (1) the 180th day after the Defendants received written notice of claim, or

(2) the day suit is filed, whichever is earlier, and ending on the day preceding the date judgment is rendered, at the pre-judgment interest rate governed by VTCA Finance Code 304.102, et seq. Plaintiffs are also entitled to recover post-judgment interest at the lawful rate.

## IX.
## JURY DEMAND

19. Plaintiff requests that a jury be convened to try the factual issues in this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, Plaintiff have judgment of, from and against the Defendants jointly and severally for the actual damages, costs of Court, prejudgment and post-judgment interest, punitive and/or exemplary damages, as set out hereinabove all to be determined by a fair and impartial jury that has fully weighed the evidence and facts and delivered its verdict in accordance with the Judge's instructions, in amounts as set out above, together with costs of suit, pre-judgment interest, post-judgment interest and for such other and further relief which they may show themselves to be justly entitled.

Respectfully submitted,

  s/ Jimmy M. Negem
Jimmy M. Negem
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Negem & Worthington
440 South Vine Avenue
Tyler, Texas  75702
903.595.4466 (telephone)
903.593.3266 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**