**EXHIBIT DAR013**

FILED
DALLAS COUNTY
10/3/2018 11:22 AM
FELICIA PITRE
DISTRICT CLERK

Darling Tellez

## Cause No. DC-16-07371

| | | |
|---|---|---|
| **JOHN DARJEAN** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| **vs.** | § | |
| | § | |
| **DEION SANDERS** | § | |
| **and SHILOH SANDERS** | § | |
| **Defendants,** | § | |
| | § | |
| **SHILOH SANDERS** | § | |
| **Third-Party Plaintiff** | § | **160TH JUDICIAL DISTRICT** |
| | § | |
| **vs.** | § | |
| | § | |
| **LEROY McCLURE, Jr. AND** | § | |
| **FOCUS LEARNING ACADEMY,** | § | |
| **INCORPORATED D/B/A FOCUS** | § | |
| **LEARNING ACADEMY / TRIPLE** | § | |
| **A ACADEMY** | § | |
| **Third-Party Defendants.** | § | **DALLAS COUNTY, TEXAS** |

---

### SHILOH SANDERS' MOTION FOR LEAVE TO FILE THIRD-PARTY PETITION AGAINST WHITE STAR CONSULTING, LLC

---

TO THE HONORABLE COURT:

Shiloh Sanders requests leave of Court to file a Third-Party Petition against White Star Consulting, LLC, ("White Star Consulting"), which is not presently a party to this action, under the provisions of Rule 38 of the Texas Rules of Civil Procedure on the following grounds:

1. **The Parties just learned that John Darjean was also allegedly employed by White Star Consulting at the time of his altercation with Shilo Sanders.**

Throughout this litigation, the Parties, and their legal counsel, have been led to believe that Plaintiff Jean Darjean was under the exclusive employment of Focus Learning Academy at the time of John Darjean's altercation with Shilo Sanders. However, new evidence has come to light

**MOTION FOR LEAVE PAGE 1**

that John Darjean was also purportedly employed by White Star Consulting, LLC at the time of the altercation.

    a. *John Darjean and Leroy McClure, Jr.'s deposition testimony did not indicate that that John Darjean was an employee of White Star Consulting.*

The exact nature of the relationship between White Star Consulting, LLC and John Darjean was unclear prior to John Lehman's deposition on September 21, 2018. Indeed, the deposition testimony of John Darjean and Leroy McClure, Jr. provided no indication that John Darjean was also employed by White Star Consulting, LLC at the time of the incident in question.

John Darjean was first deposed on July 7, 2017. John Darjean testified that his last employment was with Focus Learning Academy, which was from 2011 to 2015. *See* **Exhibit A,** 2017 Deposition of John Darjean (p. 10, lns. 10-14). During this deposition, John Darjean did not indicate that he was ever an employee of White Star Consulting. *See id.*

John Darjean was deposed again on January 11, 2018. During that deposition, John Darjean testified that he did part-time work for White Star Consulting, working once, maybe twice a week. *See* **Exhibit B**, 2018 Deposition of John Darjean (p. 127, lns. 2-8). Sometimes, John Darjean "would go a whole month without working for White Star." *Id.* John Darjean testified that he worked for White Star Consulting as a private investigator on an assignment basis, billing it for his time. *Id.* (p. 29, lns. 7-20).

Leroy McClure, Jr., CEO of Focus Learning Academy, also confirmed that John Darjean was employed by Focus Learning Academy. In his deposition on July 7, 2017, Leroy McClure, Jr. testified that it was his understanding that at the time John Darjean had the altercation with Shilo he was an employee of Focus Learning Academy. *See* **Exhibit C**, *Deposition of Leroy McClure, Jr.* (p. 19, lns. 5-8). After seeking clarification, Leroy McClure, Jr. reiterated that John Darjean was an employee of Focus Learning Academy on the date of the altercation, September 17, 2015.

*Id.* (p. 20, lns. 6-8).

Neither John Darjean nor Leroy McClure, Jr. provided information that would indicate that John Darjean was employed by White Star Consulting, LLC at the time of John Darjean's altercation with Shilo Sanders. Both confirmed that John Darjean was an employee of Focus Learning Academy at that time. To make it more difficult for Shilo Sanders, or anyone else, to discover that John Darjean was also purportedly employed by White Star Consulting at the time of the altercation, John Darjean failed to report his salary from White Star Consulting, LLC on his federal tax returns.

b. *On September 21, 2018, the Parties learn for the first time the details of John Darjean's purported employment with White Star Consulting, LLC at the time of the altercation with Shilo Sanders.*

On September 21, 2018, the Parties deposed the corporate representative of White Star Consulting, LLC, John Lehman. John Lehman testified that John Darjean was also an employee of White Star Consulting, LLC at the time of the incident between John Darjean and Shilo Sanders. *See* **Exhibit D**, *Deposition of John Lehman* (p. 110, lns. 12-19). In addition, in response to Deion Sanders' Subpoena Duces Tecum, Mr. Lehman provided documents at his deposition purporting to show John Darjean's employment with White Star Consulting, LLC.

Those records seem to indicate that White Star Consulting, LLC hired John Darjean as an employee in May 2015. White Star Consulting, LLC and John Darjean completed and submitted employee documents such as a W-4 and Texas Employer New Hire Reporting Program forms. *See* **Exhibit E,** *John Darjean Employment Documents; see also* **Exhibit D**, *Deposition of John Lehman* (p. 150, lns. 23-25 – p. 151, lns. 1-3).,

Mr. Lehman testified that on May 20, 2015, White Star Consulting, LLC and Focus Learning Academy apparently entered into an Operating Agreement ("Contract"). *See* **Exhibit F**,

*Contract.* Under the apparent terms of this Contract, White Star Consulting, LLC purportedly agreed to provide Focus Learning Academy an armed security guard. *Id.* Under this Contract, White Star Consulting, LLC purportedly paid John Darjean $90.60 per week ($9.60 per hour for 10 hours) while school was in session. *Id.*

Regarding the week of the altercation between John Darjean and Shilo Sanders, White Star Consulting, LLC allegedly invoiced Focus Learning Academy $95.00 for 10 hours of work. *See* **Exhibit G**, *Invoice #219 Dated October 7, 2015.* This amount would seem to represent John Darjean's wages as reflected in the Contract.

Mr. Lehman's testimony and John Darjean's employment documents appear to establish that though also an employee of Focus Learning Academy, John Darjean was an employee of White Star Consulting, LLC at the time of his altercation with Shilo Sanders.

    c.  *Plaintiff was dilatory in producing the Contract between White Star Consulting, LLC and Focus Learning Academy.*

Despite Shilo Sanders requesting categories of documents that should have included the Contract between White Star Consulting and Focus Learning Academy over a year ago, Plaintiff only recently produced it. On September 27, 2017, Shilo Sanders served John Darjean with a request for Production of Documents. *See* **Exhibit H**, *Defendant and Counter-Plaintiff Shilo Sanders' Requests for Production to Plaintiff and Counter-Defendant John Darjean*. Request for Production No. 9 sought the following documents:

> Copies of all W-2 forms, K-1 forms, 1099 Forms, or other wage or income data of Plaintiff and Counter-Defendant John Darjean for (a) the five (5) years immediately preceding the Incident made the basis of this suit; and (b) from the date of the Incident made the basis of this suit to the present. *Id.*

As previously discussed, the Contract established John Darjean's wages at $90.60 per week

($9.60 per hour for 10 hours) while school was in session. *See* **Exhibit F**, *Contract.* As such, the

Contract was responsive to Request for Production No. 9.

 Plaintiff did not timely respond to the Request for Production.

 On July 18, 2018, counsel for Shilo Sanders contacted counsel for John Darjean to follow

up on the repeated requests for responses to the Request for Production. *See* **Exhibit I**, *July 18,*

*2018 Letter to Jimmy Negem*. In this letter, Shilo Sanders' counsel voiced his fear that John

Darjean –

> may be withholding . . . production of documents in an effort to hinder Shilo Sander's
> ability to amend his pleadings before the deadline and to thwart Shilo Sanders[ ] in
> conducting additional discovery based on [John Darjean's] responses.

*Id.*

 On August 14, 2018, John Darjean finally served Shilo Sanders with Responses to his

Request for Production. However, John Darjean did not produce any documents. Instead, John

Darjean responded to Request for Production No. 9 with the following response:

> **RESPONSE:**
> You are referred to the tax returns previously produced to you in connection with
> this case.
> You are referred to any of my financial data previously produced that is contained
> within
> my personnel file.
> You are referred to my deposition taken in this case.
> You are referred to any documents produced by any parties in this case.

*See* **Exhibit J**, *See Plaintiff and Counter-Defendant, John Darjean, Responses to Defendant and*

*Counter-Plaintiff's, Shilo Sanders, First Set of Request for Production to Counter-Defendant.*

 Finding John Darjean's response woefully insufficient, Shilo Sanders immediately filed a

Motion to Compel Responses to Written Discovery from John Darjean. *See Shilo Sanders' Motion*

*to Compel Responses to Written Discovery from John Darjean,* on file with the Court.

 On September 12, 2018, John Darjean provided Shilo Sanders with a Dropbox link

containing documents responsive to Shilo Sanders' Request for Production. *See* **Exhibit K**, *Correspondence from Jimmy Negem's Office to Mark A. Walsh, September 12, 2018.* In this cloud-based production, John Darjean finally provided a copy of the Contract between White Star Consulting and Focus Learning Academy. John Darjean was obligated to produce this Contract at the end of October 2017. However, in a manner that hindered Shilo Sanders' ability to join parties before the joinder deadline, John Darjean waited almost a full year to produce the Contract, after important deadlines in this case had expired.

### 2. Third-Party Defendant White Star Consulting, LLC's Liability

On September 17, 2015, at or about 12:00 p.m., John Darjean, an employee of Focus Learning Academy and apparently White Star Consulting, physically injured Shilo Sanders, who was at the time a student enrolled at Focus Learning Academy. John Darjean was a security officer and coach for Focus Learning Academy. He was also purportedly employed by White Star Consulting. John Darjean was apparently acting within the scope of his employment with Focus Learning Academy and White Star Consulting, LLC at the time of the incident. The details of the liability theories against White Star Consulting, LLC are set forth in the attached Third-Party Petition against White Star Consulting is attached to this motion and incorporated by reference as **Exhibit L**.

### 3. Copy of Third-Party Petition

A copy of the Third-Party Petition against White Star Consulting is attached to this motion and incorporated by reference as **Exhibit L**.

### 4. White Star Consulting, LLC Documents

Attached as **Exhibit M**, is the Declaration of Mark A. Walsh certifying that the documents attached hereto as **Exhibits E**, **F**, and **G** are true and correct copies of the documents contained

in Exhibit 8 to John Lehman's Deposition.

**WHEREFORE**, Defendant, Counter-Plaintiff, Third-Party Plaintiff, Shilo Sanders requests that this Court grant him permission to file a Third-Party Petition against White Star Consulting, LLC. Defendant, Counter-Plaintiff, Third-Party Plaintiff, Shilo Sanders also requests that the Court make such other Orders as are equitable and just.

Respectfully submitted,

**SAUNDERS, WALSH & BEARD**

LEWIS L. ISAACKS
Texas Bar No. 10430300
MARK A. WALSH
Texas Bar No. 24003135
CHRISTOPHER M. LOWRY
Texas Bar No. 24093626
M. SHANNON KACKLEY
Texas Bar No. 00790993
6850 TPC Drive, Suite 210
McKinney, Texas 75070
Telephone: 214/919-3555
Telecopier: 214-615-9019
lewis@saunderswalsh.com
mark@saunderswalsh.com
chris@saunderswalsh.com
shannon@saunderswalsh.com
**Attorneys for Shilo Sanders**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served via electronic filing on this the 3rd  day of October 2018, pursuant to Texas Rules of Civil Procedure 21 and 21a to:

Jimmy M. Negem
Joe M. Worthington
NEGEM & WORTHINGTON

1828 ESE Loop 323, Suite R-1A,
Tyler, Texas 75701
Jimmy@NegemLaw.com
**Counsel for Plaintiff**

Robert C. Turner
THE SILVERA FIRM
17070 Dallas Parkway, Suite 100
Dallas, Texas 75248
robertturnor@silveralaw.com
**Counsel for Intervenor**

Larry R. Boyd
Charles J. Crawford
ABERNATHY, ROEDER, BOYD & HULLET, P.C.
1700 Redbud Blvd., Suite 300
McKinney, Texas 75070
lboyd@abernathy-law.com
**Counsel for Defendant Deion Sanders**

Glynis L. Zavarelli
Michelle S. Sortor
WENTZ & ZAVARELLI, L.L.P.
222 W. Las Colinas Blvd., Suite 1900N
Irving, Texas 75039
gzavarelli@wandzlaw.com
**Counsel for Third-Party Defendants**
**Focus Learning Academy, Inc. and**
**Leroy McClure, Jr.**

Mark A. Walsh

# EXHIBIT A

John Darjean                                                                1

```
1                      CAUSE NO. DC-16-07371

2   JOHN DARJEAN,                )  IN THE DISTRICT COURT
                                 )
3             Plaintiff,         )
                                 )
4   VS.                          )  160th JUDICIAL DISTRICT
                                 )
5   DEION SANDERS, PILAR         )
    SANDERS, AND SHILO           )
6   SANDERS,                     )
                                 )
7             Defendants.        )  DALLAS COUNTY, TEXAS

8

9            -----------------------------------

10              ORAL AND VIDEOTAPED DEPOSITION OF

11                         JOHN DARJEAN

12                        JULY 7, 2017

13           -----------------------------------

14

15

16        ORAL AND VIDEOTAPED DEPOSITION OF JOHN DARJEAN,

17   produced as a witness at the instance of the DEFENDANTS,

18   and duly sworn, was taken in the above-styled and

19   numbered cause on July 7, 2017, from 9:38 a.m. to 11:06

20   a.m., before Jan Newman Carter, CSR in and for the State

21   of Texas, reported by machine shorthand, at the law

22   offices of KoonsFuller Family Law, 1717 McKinney, Suite

23   1500, Dallas, Texas, pursuant to the Texas Rules of

24   Civil Procedure and the provisions stated on the record

25   or attached hereto.
```

MOTION FOR LEAVE PAGE 10

John Darjean                                                                    2

```
1                       A P P E A R A N C E S

2     FOR THE PLAINTIFF:

3         JIMMY M. NEGEM
          NEGEM & WORTHINGTON, PC
4         1828 ESE LOOP 323, SUITE R-1A
          TYLER, TEXAS  75701
5         (903) 595-4466
          (903) 593-3266 FAX
6         jimmy@negemlaw.com

7     FOR THE DEFENDANT,
      DEION SANDERS:
8
          LARRY R. BOYD
9         CHARLES J. CRAWFORD
          ABERNATHY, ROEDER, BOYD & HULLETT, PC
10        1700 REDBUD BOULEVARD, SUITE 300
          MCKINNEY, TEXAS  75070
11        (214) 544-4000
          (214) 544-4040 FAX
12        lboyd@abernathy-law.com
          ccrawford@abernathy-law.com
13
      FOR THE INTERVENOR,
14    UTICA NATIONAL INSURANCE COMPANY:

15        ROBERT C. TURNER
          THE SILVERA FIRM
16        17070 DALLAS PARKWAY, SUITE 100
          DALLAS, TEXAS  75248
17        (972) 715-1767
          robertturner@silveralaw.com
18
      FOR THE DEFENDANT,
19    SHILO SANDERS:

20        DANIEL CORREA
          SAUNDERS, WALSH & BEARD
21        6850 TPC DRIVE, SUITE 210
          MCKINNEY, TEXAS  75070
22        (214) 644-2056
          (214) 615-9019 FAX
23        daniel@saunderswalsh.com

24    ALSO PRESENT:

25        GUS PHILLIPS, VIDEOGRAPHER
```

1                              INDEX

2                                                    PAGE

3     Appearances........................................... 2

4
      JOHN DARJEAN
5
           Examination by Mr. Boyd......................... 4
6

7     INFORMATION TO BE COMPLETED.......................... 5

8     INFORMATION TO BE COMPLETED..........................52

9
      Signature and Changes................................63
10
      Reporter's Certificate...............................65
11

12                            EXHIBITS

13    NO.          DESCRIPTION                          PAGE

14    Exhibit 1    Private Security Registration License....14

15    Exhibit 2    Correspondence, 9/17/15..................55

16    Exhibit 3    Correspondence, 9/17/15..................56

17    Exhibit 4    Findings and Disposition Re Investigation
                   Into Policy Violation...................57
18
      Exhibit 5    Staff Handbook Excerpt...................58
19
      Exhibit 6    Child Protective Services Record,
20                 11/16/15................................60

21

22

23

24

25

```
 1                      P R O C E E D I N G S

 2                          July 7, 2017

 3                           9:38 a.m.

 4                 THE VIDEOGRAPHER:  We are now on the record

 5   for the videotaped deposition of John Darjean.  The time

 6   is 9:38 a.m., July 7th, 2017.  Will the court reporter

 7   please administer the oath.

 8                         JOHN DARJEAN,

 9   having been first duly sworn, testified as follows:

10                          EXAMINATION

11   BY MR. BOYD:

12        Q.  Sir, would you state your full name for the

13   record, please?

14        A.  John Donald Darjean.

15        Q.  Have you been known by any other names in the

16   last ten years, sir?

17        A.  No, sir.

18        Q.  Where do you currently live?

19        A.  I currently live in Wills Point.

20        Q.  And could you give me an address, please?

21        A.  The address?  I do not have the address on me.

22   I'm sorry, I don't know it by heart.

23        Q.  All right.  Could we just leave a blank in the

24   record and ask you to fill in your address when you

25   review and sign the deposition?
```

1          Q.   And all I'll ask you to do is to answer the

2     question that was then pending, and then we'll take a

3     break.

4          A.   Yes, sir.

5          Q.   How are you currently employed, Mr. Darjean?

6          A.   I'm not employed.

7          Q.   And how long has it been since you've been

8     employed?

9          A.   It will be two years in September.

10         Q.   So, your last employment was with FOCUS?

11         A.   FOCUS Learning Academy, yes, sir.

12         Q.   And what were the dates of your employment with

13    FOCUS?

14         A.   It's from 2011 to 2015.

15         Q.   And prior to being employed at FOCUS, where

16    were you employed?

17         A.   Faith Family Academy.

18         Q.   And where is that located?

19         A.   That is a charter school on Keats Boulevard.

20         Q.   And how long did you work for -- Faith Family,

21    you said --

22         A.   Yes, sir.

23         Q.   -- Faith Family Academy?

24         A.   One year.

25         Q.   So, that would take us back to about 2010.

```
1        A.  Yes, sir.

2        Q.  And prior to 2010, where did you work?

3        A.  I worked at -- I think it was Nestle Waters.

4        Q.  And what is that?

5        A.  That's -- they make Ozarka water and Nestle

6   water.

7        Q.  All right.  So, just drinking water.

8        A.  Yes, sir, uh-huh.

9        Q.  And how long were you with Nestle Water?

10       A.  About five months.

11       Q.  So, again, we're back sometime about 2009; is

12  that correct?

13       A.  Yes, sir.  Somewhere around in there.

14       Q.  And where were you employed before you worked

15  for Nestle Water?

16       A.  The Oak Cliff YMCA.

17       Q.  All right.  And what were your duties at the

18  Oak Cliff YMCA?

19       A.  I was the sports director.

20       Q.  And how long were you sports director at the

21  Oak Cliff YMCA?

22       A.  Two years.

23       Q.  So, that takes us back to sometime in 2007?

24       A.  Yes, sir.  Somewhere around in there.

25       Q.  And where were you employed before you went to
```

FILED
DALLAS COUNTY
10/11/2017 2:52 PM
FELICIA PITRE
DISTRICT CLERK

John Darjean

65

1                    CAUSE NO. DC-16-07371

2    JOHN DARJEAN,              )  IN THE DISTRICT COURT
                                )
3              Plaintiff,       )
                                )
4    VS.                        )  160th JUDICIAL DISTRICT
                                )
5    DEION SANDERS, PILAR       )
     SANDERS, AND SHILO         )
6    SANDERS,                   )
                                )
7              Defendants.      )  DALLAS COUNTY, TEXAS

8

9                    REPORTER'S CERTIFICATION
                  DEPOSITION OF JOHN DARJEAN
                        JULY 7, 2017

10

11        I, Jan Newman Carter, Certified Shorthand Reporter

12   in and for the State of Texas, hereby certify to the

13   following:

14        That the witness, JOHN DARJEAN, was duly sworn by

15   the officer and that the transcript of the oral

16   deposition is a true record of the testimony given by

17   the witness;

18        That the deposition transcript was submitted on

19   July 19, 2017 to the witness or to the attorney for the

20   witness for examination, signature and return to me by

21   August 8, 2017;

22        That the amount of time used by each party at the

23   deposition is as follows:

24        JIMMY M. NEGEM - 00:00

25        LARRY R. BOYD - 01:21

John Darjean

66

1    ROBERT C. TURNER - 00:00

2    DANIEL CORREA - 00:00

3       That pursuant to information given to the

4    deposition officer at the time said testimony was taken,

5    the following includes counsel for all parties of

6    record:

7    FOR THE PLAINTIFF:

8       JIMMY M. NEGEM
         NEGEM & WORTHINGTON, PC
9       1828 ESE LOOP 323, SUITE R-1A
         TYLER, TEXAS  75701
10      (903) 595-4466

11   FOR THE DEFENDANT,
      DEION SANDERS:
12
         LARRY R. BOYD
13      CHARLES J. CRAWFORD
         ABERNATHY, ROEDER, BOYD & HULLETT, PC
14      1700 REDBUD BOULEVARD, SUITE 300
         MCKINNEY, TEXAS  75070
15      (214) 544-4000

16   FOR THE INTERVENOR,
      UTICA NATIONAL INSURANCE COMPANY:
17
         ROBERT C. TURNER
18      THE SILVERA FIRM
         17070 DALLAS PARKWAY, SUITE 100
19      DALLAS, TEXAS  75248
         (972) 715-1767
20
      FOR THE DEFENDANT,
21   SHILO SANDERS:

22      DANIEL CORREA
         SAUNDERS, WALSH & BEARD
23      6850 TPC DRIVE, SUITE 210
         MCKINNEY, TEXAS  75070
24      (214) 644-2056

25

John Darjean

67

1    I further certify that I am neither counsel for,

2    related to, nor employed by any of the parties or

3    attorneys in the action in which this proceeding was

4    taken, and further that I am not financially or

5    otherwise interested in the outcome of the action.

6        Further certification requirements pursuant to Rule

7    203 of TRCP will be certified to after they have

8    occurred.

9        Certified to by me this 14th day of July, 2 .

10

11                    *Jan Newman Carter*

12                    Jan Newman Carter, Texas CSR 6062
                      Expiration Date:  12/31/18
13                    Lexitas
                      Firm Registration No. 793
14                    Expiration Date:  12/31/17
                      100 E. Ferguson, Suite 900
15                    Tyler, Texas  75702
                      (903) 593-3213

16

17

18

19

20

21

22

23

24

25

John Darjean

68

FURTHER CERTIFICATION UNDER RULE 203 TRCP
signature page
The original ~~deposition~~ was (was not) returned to the deposition officer on *August 8, 2017* ;

If returned, the attached Changes and Signature page contains any changes and the reasons therefor;

If returned, the original deposition was delivered to Larry R. Boyd, Custodial Attorney;

That $ __435.65__ is the deposition officer's charges to the Defendant for preparing the original deposition transcript and any copies of exhibits;

That the deposition was delivered in accordance with Rule 203.3, and that a copy of this certificate was served on all parties shown herein on and filed with the Clerk.

Certified to by me this __11th__ day of __October__ , 2017.

*Jan Newman Carter*
Jan Newman Carter, Texas CSR 6062
Expiration Date: 12/31/18
Lexitas
Firm Registration No. 793
Expiration Date: 12/31/17
100 E. Ferguson, Suite 900
Tyler, Texas 75702
(903) 593-3213

DepoTexas, Inc.

**MOTION FOR LEAVE PAGE 19**

# EXHIBIT B

1 (Pages 69-72)

69

```
              CAUSE NO. DC-16-07371

JOHN DARJEAN,                     )  IN THE DISTRICT COURT
                                  )
        Plaintiff,                )
                                  )
VS.                               )  DALLAS COUNTY, TEXAS
                                  )
DEION SANDERS, PILAR SANDERS,     )
and SHILO SANDERS,                )
                                  )
        Defendants.               )  160TH JUDICIAL DISTRICT
```

                    ORAL DEPOSITION OF

                       JOHN DARJEAN

                    JANUARY 11, 2018

                       VOLUME 2

        ORAL DEPOSITION of JOHN DARJEAN, produced as

a witness at the instance of the Defendant, Deion

Sanders, and duly sworn, was taken in the above-styled

and -numbered cause on the 11th day of January, 2018,

from 9:43 a.m. to 4:17 p.m. before Stormy Jackson, CSR

in and for the State of Texas, reported by machine

shorthand, at the offices of Burdin Mediations, 4514

Cole Avenue, Suite 1450, Dallas, Texas, pursuant to the

Texas Rules of Civil Procedure and/or the provisions

stated on the record.

70

```
         APPEARANCES
FOR THE PLAINTIFF, JOHN DARJEAN:
    Mr. Jimmy M. Negem
    NEGEM & WORTHINGTON
    1828 ESE Loop 323
    Suite R-1A
    Tyler, Texas 75701
    903.525.6333
    jimmy@negemlaw.com
FOR THE DEFENDANT, DEION SANDERS:
    Mr. Larry R. Boyd
    Mr. Charles J. Crawford
    ABERNATHY, ROEDER, BOYD & HULLETT, PC
    1700 Redbud Boulevard
    Suite 300
    McKinney, Texas 75069
    214.544.4000
    lboyd@abernathy-law.com
    ccrawford@abernathy-law.com
FOR THE DEFENDANT, SHILO SANDERS:
    Mr. Mark A. Walsh
    SAUNDERS, WALSH & BEARD
    6850 TPC Drive
    Suite 210
    McKinney, Texas 75070
    214.919.3555
    mark@saunderswalsh.com
FOR THE THIRD-PARTY DEFENDANTS, FOCUS LEARNING ACADEMY
AND LEROY McCLURE:
    Ms. Michelle S. Sortor
    Ms. Glynis L. Zavarelli
    WENTZ & ZAVARELLI, LLP
    Urban Towers
    222 West Las Colinas Boulevard
    Suite 1900N
    Irving, Texas 75039
    469.665.9100
    msortor@wandzlaw.com
    gzavarelli@wendzlaw.com
```

71

```
          APPEARANCES (continued)
FOR THE INTERVENOR, UTICA MUTUAL INSURANCE CO.:
    Mr. Robert C. Turner
    THE SILVERA FIRM
    17070 Dallas Parkway
    Suite 100
    Dallas, Texas 75248
    972.715.1750
    robertturner@silveralaw.com
ALSO PRESENT:
    The Honorable Marty Lowy
    BURDIN MEDIATIONS
    4514 Cole Avenue
    Suite 1450
    Dallas, Texas 75205-4181
    214.528.1411
    marty@burdin-adr.com
```

72

```
                   INDEX
Appearances .......................70
JOHN DARJEAN
    Examination by Mr. Boyd ............76
    Examination by Mr. Walsh.........198
    Examination by Ms. Sortor ..........284
    Examination by Mr. Negem ..........287
Signature and Changes................298
Reporter's Certificate ...............300
              EXHIBITS
EXHIBIT
NUMBER                      MARKED/IDENTIFIED

7 -- Defendant Deion Sanders' Second Amended
    Notice of Intent to Take the Oral
    Deposition of John Darjean        75/76

8 -- Mr. Darjean's Letter of Resignation Dated
    2.3.16                            80/80
9 -- Plaintiff's Second Amended Petition    95/96
10 -- Plaintiff's Responses to Defendant's First
    Set of Request for Production to
    Plaintiff                         110/110
11 -- Letter to IRS from Mr. Boyd Dated 6.23.17
    with Attached Request for Copy of Tax
    Return Form                      118/119
12 -- RAIVS Third Party Reject Notification  119/119
13 -- Plaintiff's Responses to Defendant's First
    Set of Interrogatories to Plaintiff   121/121

14 -- Excerpt from Focus Academies 2016-2017
    Staff Handbook                   162/162
15 -- Photographs, Pages 1 Through 14      168/168
```

**MOTION FOR LEAVE PAGE 21**

73

1      EXHIBITS (continued)
2  16 -- Statement by Rodney Richardson, Jr.      184/184
3  17 -- Statement by Coach D. Rodman            184/184
4  18 -- Statement by Edward Harrison            185/186
5  19 -- Statement by Devuntrae Bookman          186/186
6  20 -- Statement by Kendreon Phifer            186/186
7  21 -- Statement by Christopher Tyson          187/187
8  22 -- Statement by Derrick            187/187
9  23 -- Statement by MD Douglas            188/188
10  24 -- Statement by Ruda Nash            188/188
11  25 -- Statement by Andre Hart            189/189
12  26 -- Statement by Coach Shields            190/190
13  27 -- Statement by Mr. Darjean            190/190
14  28 -- Letter to Mr. Darjean from Mr. McClure
        Dated 9.22.15 In Re Findings and
15      Disposition Re: Investigation into Policy
        Violation            193/193
16
   29 -- Defendant and Counter-Plaintiff Shilo
17      Sanders' Requests for Production to
        Plaintiff and Counter-Defendant John
18      Darjean            273/273
19  30 -- Defendant and Counter-Plaintiff Shilo
        Sanders' Interrogatories to Plaintiff
20      and Counter-Defendant John Darjean      274/274
21      REQUESTED INFORMATION
22  No. 1 - Page 99, Line 10
   No. 2 - Page 100, Line 12
23  No. 3 - Page 101, Line 16
   No. 4 - Page 102, Line 6
24  No. 5 - Page 102, Line 21
25

75

1  taking of the deposition.
2      The record reflects that Mr. Boyd has
3  previously questioned this witness for an hour and 21
4  minutes. There are four hours and 39 minutes
5  remaining. So hopefully, we will be able to complete
6  the deposition in less time than that.
7      If we get to that point and lawyers
8  still have questions, I will try to make a
9  determination as to whether, you know -- the judge's
10  order basically simply states that each deposition will
11  be limited to six hours. The rule, of course, provides
12  that it's six hours per side.
13      As I stated yesterday, I'm not sure that
14  I want to try to determine who's on which side in this
15  case. But if we find that we've used up the remaining
16  four hours and 39 minutes and there are lawyers who
17  still have questions, we'll deal with that as -- when
18  it comes up. And that's all I have to say at this
19  time.
20      So, Mr. Boyd, you may proceed.
21      MR. BOYD: Thank you, Your Honor.
22      (Witness cautioned and sworn.)
23      MR. BOYD: Would you mark that as
24  Exhibit 7, please?
25      (Exhibit Number 7 marked.)

74

1          PROCEEDINGS
2      (January 11, 2018, at 9:43 a.m.)
3      JUDGE LOWY: My name is Martin Lowy.
4  I'm the former judge in the 101st district court, and
5  I've been appointed by Judge Jim Jordan to be Special
6  Master for this deposition as well as the deposition of
7  Mr. Sanders that we took yesterday.
8      I just want to reiterate very briefly
9  what the judge has ordered. As in any deposition,
10  objections as to form of question or the responsiveness
11  of an answer may be stated and preserved on the record
12  at the deposition. It is not my function to rule on
13  those today. Those will be ruled on by the Court if
14  necessary at such time as the testimony may be offered
15  in evidence.
16      It is my function to deal with any
17  objections or instructions not to answer based on
18  relevance, and I will do so. I will reserve the right,
19  if it appears necessary and appropriate, to hear
20  testimony from the witness outside the presence of
21  anyone other than the witness and his counsel, myself,
22  and the court reporter so that I can determine whether
23  an objection should be sustained or overruled.
24      But beyond that, my desire is to have to
25  involve myself as little as possible in the actual

76

1          JOHN DARJEAN,
2  having been cautioned and sworn, testified as follows:
3          EXAMINATION
4  BY MR. BOYD:
5      Q. Mr. Darjean, I'm going to hand you what's
6  been marked as Deposition Exhibit Number 7 --
7      A. Okay.
8      Q. -- since we had -- in your prior deposition,
9  we had six exhibits introduced. Do you understand that
10  this is the continuation of the deposition that was
11  begun on July 7, 2017?
12      A. Yes, sir, I do.
13      Q. And do you understand that I have renoticed
14  this deposition for today in accordance with the
15  Court's prior order?
16      A. Yes, sir.
17      Q. And have you seen that notice before today?
18      A. No, sir.
19      Q. Okay. Mr. Darjean, before we got on the
20  record, your counsel was explaining to Judge Lowy that
21  you have -- for your medical conditions, have taken
22  some medication today. Could you simply tell us what
23  medications you have taken so that we understand what
24  the issues are with regard to that?
25      A. Tylenol with codeine. That's for pain.

125

1    A. Okay. Okay. Yes, sir, yes, sir.
2    Q. All right. Let's go to Number 2. If you
3 would, read that one to yourself. And then I'll ask
4 you some questions about it.
5    A. Yes.
6        MR. NEGEM: Let him ask the question.
7        THE WITNESS: Okay.
8    Q. (BY MR. BOYD) Is the answer to Interrogatory
9 Number 2 true and correct?
10   A. Yes, to the best of my knowledge. Maybe --
11 Sunshine Youth Academy, it may have been a year before
12 that, but it's right around there.
13   Q. All right, sir. Let's take a look. And
14 based on your prior testimony, you've indicated that
15 you were working at Focus Learning beginning in 2013.
16 And you resigned from there in 2016; is that accurate?
17   A. That's correct, yes.
18   Q. So rather than being the date of the answer
19 to the interrogatory, that date should have been 2016;
20 is that accurate?
21   A. That's correct, yes, sir.
22   Q. Now, the next one is Faith Work. It
23 indicates that the date of employment was 2013 through
24 the date of the answers to the interrogatory; is that
25 accurate?

126

1    A. Okay. No, sir. That's Faith Works. My
2 foster care agency is Faith Works. The -- the place I
3 worked at is called Faith Family.
4    Q. All right. So it should be Faith Family
5 rather than Faith Works; is that correct?
6    A. Yes, sir, yes, sir.
7    Q. And what was the date that you actually
8 ceased working at that organization?
9    A. I don't know the exact date.
10   Q. Was it in 2015?
11   A. I'm sorry. I don't know. Maybe '14, '15,
12 somewhere around there.
13   Q. But not -- no later than 2015?
14   A. I don't know exactly. I'm sorry. But it --
15 it was not in 2015, and it was not 2014.
16   Q. So it was prior to that?
17   A. Yes, sir.
18   Q. Okay. So it's somewhere, say, in the latter
19 part of 2013. Would that be a more accurate answer?
20   A. Yes, yes, sir.
21   Q. All right. Let's go to the next one which is
22 White Star. It says you were employed by White Star
23 from 2013 to the date of the answer; is that accurate?
24   A. Yes, sir, uh-huh.
25   Q. Are you still employed by White Star?

127

1    A. No, sir.
2    Q. Well, when did you -- when were you employed
3 by White Star?
4    A. I was employed by White Star right after I
5 got my third -- my Level III, and I did part-time work.
6 I only probably worked once, maybe twice a week. And
7 it wasn't -- sometimes I would go a whole month without
8 working for White Star.
9    Q. So you received your Level III license. We
10 have a photograph of that attached to your production
11 request. It looks like you received it on April the
12 9th, 2015; is that accurate?
13   A. Yes, sir, uh-huh.
14   Q. And so should that answer then be --
15   A. Yes, this is around '14, '15. This is 2015,
16 2015.
17   Q. So for White Star, the answer should not be
18 2013 through the date of the answer. It should begin
19 in 2015; is that accurate?
20   A. '14, because when I was a Level II officer, I
21 think I did some work with White Star in '14.
22   Q. All right, sir. Well, the reason I'm asking
23 that is because that income does not appear on your
24 2014 tax return.
25   A. Okay.

128

1    Q. So you believe you worked for White Star in
2 2014?
3    A. I think I did.
4    Q. Do you have any idea how much money you made
5 in 2014 while working for White Star?
6    A. I don't know the exact amount.
7    Q. Do you have any estimate?
8    A. 1,500.
9    Q. All right, sir. Do you have any explanation
10 why that does not appear --
11   A. No, sir.
12   Q. -- on your tax return?
13   A. No, sir.
14   Q. Did you work for them in 2015?
15   A. Yes, I did.
16   Q. And how much did you make working for White
17 Star in 2015?
18   A. Around 1,500 to $2,000.
19   Q. All right. And what about 2016? Did you
20 work for White Star in 2016?
21   A. No, sir.
22   Q. So you would not have worked for White Star
23 later than December 31st, 2015; is that accurate?
24   A. I didn't work anywhere after September 17th
25 after the incident.

129

Q. All right. So up to September 17th, you
occasionally worked for White Star; is that accurate?
A. Say that again.
Q. You occasionally worked for White Star up to
September 17, 2015?
A. Yes, sir, uh-huh.
Q. Did you have any other -- well, first of all,
tell me what you did for White Star.
A. I was a private investigator.
Q. All right. Did you do that on a -- just a
time basis where you would bill them for your time?
A. Yes, sir, uh-huh.
Q. Do you have any idea in 2015 how much money
White Star paid you?
A. In '15, around probably two to $3,000 for the
whole year, year.
Q. Okay. Other than being a part-time employee
on an assignment basis with White Star, did you have
any other affiliation with White Star?
A. The owner of White Star is a part of my
lodge.
Q. I understand. I'm talking about the company.
A. Okay. No, sir, no, sir.
Q. So you had no other affiliation with the
company?

130

A. No, sir, huh-uh.
Q. And then the last one says between 2013 and
the date of the answers to the interrogatory, you were
employed by Darjean Fundamentals; is that accurate?
A. Yes, uh-huh.
Q. And describe for me what Darjean
Fundamentals --
A. Oh, Darjean Fundamentals, no. That's --
that's my brother.
Q. That is your brother?
A. Yeah. I help my brother out. I -- I
volunteer and help my brother out. I've never got a
check from my brother.
Q. So you've made no money at all from Darjean
Fundamentals?
A. No, sir, huh-uh.
MR. NEGEM: And I think DOA is -- my
legal assistant uses that as date of accident. Okay?
MR. BOYD: Okay.
MR. NEGEM: All right. But we'll
supplement that.
MR. BOYD: That's fine.
MR. NEGEM: Okay.
Q. (BY MR. BOYD) Mr. Darjean, other than what
you've listed for the answers currently to

131

Interrogatory Number 2, have you listed all of the
employers that you had from 2005, or that time frame,
through 2015?
A. Yes.
Q. Let's go to Interrogatory Number 3.
A. Okay.
Q. I'd just ask you to take a minute and read
the question and the answer, and then I'm going to ask
you some questions about it.
(Attorney/client confer sotto voce.)
MR. NEGEM: Just read it.
THE WITNESS: Okay.
A. Okay.
Q. (BY MR. BOYD) Mr. Darjean, you've indicated
in the first paragraph of your answer for Faith Works
that you were making approximately $3,000 per month; is
that accurate?
A. Well, what -- when I did this paperwork, this
is for -- this -- I was assuming this was for the -- my
lost wages that I would have got if I worked that whole
year. So Faith Works -- actually, that is -- that's
Faith Family. That should be Faith Family.
Q. All right. And tell me once again what you
did for Faith Family.
A. Faith Family, I was a security officer.

132

Q. All right. And were you making $3,000 per
month at Faith Family in 2015?
A. I think it was a little bit less than that,
yeah. Because at Focus, I made 30,000. It was less
than 30,000. It was a little bit less than 30,000.
Q. Can you give me an estimate today --
A. Maybe --
Q. -- of the amount of money you actually made
working at Faith Family in 2015?
A. With my -- with my stipend and everything, it
came to probably around 48,000 with -- with all the
money that I made, 48, 47,000.
Q. So that's -- that should appear on your 2015
tax return; is that accurate?
A. Yes, sir, uh-huh. But the stipend is not --
the stipend is not on your taxes.
Q. And how much is the stipend?
A. I don't remember the amount.
Q. The next answer regards White Star.
A. Uh-huh.
Q. It says you were making approximately $650
per week; is that accurate?
A. No, sir. That's -- that's what I would
receive if I stayed working there because -- because I
was going to be an employee for White Star.

133

MR. NEGEM: Tell him if any of this is
inaccurate. He has the right to know.

A. Yes, it's inaccurate.

MR. NEGEM: He has the right to recover
loss of wage-earning capacity, the capacity to earn,
not just lost wages. So I would -- these numbers may
be reflective of that, and he may not understand that.

MR. BOYD: All right. That's fine.

Q. (BY MR. BOYD) Mr. Darjean, how much money in
2015 did you actually make while working for White
Star?

A. I don't remember the amount. But I do know
that that's what I -- if I worked there, that's what I
would have made.

Q. But you indicated earlier in your deposition
testimony that you, in fact, in 2015 did work on a
part-time basis by assignment --

A. That's right.

Q. -- for White Star. How much money did you
make when you worked on assignment during 2015 for
White Star?

A. I don't remember the amount.

Q. Would that number appear in your 2015 federal
income tax return?

A. I don't remember if I put it in there.

134

Q. Do you believe that you did not report that
to the federal government?

A. I have no idea.

Q. If it does not appear in your 2015 tax
return, why would it not have appeared?

A. I don't know if it is or not.

Q. I'm not saying -- I said it does not, why
would it not have appeared?

A. I don't know.

Q. The next employer you list is Focus Learning
Academy.

A. Uh-huh.

Q. Now, we have -- we have your federal income
tax return for 2014. The amount of money that was
reported on that tax return for 2014, was that the same
amount of money that you would have made in 2015 had
you worked the entire year?

A. Yes, sir.

Q. Did you receive any raises?

A. Stipend.

Q. What kind of a stipend?

A. Baseball from Focus Learning Academy.

Q. What kind of a stipend did you receive? How
much?

A. Maybe six to $10,000, somewhere around there.

135

Q. All right. And would that number appear on
your 2014 tax return?

A. No, sir.

Q. Excuse me. Did you receive any kind of a
1099 or W-2 or anything reporting that income?

A. I don't -- I don't remember.

Q. All right. So if we go back and look at your
federal income tax return, it shows income for Focus.
Was that stipend a part of the $30,000 that's reported?

A. It was not, no.

Q. So why was that stipend not reported?

A. You would have to ask Faith -- I mean Focus
about that. I don't -- I don't know as far as why it's
not reported. You're talking about on my taxes?

Q. Yes, sir.

A. On my taxes, I was always told you don't have
to put a stipend on your -- on your taxes.

Q. And where did you receive that information?

A. Just like I don't have to receive a stipend
on my -- I don't have to claim the money that I receive
from my foster kids.

Q. All right. But that money is intended to
help you support those children, right?

A. That's correct, yes, uh-huh.

Q. But that's not the case with regard to the

136

earnings that you make at Focus Learning Academy, is
it?

A. No, it's not, no, sir.

Q. Now, Darjean Fundamentals is your brother's
company?

A. That's correct.

Q. And did you work for Darjean Fundamentals in
2014?

A. No, sir.

Q. In answering this question, were you
anticipating that you would work for Darjean
Fundamentals in 2015?

A. That's correct.

Q. Did you, in fact, do any work for Darjean
Fundamentals from January 1st, 2015, through September
17th, 2015?

A. No, sir.

Q. Let's go to Interrogatory Number 4,
Mr. Darjean.

A. Uh-huh.

Q. And I'd ask you to read the question and the
answer, and then I'll ask you some questions.

A. Okay.

Q. Is your answer to Interrogatory Number 4 true
and correct?

JOHN DARJEAN - 1.11.18

FILED
DALLAS COUNTY
4/2/20 10:05 AM
FELICIA PITRE
DISTRICT CLERK

```
 1               CAUSE NO. DC-16-07371

 2   JOHN DARJEAN,              )   IN THE DISTRICT COURT
                               )
 3        Plaintiff,           )
                               )
 4   VS.                       )   DALLAS COUNTY, TEXAS
                               )
 5   DEION SANDERS, PILAR SANDERS,)
     and SHILO SANDERS,         )
 6                             )
          Defendants.          )   160TH JUDICIAL DISTRICT
 7
                    REPORTER'S CERTIFICATE
 8              DEPOSITION OF JOHN DARJEAN
                    JANUARY 11, 2018
 9                      VOLUME 2

10        I, Stormy Jackson, Certified Shorthand Reporter in
     and for the State of Texas, hereby certify to the
11   following:

12        That the witness, JOHN DARJEAN, was duly sworn by
     the officer and that the transcript of the oral
13   deposition is a true record of the testimony given by
     the witness; .
14
          That the deposition transcript was submitted on
15   January 23rd, 2018, to the ___ witness /  X__ attorney
     for the witness for examination, signature, and return
16   to me by February 16th, 2018.

17        That the amount of time used by each party at the
     deposition is as follows:
18
          Mr. Jimmy M. Negem - 0 hours, 9 minutes
19        Mr. Larry R. Boyd - 2 hours, 37 minutes
          Mr. Mark A. Walsh - 1 hour, 28 minutes
20        Ms. Michelle S. Sortor - 0 hours, 2 minutes
          Mr. Robert Turner - 0 hours, 00 minutes
21
          That pursuant to information given to me at the
22   time said testimony was taken, the following includes
     counsel for all parties of record:
23
          Mr. Jimmy M. Negem, Attorney for Plaintiff,
24        John Darjean

25        Mr. Larry R. Boyd and Mr. Charles J. Crawford,
          Attorneys for Defendant, Deion Sanders
```

1      Mr. Mark A. Walsh, Attorney for Defendant,
          Shilo Sanders

2

3      Ms. Michelle Sortor and Ms. Glynis L. Zavarelli,
          Attorneys for Third-Party Defendants, Focus
          Learning Academy and Leroy McClure

4

5      Mr. Robert Turner, Attorney for Intervenor,
          Utica Mutual Insurance Co.

6      I further certify that I am neither counsel for,
   related to, nor employed by any of the parties or
7   attorneys in the action in which this proceeding was
   taken, and further that I am not financially or
8   otherwise interested in the outcome of this action.

9      Further certification requirements pursuant to
   Rule 203 of TRCP will be certified to after they have
10  occurred.

11      Certified to by me this 23rd day of January, 2018.

12

13

14                                         
                         STORMY JACKSON, TEXAS CSR NO. 7520
15                         Expiration Date  12.31.19
                         STORMY JACKSON REPORTING SERVICES
16                         Firm Registration No. 610
                         1518 Clear Creek Drive
17                         Allen, Texas  75002
                         214.491.0117
18                         stormyrpr@tx.rr.com

19

20

21

22

23

24

25

```
 1            FURTHER CERTIFICATION UNDER RULE 203 TRCP

 2          The original deposition:
                  ____ was returned to the deposition officer on
 3       _____, 2018;

 4                 _____ was not returned to the deposition officer;

 5          If returned, the attached Changes and Signature
         page contains any changes and the reasons therefor;
 6
            If returned, the original deposition was delivered
 7       to Mr. Larry R. Boyd, Custodial Attorney.

 8          That $1,286.85 are my charges to the attorney
         representing the Defendant, Deion Sanders, for
 9       preparing the original deposition transcript and any
         copies of exhibits;
10
            That the deposition was delivered in accordance
11       with Rule 203.3 and that a copy of this certificate was
         served on all parties shown herein and filed with the
12       Clerk.

13          Certified to by me this 2nd day of April,
         2018.
14

15

16

17                         STORMY JACKSON, TEXAS CSR NO. 7520
                           Expiration Date:  12.31.19
                           STORMY JACKSON REPORTING SERVICES
18                         Firm Registration No. 610
                           1518 Clear Creek Drive
19                         Allen, Texas  75002
                           214.491.0117
20                         stormyrpr@tx.rr.com

21

22

23

24

25
```

# EXHIBIT C

```
 1                        CAUSE NO. DC-16-07371

 2   JOHN DARJEAN,                    )  IN THE DISTRICT COURT
                                      )
 3          Plaintiff,                )
                                      )
 4   VS.                              )  160th JUDICIAL DISTRICT
                                      )
 5   DEION SANDERS, PILAR             )
     SANDERS, AND SHILO               )
 6   SANDERS,                         )
                                      )
 7          Defendants.               )  DALLAS COUNTY, TEXAS

 8

 9           ------------------------------------

10           ORAL AND VIDEOTAPED DEPOSITION OF

11                     LEROY MCCLURE

12                     JULY 11, 2017

13           ------------------------------------

14

15

16       ORAL AND VIDEOTAPED DEPOSITION OF LEROY MCCLURE,

17   produced as a witness at the instance of the PLAINTIFF,

18   and duly sworn, was taken in the above-styled and

19   numbered cause on July 11, 2017, from 10:04 a.m. to 5:37

20   p.m., before Jan Newman Carter, CSR in and for the State

21   of Texas, reported by machine shorthand, at the law

22   offices of Abernathy, Roeder, Boyd & Hullett, PC, 1700

23   Redbud Boulevard, Suite 300, McKinney, Texas, pursuant

24   to the Texas Rules of Civil Procedure and the provisions

25   stated on the record or attached hereto.
```

**MOTION FOR LEAVE PAGE 30**

```
1                    A P P E A R A N C E S

2    FOR THE PLAINTIFF:

3         JIMMY M. NEGEM
          NEGEM & WORTHINGTON, PC
4         1828 ESE LOOP 323, SUITE R-1A
          TYLER, TEXAS  75701
5         (903) 595-4466
          (903) 593-3266 FAX
6         jimmy@negemlaw.com

7
     FOR THE DEFENDANT,
8    DEION SANDERS:

9         LARRY R. BOYD
          CHARLES J. CRAWFORD
10        ABERNATHY, ROEDER, BOYD & HULLETT, PC
          1700 REDBUD BOULEVARD, SUITE 300
11        MCKINNEY, TEXAS  75070
          (214) 544-4000
12        (214) 544-4040 FAX
          lboyd@abernathy-law.com
13        ccrawford@abernathy-law.com

14
     FOR THE INTERVENOR,
15   UTICA NATIONAL INSURANCE COMPANY:

16        JOHN D. BELL
          THE SILVERA FIRM
17        17070 DALLAS PARKWAY, SUITE 100
          DALLAS, TEXAS  75248
18        (972) 715-1767
          jbell@silveralaw.com
19

20   FOR THE DEFENDANT,
     SHILO SANDERS:
21
          DANIEL CORREA
22        SAUNDERS, WALSH & BEARD
          6850 TPC DRIVE, SUITE 210
23        MCKINNEY, TEXAS  75070
          (214) 644-2056
24        (214) 615-9019 FAX
          daniel@saunderswalsh.com
25
```

```
 1    FOR THE WITNESS:

 2         DANA S. HAMILTON
           NORTHCUTT & HAMILTON
 3         100 E. MCDERMOTT DRIVE
           SUITE 30
 4         ALLEN, TEXAS   75002
           (972) 390-1608
 5         (972) 390-1685 FAX
           danashamiltonlaw@gmail.com
 6

 7
      ALSO PRESENT:
 8
           JOHN DARJEAN
 9         GUS PHILLIPS, VIDEOGRAPHER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Leroy McClure                                                                  4

1                              INDEX

2                                                          PAGE

3      Appearances...........................................  2

4
       LEROY MCCLURE
5
            Examination by Mr. Negem........................  6
6
            Examination by Ms. Hamilton....................161
7
            Examination by Mr. Correa......................170
8
            Examination by Mr. Boyd........................176
9
            Further Examination by Mr. Negem...............214
10
            Further Examination by Mr. Correa..............232
11

12     Signature and Changes................................238

13     Reporter's Certificate...............................240

14

15                             EXHIBITS

16     NO.        DESCRIPTION                          PAGE

17     Exhibit 1   Organizational Chart..................... 22

18     Exhibit 2   Enrollment Application................... 37

19     Exhibit 3   2014-15 Admission Form................... 45

20     Exhibit 4   DMAS Form................................ 48

21     Exhibit 5   Discipline Referral...................... 57

22     Exhibit 6   Discipline Referral...................... 62

23     Exhibit 7   Correspondence, 9/22/15.................. 76

24     Exhibit 8   Statement of Coach Shields.............. 82

25     Exhibit 9   CPS Report............................... 99

1    Exhibit 10   Correspondence, 9/21/15..................112

2    Exhibit 11   Correspondence...........................127

3    Exhibit 12   Policies and Procedures..................136

4    Exhibit 13   Police Report............................146

5    Exhibit 14   Social Media Piece.......................148

6    Exhibit 15   Student Discipline Report................151

7    Exhibit 16   School Emails............................153

8    Exhibit 17   Statements of Witnesses..................206

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S

 2                         July 11, 2017

 3                          10:04 a.m.

 4                 THE VIDEOGRAPHER:  We are now on the record

 5    for the videotaped deposition of Leroy McClure.  The

 6    time is 10:04 a.m., July 11th, 2017.  Will the court

 7    reporter please administer the oath.

 8                         LEROY MCCLURE,

 9    having been first duly sworn, testified as follows:

10                          EXAMINATION

11    BY MR. NEGEM:

12         Q.  Good morning, Mr. McClure, how are you doing

13    today?

14         A.  I'm doing great.  How are you doing, sir?

15         Q.  I'm doing good.  Mr. McClure, my name is Jimmy

16    Negem.  Would you give us your full name for the record,

17    please?

18         A.  Leroy McClure, Jr.

19         Q.  And where do you live, sir, and what is your

20    residence address?

21         A.  I live at 2300 West Morgan Road, Ovilla, Texas,

22    75154.

23         Q.  And where -- is Ovilla near or around Dallas?

24         A.  The same zip code as Red Oak.

25         Q.  I see.  And are you married, sir?
```

```
 1          A.   I don't remember.

 2          Q.   Okay.  But you were at the Ledbetter address

 3    somewhere.

 4          A.   Yes, sir.

 5          Q.   Now, is it your understanding that at the time

 6    Mr. Darjean had his altercation with Shilo Sanders he

 7    was an employee of FOCUS Academies?

 8          A.   Yes, sir.

 9          Q.   And was he employed as FOCUS Academies'

10    security officer for FOCUS Academies' schools?

11          A.   Yes, sir.

12          Q.   And he had been employed there for some time;

13    is that right?

14          A.   Yes, sir.

15          Q.   Do you recall without looking at his file as to

16    how long Mr. Darjean had worked at FOCUS Academies when

17    he started?  A year is sufficient with me.

18          A.   Rephrase the question.

19          Q.   Do you recall when Mr. Darjean started working

20    for FOCUS Academies?

21          A.   More than a year.

22          Q.   More than a year before the altercation with

23    Shilo Sanders?

24          A.   Yes.

25          Q.   That's what you're saying.
```

```
 1        A.   Yes.

 2        Q.   And would it be best for us to just look at his

 3   personnel file to get the accurate date Mr. Darjean was

 4   retained by FOCUS Academies?

 5        A.   Yes, sir.

 6        Q.   And was he an employee of FOCUS Academies on

 7   the date of this altercation, September 17th, 2015?

 8        A.   Yes, sir.

 9        Q.   Did he hold any other job title other than

10   security officer?

11        A.   Not that I recall.

12        Q.   At the time of the altercation between Mr.

13   Darjean and Shilo Sanders, was Shilo Sanders a student

14   at Triple A Academy?

15        A.   Yes, sir.

16        Q.   And he was in the 9th grade; is that right?

17        A.   I believe so.

18        Q.   Okay.  That's one of those things you may have

19   to refresh your recollection, but we'll get to that in a

20   minute.  What is your understanding as to where this

21   altercation took place on September 17th, 2015?

22        A.   In the small gym.

23        Q.   And as a security officer, did Mr. Darjean work

24   not only for FOCUS Learning Academy but also Triple A

25   Academy?
```

FILED
DALLAS COUNTY
10/12/2017 10:06 AM
FELICIA PITRE
DISTRICT CLERK

Leroy McClure

240

1              CAUSE NO. DC-16-07371

2   JOHN DARJEAN,                ) IN THE DISTRICT COURT
                                 )
3          Plaintiff,            )
                                 )
4   VS.                          ) 160th JUDICIAL DISTRICT
                                 )
5   DEION SANDERS, PILAR         )
    SANDERS, AND SHILO           )
6   SANDERS,                     )
                                 )
7          Defendants.           ) DALLAS COUNTY, TEXAS

8

               REPORTER'S CERTIFICATION
9              DEPOSITION OF LEROY MCCLURE
                    JULY 11, 2017

10

11       I, Jan Newman Carter, Certified Shorthand Reporter

12   in and for the State of Texas, hereby certify to the

13   following:

14       That the witness, LEROY MCCLURE, was duly sworn by

15   the officer and that the transcript of the oral

16   deposition is a true record of the testimony given by

17   the witness;

18       That the deposition transcript was submitted on

19   July 24,2017 to the witness or to the attorney for the

20   witness for examination, signature and return to me by

21   August 14,2017

22       That the amount of time used by each party at the

23   deposition is as follows:

24       JIMMY M. NEGEM - 04:04

25       LARRY R. BOYD - 01:08

**MOTION FOR LEAVE PAGE 38**

241

1       DANA HAMILTON - 00:13

2       JOHN D. BELL - 00:00

3       DANIEL CORREA - 00:32

4       That pursuant to information given to the

5   deposition officer at the time said testimony was taken,

6   the following includes counsel for all parties of

7   record:

8   FOR THE PLAINTIFF:

9       JIMMY M. NEGEM
        NEGEM & WORTHINGTON, PC
10      1828 ESE LOOP 323, SUITE R-1A
        TYLER, TEXAS   75701
11      (903) 595-4466

12  FOR THE DEFENDANT,
    DEION SANDERS:
13
        LARRY R. BOYD
14      CHARLES J. CRAWFORD
        ABERNATHY, ROEDER, BOYD & HULLETT, PC
15      1700 REDBUD BOULEVARD, SUITE 300
        MCKINNEY, TEXAS   75070
16      (214) 544-4000

17  FOR THE INTERVENOR,
    UTICA NATIONAL INSURANCE COMPANY:
18
        JOHN D. BELL
19      THE SILVERA FIRM
        17070 DALLAS PARKWAY, SUITE 100
20      DALLAS, TEXAS   75248
        (972) 715-1767
21
    FOR THE DEFENDANT,
22  SHILO SANDERS:

23      DANIEL CORREA
        SAUNDERS, WALSH & BEARD
24      6850 TPC DRIVE, SUITE 210
        MCKINNEY, TEXAS   75070
25      (214) 644-2056

Leroy McClure

242

1    I further certify that I am neither counsel for,

2  related to, nor employed by any of the parties or

3  attorneys in the action in which this proceeding was

4  taken, and further that I am not financially or

5  otherwise interested in the outcome of the action.

6    Further certification requirements pursuant to Rule

7  203 of TRCP will be certified to after they have

8  occurred.

9    Certified to by me this 20th day of July, 2017.

10

11

12

13

14

15

16

17

*Jan Newman Carter*

Jan Newman Carter, Texas CSR 6062
Expiration Date:  12/31/18
Lexitas
Firm Registration No. 793
Expiration Date:  12/31/17
100 E. Ferguson, Suite 900
Tyler, Texas  75702
(903) 593-3213

18

19

20

21

22

23

24

25

DepoTexas, Inc.

Leroy McClure

243

1    FURTHER CERTIFICATION UNDER RULE 203 TRCP
2    The original deposition was (was not returned) to the
3    deposition officer on _August 14, 2017_ ;
4    If returned, the attached Changes and Signature
5    page contains any changes and the reasons therefor;
6    If returned, the original deposition was delivered
7    to Jimmy M. Negem, Custodial Attorney;
8    That $_1,411.75_ is the deposition officer's
9    charges to the Plaintiff for preparing the original
10   deposition transcript and any copies of exhibits;
11   That the deposition was delivered in accordance
12   with Rule 203.3, and that a copy of this certificate was
13   served on all parties shown herein on and filed with the
14   Clerk.
15   Certified to by me this _12th_ day of
16   _October_ , 2017.
17
18
19   _Jan Newman Carter_
20   Jan Newman Carter, Texas CSR 6062
     Expiration Date:  12/31/18
     Lexitas
21   Firm Registration No. 793
     Expiration Date:  12/31/17
22   100 E. Ferguson, Suite 900
     Tyler, Texas  75702
23   (903) 593-3213
24
25

DepoTexas, Inc.

**MOTION FOR LEAVE PAGE 41**

Leroy McClure

238

1                      CHANGES AND SIGNATURE

2    WITNESS NAME:  LEROY MCCLURE        DATE:  JULY 11, 2017

3    PAGE LINE        CHANGE              REASON

4    _____

5    _____

6    _____

7    _____

8    _____

9    _____

10   _____

11   _____

12   _____

13   _____

14   _____

15   _____

16   _____

17   _____

18   _____

19   _____

20   _____

21   _____

22   _____

23   _____

24   _____

25   _____

Leroy McClure

239

1       I, LEROY MCCLURE, have read the foregoing
2  deposition and hereby affix my signature that same is
   true and correct, except as noted above.

3

4

5                    LEROY MCCLURE

6

7  THE STATE OF _____ )

8  COUNTY OF _____ )

9

10      Before me, _____, on this day
11  personally appeared LEROY MCCLURE, known to me (or
12  proved to me under oath or through
13  _____) [description of identity
14  card or other document] to be the person whose name is
15  subscribed to the foregoing instrument and acknowledged
16  to me that they executed the same for the purposes and
17  consideration therein expressed.
18      Given under my hand and seal of office this
19  _____ day of _____, _____.
20
21
22                    _____
                      NOTARY PUBLIC IN AND FOR
23                    THE STATE OF _____
                      COMMISSION EXPIRES: _____
24
25

DepoTexas, Inc.

# EXHIBIT D

John Lehman    9/21/2018

| | |
|---|---|
| 1 | CAUSE NO. DC-16-07371 |
| 2 | JOHN DARJEAN,                          ) IN THE DISTRICT COURT OF |
| 3 |          Plaintiff,                    ) |
| 4 | vs.                                    ) |
| 5 | DEION SANDERS AND SHILO                ) |
|   | SANDERS,                               ) |
| 6 |                                        ) |
|   |          Defendants,                   ) |
| 7 |                                        ) |
|   | SHILO SANDERS,                         ) |
| 8 |                                        ) |
|   |          Third-Party Plaintiff,       ) 160TH JUDICIAL DISTRICT |
| 9 |                                        ) |
|   | vs.                                    ) |
| 10 |                                        ) |
|   | LEROY McCLURE, JR. AND FOCUS          ) |
| 11 | LEARNING ACADEMY, INCORPORATED)        |
|   | D/B/A FOCUS LEARNING ACADEMY/ )        |
| 12 | TRIPLE A ACADEMY,                     ) |
|   |                                        ) |
| 13 |          Third-Party Defendants. ) DALLAS COUNTY, TEXAS |

14

15                  -----------------------------------

16                        ORAL DEPOSITION OF

17                     CORPORATE REPRESENTATIVE OF

18                    WHITE STAR CONSULTING, L.L.C.

19                            JOHN LEHMAN

20                          September 21, 2018

21                              Volume 1

22                  -----------------------------------

23

24

25

Stormy Jackson Reporting Services
stormyrpr@tx.rr.com

John Lehman    9/21/2018

```
 1              P R O C E E D I N G S
 2   CORPORATE REPRESENTATIVE OF WHITE STAR CONSULTING, L.L.C.
 3                    JOHN LEHMAN,
 4   having first been duly sworn, testified as follows:
 5                    EXAMINATION
 6   BY MR. BOYD:
 7        Q.   Sir, would you state your name.
 8        A.   John Raymond Lehman.
 9        Q.   And, Mr. Lehman, where do you live?
10        A.   I live in Celeste, Texas, at 4899 Private Road
11   1181.  Do you need a zip code?
12        Q.   Yes, sir, please.
13        A.   75423.
14        Q.   All right, sir.  And what is your contact
15   telephone number?
16        A.   (214) 597-9199.
17             (Exhibit Number 1 was marked.)
18        Q.   (BY MR. BOYD)  Mr. Lehman, I'm going to hand you
19   what's been marked by the court reporter as Deposition
20   Exhibit Number 1.  Have you seen that document prior to
21   today?
22        A.   This would have been the one that was sent to my
23   house a month ago, I think.
24             MR. NEGEM:  Do you want to compare it with
25   the one you have, so --
```

09:40 — line 10
09:40 — line 15
09:40 — line 20
09:41 — line 25

John Lehman    9/21/2018

02:01  1        Q.    In addition to a portion of what White Star
       2   billed Focus for sponsoring John, did John get paid an
       3   additional amount from Focus?
       4                MS. ZAVARELLI:  Objection; form.
02:01  5        A.    I believe that he did, but I have -- I don't
       6   have the fact on that.
       7        Q.    (BY MR. NEGEM)   Okay.
       8        A.    I believe Della probably does.
       9        Q.    Okay.   Okay.  Did John carry a gun while he
02:02 10   worked at Focus?
      11        A.    Not to my knowledge.
      12        Q.    Was John an employee of White Star Consulting,
      13   L.L.C. --
      14                (Sotto voce discussion between Mr. Boyd
02:02 15                 and Ms. Hahn.)
      16        Q.    (BY MR. NEGEM)  -- during the time that White
      17   Star Consulting, L.L.C., had contracted with Focus
      18   Learning Academy?
      19        A.    Yes, he was.
02:02 20                MR. WALSH:  Objection; form.
      21                THE REPORTER:  I'm sorry.  Wait a minute.
      22   Wait a minute.  Objected?
      23                MR. WALSH:  I objected.
      24                THE REPORTER:  Form?
02:02 25                MR. WALSH:  Yes.

MOTION FOR LEAVE PAGE 47

John Lehman    9/21/2018

| | | |
|---|---|---|
| 02:53 | 1 | Q.    And is the date, at the bottom of this |
| | 2 | particular document, also "March 21st of 2015," having |
| | 3 | been signed by Mr. Darjean on that date? |
| | 4 | A.    Yes, ma'am. |
| 02:54 | 5 | Q.    I think the next one that I tabbed is "Release |
| | 6 | and Waiver of Liability, Assumption of Risk, and |
| | 7 | Indemnity Agreement."  Do you see that? |
| | 8 | A.    Yes, ma'am. |
| | 9 | Q.    And is that something else that you had |
| 02:54 | 10 | Mr. Darjean sign on "March 21st of 2015"? |
| | 11 | A.    Yes, ma'am. |
| | 12 | Q.    Now, the last thing, it -- there should be the |
| | 13 | "Sexual Harassment Policy for White Star Consulting, |
| | 14 | L.L.C."  Do you see that document? |
| 02:54 | 15 | A.    Yes, ma'am. |
| | 16 | Q.    And it looks to be a three-page document with |
| | 17 | the third page providing a place to sign and date; is |
| | 18 | that correct? |
| | 19 | A.    Yes, ma'am. |
| 02:54 | 20 | Q.    And is Mr. Darjean's signature, again, showing |
| | 21 | up on that date as "March 21st of 2015"? |
| | 22 | A.    Yes, ma'am. |
| | 23 | Q.    Okay.  So all of these documents would suggest, |
| | 24 | Mr. Lehman, that in or around March 21st of 2015, |
| 02:54 | 25 | Mr. Darjean completed various types of employment |

**MOTION FOR LEAVE PAGE 48**

John Lehman    9/21/2018

| | | |
|---|---|---|
| 02:54 | 1 | documentation for White Star.  Is that accurate? |
| | 2 | MR. WALSH:  Objection; form. |
| | 3 | A.   Yes, ma'am. |
| | 4 | Q.   (BY MS. ZAVARELLI)  Oh, and White Star provided |
| 02:55 | 5 | him a W-4 to -- to fill out, so that they would know what |
| | 6 | withholdings to make on him and things like that? |
| | 7 | A.   Yes, ma'am. |
| | 8 | Q.   And in connection with his employment, you-all |
| | 9 | performed a background check on him, that your recall is |
| 02:55 | 10 | it came back crystal clear? |
| | 11 | A.   Yes, ma'am. |
| | 12 | Q.   And it's my understanding that thereafter, |
| | 13 | sometime after all these documents got signed and your |
| | 14 | background check came back, you then -- you then began to |
| 02:55 | 15 | assign Mr. Darjean to different assignments as a security |
| | 16 | officer and also sometimes as a PI? |
| | 17 | A.   Yes, ma'am.  That's correct. |
| | 18 | I don't recall specific assignments, but he |
| | 19 | was eligible to work with us in assignments as they would |
| 02:55 | 20 | come available. |
| | 21 | Q.   Right. |
| | 22 | And I think one of the things that |
| | 23 | Mr. Walsh showed to you, in the questioning of you, was |
| | 24 | the document that's entitled "Officer Pay Sheet."  Yes? |
| 02:56 | 25 | A.   Yes, ma'am. |

# EXHIBIT E

# Form W-4 (2015)

**Purpose.** Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay. Consider completing a new Form W-4 each year and when your personal or financial situation changes.

**Exemption from withholding.** If you are exempt, complete only lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2015 expires February 16, 2016. See Pub. 505, Tax Withholding and Estimated Tax.

**Note.** If another person can claim you as a dependent on his or her tax return, you cannot claim exemption from withholding if your income exceeds $1,050 and includes more than $350 of unearned income (for example, interest and dividends).

**Exceptions.** An employee may be able to claim exemption from withholding even if the employee is a dependent, if the employee:

• Is age 65 or older,

• Is blind, or

• Will claim adjustments to income; tax credits; or itemized deductions, on his or her tax return.

The exceptions do not apply to supplemental wages greater than $1,000,000.

**Basic instructions.** If you are not exempt, complete the **Personal Allowances Worksheet** below. The worksheets on page 2 further adjust your withholding allowances based on itemized deductions, certain credits, adjustments to income, or two-earners/multiple jobs situations.

Complete all worksheets that apply. However, you may claim fewer (or zero) allowances. For regular wages, withholding must be based on allowances you claimed and may not be a flat amount or percentage of wages.

**Head of household.** Generally, you can claim head of household filing status on your tax return only if you are unmarried and pay more than 50% of the costs of keeping up a home for yourself and your dependent(s) or other qualifying individuals. See Pub. 501, Exemptions, Standard Deduction, and Filing Information, for information.

**Tax credits.** You can take projected tax credits into account in figuring your allowable number of withholding allowances. Credits for child or dependent care expenses and the child tax credit may be claimed using the **Personal Allowances Worksheet** below. See Pub. 505 for information on converting your other credits into withholding allowances.

**Nonwage income.** If you have a large amount of nonwage income, such as interest or dividends, consider making estimated tax payments using Form 1040-ES, Estimated Tax for Individuals. Otherwise, you may owe additional tax. If you have a pension or annuity income, see Pub. 505 to find out if you should adjust your withholding on Form W-4 or W-4P.

**Two earners or multiple jobs.** If you have a working spouse or more than one job, figure the total number of allowances you are entitled to claim on all jobs using worksheets from only one Form W-4. Your withholding usually will be most accurate when all allowances are claimed on the Form W-4 for the highest paying job and zero allowances are claimed on the others. See Pub. 505 for details.

**Nonresident alien.** If you are a nonresident alien, see Notice 1392, Supplemental Form W-4 Instructions for Nonresident Aliens, before completing this form.

**Check your withholding.** After your Form W-4 takes effect, use Pub. 505 to see how the amount you are having withheld compares to your projected total tax for 2015. See Pub. 505, especially if your earnings exceed $130,000 (Single) or $180,000 (Married).

**Future developments.** Information about any future developments affecting Form W-4 (such as legislation enacted after we release it) will be posted at www.irs.gov/w4.

---

## Personal Allowances Worksheet (Keep for your records.)

**A**   Enter "1" for **yourself** if no one else can claim you as a dependent . . . . . . . . . . . . . . . . . **A**   _1_

**B**   Enter "1" if:
- You are single and have only one job; or
- You are married, have only one job, and your spouse does not work; or
- Your wages from a second job or your spouse's wages (or the total of both) are $1,500 or less.

      **B**   _____

**C**   Enter "1" for your **spouse.** But, you may choose to enter "-0-" if you are married and have either a working spouse or more than one job. (Entering "-0-" may help you avoid having too little tax withheld.) . . . . . . . . . . . . . . . . **C**   _____

**D**   Enter number of **dependents** (other than your spouse or yourself) you will claim on your tax return . . . . . . . **D**   _3_

**E**   Enter "1" if you will file as **head of household** on your tax return (see conditions under **Head of household** above) . . **E**   _____

**F**   Enter "1" if you have at least $2,000 of **child or dependent care expenses** for which you plan to claim a credit . . . **F**   _____

    (**Note.** Do **not** include child support payments. See Pub. 503, Child and Dependent Care Expenses, for details.)

**G**   **Child Tax Credit** (including additional child tax credit). See Pub. 972, Child Tax Credit, for more information.
- If your total income will be less than $65,000 ($100,000 if married), enter "2" for each eligible child; then **less** "1" if you have two to four eligible children or **less** "2" if you have five or more eligible children.
- If your total income will be between $65,000 and $84,000 ($100,000 and $119,000 if married), enter "1" for each eligible child . . . **G**   _____

**H**   Add lines A through G and enter total here. (**Note.** This may be different from the number of exemptions you claim on your tax return.) ▶ **H**   _____

For accuracy, complete all worksheets that apply.
- If you plan to **itemize** or **claim adjustments to income** and want to reduce your withholding, see the **Deductions and Adjustments Worksheet** on page 2.
- If you are **single** and have **more than one job** or are **married and you and your spouse both work** and the combined earnings from all jobs exceed $50,000 ($20,000 if married), see the **Two-Earners/Multiple Jobs Worksheet** on page 2 to avoid having too little tax withheld.
- If **neither** of the above situations applies, **stop here** and enter the number from line H on line 5 of Form W-4 below.

Separate here and give Form W-4 to your employer. Keep the top part for your records.

---

Form **W-4**
Department of the Treasury
Internal Revenue Service

## Employee's Withholding Allowance Certificate

▶ Whether you are entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS.

OMB No. 1545-0074

**2015**

**1**   Your first name and middle initial   _John D._   Last name   _Darjean_

    Home address (number and street or rural route)

**3**   ☑ Single   ☐ Married   ☐ Married, but withhold at higher Single rate.
    Note. If married, but legally separated, or spouse is a nonresident alien, check the "Single" box.

**4**   If your last name differs from that shown on your social security card, check here. You must call 1-800-772-1213 for a replacement card. ▶ ☐

**5**   Total number of allowances you are claiming (from line **H** above **or** from the applicable worksheet on page 2)   **5**   _____

**6**   Additional amount, if any, you want withheld from each paycheck . . . . . . . . . . . .   **6**   $ _____

**7**   I claim exemption from withholding for 2015, and I certify that I meet **both** of the following conditions for exemption.
- Last year I had a right to a refund of **all** federal income tax withheld because I had **no** tax liability, **and**
- This year I expect a refund of **all** federal income tax withheld because I expect to have **no** tax liability.
If you meet both conditions, write "Exempt" here . . . . . . . . . . . . . . . ▶ **7**

Under penalties of perjury, I declare that I have examined this certificate and, to the best of my knowledge and belief, it is true, correct, and complete.

**Employee's signature**
(This form is not valid unless you sign it.) ▶

Date ▶ _5|11|2015_

**8**   Employer's name and address (Employer: Complete lines 8 and 10 only if sending to the IRS.)   _White Star Consulting_   **9** Office code (optional)   **10** Employer identification number (EIN)

For Privacy Act and Paperwork Reduction Act Notice, see page 2.     Cat. No. 10220Q     Form **W-4** (2015)



## TEXAS EMPLOYER NEW HIRE REPORTING PROGRAM
### New Hire Reporting Form

- Please write all entries in CAPS  • All items **MUST** be completed unless noted with an *
- PRINT legibly in ink, or type all entries  • Further instructions are on reverse side

## EMPLOYER INFORMATION

| | |
|---|---|
| 1. Federal Employee Number (FEIN) | 2. State Employer ID Number * |
| 3. Employer's Name | WHITE STAR CONSULTING LLC |
| 4. Employer's Address | 1100 BUSINESS PARKWAY<br>SUITE 140 |
| 5. Employer's City | RICHARDSON    6. State TX X    7. ZIP Code 75010 811- |
| 8. Employer's Payroll Address (if different from above) * | |
| 9. Employer's Payroll City | RICHARDSON    10. State TX    11. ZIP Code 75081- |
| 12. Employer's Telephone (972) 479-9397 | 13. Employer's FAX ( ) - |
| 14. New Hire Contact Person* DELIA HARRIS | |

## EMPLOYEE INFORMATION

| | |
|---|---|
| 15. Social Security Number (SSN) | 16. First Day of Work (Mo/Day/Yr) *    Month 04    Day 01    Year (4 digits) 2015 |
| 17. Employee First Name | JOHN |
| 18. Employee Middle Name | |
| 19. Employee Last Name | DARJEAN |
| 20. Employee Home Address | |
| 21. Employee City | 22. State TX X |
| 24. Employee Foreign Address | |
| 25. City | 26. Country    27. Postal Code |
| 28. State Where Employee was hired* TX X | 29. Employee DOB (Mo/Day/Yr) |
| 30. Employee's Salary Dollars ($ and cents) | Cents   PART- TIME | 31. Salary (Check One) ☒ Hourly ☐ Weekly   ☐ Biweekly ☐ Semi-Monthly   ☐ Monthly ☐ Yearly |

*Optional

Submit within 20 calendar days of new employee's first day of work to
**ENHR Operations Center, P.O. Box 149224, Austin, Texas 78714-9224**
FAX: 1-800-732-5015, Phone: 1-800-850-6442
Online: http://employer.oag.state.tx.us

December 2005

ENHR RPT FORM

## Copy B - To Be Filed with Employee's FEDERAL Tax Return

2015 — OMB No. 1545-0008

a Employee's soc. sec. no.

| 1 Wages, tips, other comp. 1438.00 | 2 Federal income tax withheld |
| 3 Social security wages 1438.00 | 4 Social security tax withheld |

b Employer ID number (EIN)

| 5 Medicare wages and tips 1438.00 | 6 Medicare tax withheld |

c Employer's name, address, and ZIP code

WHITE STAR CONSULTING LLC
1100 BUSINESS PARKWAY SUITE 140
RICHARDSON TX 75081

d Control number

e Employee's name, address, and ZIP code

JOHN DARJEAN

| 7 Social security tips | 8 Allocated tips | 9 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory Employee N  14 Other | | 12b Code |
| Retirement Plan | | 12c Code |
| Third-Party sick pay N | | 12d Code |
| 15 State employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Dept. of the Treasury - IRS

Form W-2 Wage and Tax Statement
This information is being furnished to the Internal Revenue Service.

---

## Copy 2-To Be Filed With Employee's State, City, or Local Income Tax Return

2015 — OMB No. 1545-0008

a Employee's soc. sec. no.

| 1 Wages, tips, other comp. 1438.00 | 2 Federal income tax withheld |
| 3 Social security wages 1438.00 | 4 Social security tax withheld |

b Employer ID number (EIN)

| 5 Medicare wages and tips 1438.00 | 6 Medicare tax withheld |

c Employer's name, address, and ZIP code

WHITE STAR CONSULTING LLC
1100 BUSINESS PARKWAY SUITE 140
RICHARDSON TX 75081

d Control number

e Employee's name, address, and ZIP code

JOHN DARJEAN

| 7 Social security tips | 8 Allocated tips | 9 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory Employee N  14 Other | | 12b Code |
| Retirement Plan | | 12c Code |
| Third-Party sick pay N | | 12d Code |
| 15 State employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Dept. of the Treasury - IRS

---

## Copy C-For EMPLOYEE'S RECORDS (See Notice to Employee on back of Copy B.)

2015 — OMB No. 1545-0008

a Employee's soc. sec. no.

| 1 Wages, tips, other comp. 1438.00 | 2 Federal income tax withheld |
| 3 Social security wages 1438.00 | 4 Social security tax withheld |

b Employer ID number (EIN)

| 5 Medicare wages and tips 1438.00 | 6 Medicare tax withheld |

c Employer's name, address, and ZIP code

WHITE STAR CONSULTING LLC
1100 BUSINESS PARKWAY SUITE 140
RICHARDSON TX 75081

d Control number

e Employee's name, address, and ZIP code

JOHN DARJEAN

| 7 Social security tips | 8 Allocated tips | 9 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory Employee N  14 Other | | 12b Code |
| Retirement Plan | | 12c Code |
| Third-Party sick pay N | | 12d Code |
| 15 State employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Dept. of the Treasury - IRS

Form W-2 Wage and Tax Statement
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

---

## Copy 2-To Be Filed With Employee's State, City, or Local Income Tax Return

2015 — OMB No. 1545-0008

a Employee's soc. sec. no.

| 1 Wages, tips, other comp. 1438.00 | 2 Federal income tax withheld |
| 3 Social security wages 1438.00 | 4 Social security tax withheld |

b Employer ID number (EIN)

| 5 Medicare wages and tips 1438.00 | 6 Medicare tax withheld |

c Employer's name, address, and ZIP code

WHITE STAR CONSULTING LLC
1100 BUSINESS PARKWAY SUITE 140
RICHARDSON TX 75081

d Control number

e Employee's name, address, and ZIP code

JOHN DARJEAN

| 7 Social security tips | 8 Allocated tips | 9 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory Employee N  14 Other | | 12b Code |
| Retirement Plan | | 12c Code |
| Third-Party sick pay N | | 12d Code |
| 15 State employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Dept. of the Treasury - IRS

# EXHIBIT F

# WHITE STAR CONSULTING, LLC.

1100 Business Parkway, Suite 140, Richardson, TX 75081          214-597-9199
Texas Security Lic. C18606                          Texas Training School Lic. F01244

## OPPERATING AGREEMENT BETWEEN
### Focus Academy and White Star Consulting, LLC

This Operating Agreement for **FOCUS ACADEMY** (hereinafter "FA") **and White Star Consulting, LLC** (hereinafter "WSC"), both being Legal Entities organized under the laws of the State of Texas (herein collectively the "Parties"), is entered into and shall be effective as of the date indicated below by and between the Parties hereof.

## RECITALS

**WHERE AS**, FA and WSC desire that FA should retain WSC as:

1. A consultancy
2. An armed security officer provider

**NOW, THEREFORE**, in consideration of the mutual promises and covenants contained in this Agreement, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, FA and WSC hereby agree as follows:

## TERMS

1.1   FA and WSC as trademark and copyright protected and separate entities will maintain all rights to the ownership, possession and use of their respective emblems, trademarks, logos, patches, uniforms, marketing material, contracts, photographs, work product, samples, likenesses, voice and data product and any otherwise proprietary training or operations printed or electronic material.

1.2   FA, while retaining the services of WSC, agrees to abide by all rules, regulations, codes and laws of WSC, The Private Security Bureau and the municipalities and counties of Texas, State of Texas and the United States of America.

1.3   FA agrees to represent WSC as the legal provider of the license under which they are allowed to operate and further, that they will not represent themselves as a free standing licensed Security Company in the state of Texas during the life of this agreement or while in use of WSC's license.

1.4   FA will not use or otherwise distribute contracts, business cards, brochures, other marketing material, or letters or other correspondence or use electronic means of the same, to market or promote security services without the presence of the Texas Private Security Bureau issued license number "C18606" and the words "WSC Consulting, LLC" as a minimum, and in a clearly legible font. Ref: Sec. 1702.102., Sec. 1702.115. and Sec. 1702.131. "ADVERTISING". An advertisement by a license holder soliciting or advertising business must contain the license holder's company name and address as stated in board records.

RULE §35.37 "Information Shown in Advertisements", any advertisement by a licensee shall include:

(1) the company name and address as it appears in the records of the board; and

(2) the license number of the licensee as issued by the board.

Both parties agree, from the references above, that the Uniform used by FA employees will be the legally approved uniform of WSC, until FA obtains a TDPSPB approval as a licensed company.

# WHITE STAR CONSULTING, LLC.

1100 Business Parkway, Suite 140, Richardson, TX 75081            214-597-9199
Texas Security Lic. C18606                           Texas Training School Lic. F01244

1.5      **Employees:** The Parties hereby agree that employees provided by WSC for use on property controlled by FA, to satisfy the requirements of any new or existing client, will be registered and managed by WSC. WSC further agrees to facilitate the training of personnel and assist in the hiring and placement of personnel for FA with the understanding that the personnel assigned to FA will (if desired), remain in the employ of FA beyond the termination of this agreement. WSC agrees to allow its personnel to be employed by FA without separate agreement.

1.6      **Business Development:** The Parties hereby agree that any business developed for or on behalf of FA by WSC, or with the assistance of WSC, the work product will remain the property of FA. This paragraph shall survive the termination of this Agreement.

1.7      **Training:** WSC shall provide Level III armed security training as required by the State of Texas at a cost of $165.00 per student for the life of this agreement. Range fees, ammunition and other supplies will be the responsibility of the student.

1.8      **Duration of Agreement.** The Parties hereby agree that this Agreement shall have an initial term, and shall be in full force and effect from the date of execution of this Agreement, as shown below, to as needed.

1.9      **Services Provided by WSC:** The Parties hereby agree that WSC shall provide the following services to AS in consideration for the compensation described below:

1.9.1    WSC will remain a legally licensed and registered entity in Texas and pay all necessary fees to maintain itself as such.

1.9.2    WSC will provide management and regulatory consulting services to FA to assist in fulfilling the obligations of business services performed under this Agreement. Included in these consulting services will be the responsibility for WSC to facilitate FA in obtaining a security license for the business entity created by FA (Focus Academy.) for the purpose of providing security services. Providing the license required for security employees employed by FA shall be the responsibility of WSC, in a manner that is consistent with the Private Security Act & for the State of Texas. Additional services relative to physical security audits, project estimation, threat and risk assessments and mitigation, personal protection, investigations and separately contracted guard services will be provided under separate contract and are not subject to any actual or implied understanding listed within this agreement.

1.9.3    WSC shall obtain and maintain insurance to satisfy the requirements of any governmental authority regulating the business activities to be performed by WSC. FA agrees to pay any additional insurance premiums imposed on WSC for billable hours assigned to or generated by FA during the term of this agreement. FA understands that Insurance premiums are paid based on quarterly estimates of billable hours and that premiums paid through the end of a quarter are not refundable if this agreement expires or is terminated prior to the end of the quarter in which the agreement terminates.

1.9.4    WSC agrees to provide uniform shirts only, to FA for use on properties under FA management or control at a unit price of 25.00 dollars for each shirt. Each uniform must consist of:

1. A dark navy blue uniform shirt with the required labels of "Security," "White Star Consulting, LLC" and the last name of the employee.
2. Khaki pants in either a tactical or dress slacks design.
3. Black belt, black boots or shoes, black socks, and black accessories if needed.

MOTION FOR LEAVE PAGE 56

# WHITE STAR CONSULTING, LLC.

1100 Business Parkway, Suite 140, Richardson, TX 75081                    214-597-9199
Texas Security Lic. C18606                                Texas Training School Lic. F01244

1.10 **Consideration:** In consideration of consulting services under the conditions described herein, WSC shall be entitled to receive $600.00 (six hundred dollars.) FA agrees to compensate WSC within 15 days of invoice. WSC shall invoice FA bi-weekly for payroll, to include the monthly amount due, as well as any hard costs expended by WSC, including and limited to fees to the State of Texas for individual and company security licenses, renewals, and updates, relative to FA.

1.11 **Termination of Agreement:** Either party may cancel this agreement during the Duration of the Agreement as referenced in Section 1.7 contained herein, with or without cause, by providing a thirty (30) day written notice to the other party.

## ADDITIONAL CONDITIONS AND PROVISIONS

2.1 **Payroll:** WSC will pay the employees directly at a rate of $9.06 per hour and will $90.60 per week) while school is in session. Invoice for this service will be sent by-weekly on Monday mornings, payment is due within 7 days of invoice.

2.2 **Indemnification:** WSC will indemnify and hold FA harmless from, and will defend FA against, any and all loss, liability, damage, claims, demands, or suits and related costs and expenses to persons or property that arise, directly or indirectly, from his/her acts or omissions, or from the breach of any term or condition of this Agreement attributable to WCS or his/her agents.

2.3 **Record-Keeping and Books of Account:** Except as otherwise provided by law, WSC and its President and Chief Executive Officer shall maintain appropriate records, which are current and complete in accordance with generally accepted business practices and Texas Private Security Bureau regulations insofar as such records are applicable to the services performed by WSC. On the written request of a Member of FA, the President and CEO, or his or her authorized designee of WSC, shall provide to the requesting Member, or his or her authorized representative, reasonable access to inspect and copy Company records which are specifically relative to the Texas Department of Public Safety, Private Security Bureau recordkeeping requirements, and at the Member's expense.

2.4 **Entire Agreement and Severability:** This Agreement, and any other agreements expressly contemplated herein, constitutes the entire agreement and understanding of the Parties with respect to the subject matter hereof, and any other oral or written agreements or understandings are expressly revoked. The invalidity or unenforceability of any provision of this Agreement shall in no way affect the validity or enforceability of any other provision. In the event any provision of this Agreement becomes or is determined by a court of competent jurisdiction or arbitrator to be illegal, invalid, unenforceable, or void, that provision or portion of such provision, to the extent necessary, shall be severed from the Agreement, and such court or arbitrator shall replace the illegal, invalid, unenforceable, or void provision (or portion thereof) with a legal, valid, and enforceable provision that will achieve, to the fullest extent possible, the same business, economic, and other purposes as the replaced provision; and the balance of this Agreement shall be enforceable according to its terms.

# WHITE STAR CONSULTING, LLC.

1100 Business Parkway, Suite 140, Richardson, TX 75081          214-597-9199
Texas Security Lic. C18606          Texas Training School Lic. F01244

2.5 **Amendment and Waiver**: The Parties of this Agreement hereby agree that this Agreement may only be amended, modified, or revoked, and a new operating agreement may only be adopted in a writing signed by the Parties of this Agreement. The failure or delay on the part of a Party to this Agreement in exercising any rights, powers, or remedies for breach or default under this Agreement shall not impair such rights, powers, or remedies, nor operate as a waiver thereof. Any waiver of any breach or default under this Agreement shall be in writing and signed by the party against whom the waiver is asserted.

2.6 **Counterparts and Digital Execution**: This Agreement may be executed in any number of counterparts, each of which shall be enforceable against the parties actually executing such counterparts, and all of which together shall constitute one instrument. A digital or e-sign copy, facsimile, or other reproduction of this Agreement may be executed physically or electronically by any party, and may be delivered by facsimile, electronic mail, or any similar electronic transmission device pursuant to which the signature of the parties can be seen.

2.7 **Jurisdiction and Mandatory Arbitration of Disputes**: This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to any conflict or choice of law principles. In the event of any claim or dispute related to this Agreement, the Parties agree to submit any unresolved conflict or dispute to mandatory arbitration by one arbitrator in Collin County, Texas. In the event that no agreement can be reached within thirty days of notice of the dispute and request for arbitration, the Parties agree to accept an experienced arbitrator designated by the American Arbitration Association ("AAA") having specific experience in corporate and limited liability company disputes. The arbitration shall take place in Collin County, Texas, in accordance with AAA rules then in effect, and the findings, conclusions, award, or judgment of the arbitrator shall be binding on the parties; the award or judgment may be filed in any court having competent jurisdiction; and the parties irrevocably consent to the jurisdiction of the Collin County, Texas, state courts, or in the case of exclusive federal jurisdiction to the U.S. District Court for the Eastern District of Texas. The prevailing party or parties shall be entitled to recover its or their reasonable attorney fees and expenses in connection with the arbitration and any subsequent judicial proceeding.

2.8 **WAIVER OF JURY TRIAL**: THE PARTIES ACKNOWLEDGE AND AGREE THAT ANY CLAIM THAT MAY ARISE UNDER THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES, AND THEREFORE THE PARTIES IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY RIGHT TO A JURY TRIAL IN ANY ACTION DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS AGREEMENT. EACH OF THE PARTIES CERTIFIES AND ACKNOWLEDGES THAT (A) NO REPRESENTATIVE OF THE OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE SUCH WAIVER; (B) IT UNDERSTANDS AND HAS CONSIDERED THE IMPLICATIONS OF SUCH WAIVER; (C) IT MAKES SUCH WAIVER VOLUNTARILY; AND (D) IT HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVER AND CERTIFICATIONS CONTAINED IN THIS ARTICLE 2.8.

## WHITE STAR CONSULTING, LLC.

1100 Business Parkway, Suite 140, Richardson, TX 75081                     214-597-9199
Texas Security Lic. C18606                     Texas Training School Lic. F01244

2.9   **Governing Law:** This Operating Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to principles of conflicts of law.

2.9   **Exhibits:** As exhibits to this contract shall be:

Exhibit A- Current Certificate of General Liability and Workers Compensation Insurance for White Star Consulting, LLC, in the amount of $1 million for each

Exhibit B - Security License for WSC issued by the State of Texas Private Security Board

**IN WITNESS WHEREOF,** the undersigned Logan Garrett, Focus Academy on behalf of FA, hereby acknowledge and agree that the foregoing Agreement is adopted, approved, and ratified as of this 20th day of May, 2015.

Signature
~~Logan Garrett~~ *Leroy McClure Jr*
~~Focus Academy~~
*FOCUS Learning Academy, Inc.*

**IN WITNESS WHEREOF,** the undersigned John Lehman, Founder and CEO of White Star Consulting, LLC on behalf of WSC, hereby acknowledge and agree that the foregoing Agreement is adopted, approved, and ratified as of this   20   day of May, 2015.

Signature
John Lehman CEO, White Star Consulting, LLC.
1100 Business Parkway, Ste. 140
Richardson, TX 75081

# EXHIBIT G

October 7, 2015

**White Star Consulting, LLC**
**License # F01244 – School**
**License # C18606 - Company**
**John Lehman**
1100 Business Parkway
Ste. 140
Richardson, TX 75081

Invoice #219



To:
Focus Academy
2524 W Ledbetter Dr,
Dallas, TX 75237

Attn:
Logan Garrett

| Date | Description | Hours | Rate | Amount |
|------|-------------|-------|------|--------|
| 9/4/15 | Security Patrol for week for Focus Academy | 10 | 9.50 | 95.00 |
| 9/11/15 | Security Patrol for week for Focus Academy | 8 | 9.50 | 76.00 |
| 9/18/15 | Security Patrol for week for Focus Academy | 10 | 9.50 | 95.00 |
| | | | | |
| | | | | |
| | | | **Subtotal** | 266.00 |
| | | | **Sales Tax 8.25%** | 21.95 N/A |
| | | | **Total Due** | 287.95 |

**Please make checks payable to:** White Star Consulting, LLC.
Please mail checks to above address
Payment due within 14 days of invoice date

**THANK YOU FOR YOUR BUSINESS**

# EXHIBIT H

Cause No. DC-16-07371

| | | |
|---|---|---|
| JOHN DARJEAN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 160th JUDICIAL DISTRICT |
| DEION SANDERS, PILAR SANDERS, | § | |
| AND SHILO SANDERS, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT AND COUNTER-PLAINTIFF SHILO SANDERS' REQUESTS FOR PRODUCTION TO PLAINTIFF AND COUNTER-DEFENDANT JOHN DARJEAN

TO:   John Darjean, by and through his attorney of record, Jimmy M. Negem, NEGEM & WORTHINGTON, 1828 ESE Loop 323, Suite R-1A, Tyler, Texas 75701.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Counter-Plaintiff Shilo Sanders serves the following Requests for Production on Counter-Defendant John Darjean.

## DEFINITIONS

A.   "**Identify**" has different meanings when used in different contexts:

1.   "**Identify,**" when used about a person, means to state the person's full name, present or last known complete residential and business addresses and phone numbers, and the name of the person's current or last known employer, job title and responsibility. If the "Person" is an entity, please state the correct name of the entity, its principal office address and telephone number, and state the name of the natural person associated with such entity with whom most of your communications with such entity are made, as well as the name of the natural person

Counter-Plaintiff Shilo Sanders' Requests for Production

associated with such entity with whom you believe would have personal knowledge regarding the information of which inquiry is being made in the Request.

2.     "**Identify,**" when used about a document, means to state the author's name, the addressee's name, the date, the type of document (e.g. letter, chart, memo, etc.), the present or last known custodian of that document and his present location, a brief summary of the document's contents, and all other characteristics by which that document might be distinguished from any other document.

In identifying documents, it is not sufficient to only identify existing documents within your present possession, custody, or control. When responding to any of the following requests, you are fully to identify any and all documents which you know or suspect to have once existed, irrespective of that document's present existence and regardless of whoever had or presently has possession or control of that document.

3.     "**Identify,**" when used in connection with organizational units, shall mean to state the full name of the unit, its present business address and telephone number(s).

4.     "**Identify,**" when used in connection with communication, shall mean to describe any oral or written exchange of words, thoughts or ideas among two or more persons whether person to person, in group, by telephone, facsimile or any other process, electronic or otherwise. In describing communications, (i) identify all persons present when communication is spoken, heard, written or read, (ii) identify the form of communication (e.g., written, oral, in person, or by electronic means), (iii) state the date of the communication, and (iv) identify all documents that refer or relate to the communication.

**Counter-Plaintiff Shilo Sanders' Requests for Production**

B.      "**Person**" means and includes all natural persons, male or female, and all types and kinds of business or other entities, including, but not limited to, firms, corporations, business trust, partnerships, joint ventures, associations, sole proprietorships, or any other business entity of any nature or character, together with the partners, trustees, officers, directors, employees or agents thereof.

C.      "**Evidencing**" means tending to show, in any probative manner, the existence or nonexistence of any matter.

D.      The term "**documents**" shall mean all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the terms shall include:  affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books, brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; computer word processing, database, and spreadsheet files; contracts; corporate by-laws; corporate charters; correspondence; credit files and

**Counter-Plaintiff Shilo Sanders' Requests for Production**

contents; deeds of trust; deposit slips; diaries; drafts; electronic data; electronic mail; files; guaranty agreements; instructions; invoices; ledgers; journals; balance sheets, profit and loss statements, and other sources of financial data; letters, logs, notes, or memoranda of telephonic or face-to-face conversations; magnetic data; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports, safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conference, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.  Also, "Document" shall mean any written, printed, typed, recorded, or other graphic matter of any kind or nature, and all mechanical and electrical sound recordings and any transcripts, or formatted collection of data for business transaction purposes in the possession, custody, and/or control of your officers, directors, employees, servants, agents, and counsel, or known by you to exist; it shall also mean all copies of documents by whatever means made.

**Counter-Plaintiff Shilo Sanders' Requests for Production**

E.      "**Refer,**" "**relate**" or "**referring or relating to**" shall mean, in addition to its usual and customary meaning, discuss or discussing, refer or referring, reflect or reflecting, support or supporting, refute or refuting, address or addressing, and record or recording.

F.      "**Communication**" means any verbal, written or other transmittal of words, thoughts, ideas or images between or among persons or groups of persons, whether face-to-face, by letter, or by any other means.

G.      "**And/or**" shall be construed conjunctively and disjunctively so as to require the broadest possible response to the particular request.

H.      "**Focus Academies**" means Focus Learning Academy, Incorporated, D/B/A Focus Learning Academy / Triple A Academy.

## <u>REQUESTS FOR PRODUCTION</u>

1. Any and all written or recorded statements of Counter-Plaintiff Shiloh Sanders concerning the issues of this litigation, including any and all electronic mail, tape recordings, electrical or mechanical recordings or transcriptions of any type or nature of communications relating to the subject matter of this litigation.

2. Any and all correspondence, communication, letters, notes, oral communications and all other documents or writings sent to or received from or exchanged by and between You and Your agents, employees, medical providers, or representatives, exclusive of Your attorneys, concerning the subject matter of this lawsuit from and after September 17, 2015.

3. Copies of all reports of all expert witnesses who may be called to testify on Your behalf, as well as all documents, notations, compilations of data, or physical models, pertaining to the mental impressions and opinions held by such experts, and facts known to such experts which relate to, or form the basis of, the mental impressions and opinions held by such expert, as well as all written memoranda, notes and correspondence contained within the files of such experts.

4. Copies of any and all curriculum vitae or resumes, together with any other documents in Your possession pertaining to the credentials and qualifications of any and all experts You may call to testify.

**Counter-Plaintiff Shilo Sanders' Requests for Production**

5.  With regard to any expert used for consultation and who is not expected to be called to testify on Your behalf, the following material is requested to be produced, if the work product of any such expert was reviewed by any expert who may be called to testify on Your behalf:

    (a) Copies of the reports of such experts;

    (b) All documents, notations, compilations of data, factual observations, tests, measurements, evaluations, physical models, papers, drawings, graphs, charts, photographs and all tangible things pertaining to the mental impressions and opinions held by said expert;

    (c) The facts know to said expert which relate to, or form the basis of the mental impressions and opinions held by aforesaid experts;

    (d) Any written memoranda, notes and correspondence contained within the file of said expert.

6.  All documents which set forth the substance of the information provided to any expert witnesses by each person identified in response to these requests.

7.  Copies of all statements, invoices, bills or other documents containing information concerning any services rendered by any physician, hospital, clinic, rehabilitation center, laboratory, nurse practitioner, or other health care providers who have provided services in connection with the diagnosis or evaluation of or treatment for the spinal fusion in 2013 or 2014, which Plaintiff underwent to resolve a then-existing condition.

8.  Copies of all narrative reports that have been made by any physicians who have examined and evaluated Plaintiff for the alleged injuries which created the need for the 2013 or 2014 surgery on his spine.

9.  Copies of all W-2 forms, K-1 forms, 1099 Forms, or other wage or income data of Plaintiff and Counter-Defendant John Darjean for (a) the five (5) years immediately preceding the Incident made the basis of this suit; and (b) from the date of the Incident made the basis of this suit to the present.

10. Copies of all photographs, printed or digital, relevant to the Incident made the basis of this suit, including, but not limited to, photographs of Your injuries and the scene where the Incident alleged occurred.

11. Copies of all photographs, printed or digital, relevant to the Incident made the basis of this suit, including, but not limited to, photographs of Defendant and Counter-Plaintiff Shiloh Sanders' injuries and the scene where the Incident alleged occurred.

---

**Counter-Plaintiff Shilo Sanders' Requests for Production**

12. Copies of any and all statements previously made by any person with knowledge of relevant facts, including, but not limited to, any written statements of witnesses signed or otherwise adopted by the person making it, and any stenographic, mechanical, electric, or other type of recording of a witness' oral statement.

13. Copies of all surveillance tapes of the Incident.

14. Copies of any reports, investigations, or documents from any governmental agency, or other entity, person, or public or private organization prepared in connection with the Incident or relating to the injuries allegedly sustained by the Plaintiff as alleged in the Petition and the injuries sustained by Defendant and Counter-Plaintiff Shiloh Sanders as stated in his Counter-Claim.

15. Copies of all documents showing the places the Plaintiff has been employed as either a full-time or part-time employee or an independent contractor since the date of his resignation from Focus Learning Academy.

16. A copy of any license, commission, or certification issued to you under the Texas Private Investigators and Private Security Agencies Act or any provision of the Texas Occupations Code.

17. A copy of any license, commission, or certification issued to you to act as a security officer by the State of Texas.

18. A copy of any security officer or security officer training license, commission, or certification issued to you by any entity.

19. A copy of any license, commission, or certification issued to you which relates to youth development, working with youth, prevention and de-escalation involving minor children, identifying disabilities in minor children, and working with youth with disabilities.

20. A copy of all documents, including, but not limited to, transcripts, syllabi, assignments, tests, graded papers or assignments, course offerings, provided to you for any course you enrolled in and any coursework completed related to certification for your job as a security guard at Focus Learning Academy.

21. A copy of all documents, including, but not limited to, transcripts, syllabi, assignments, tests, graded papers or graded assignments, course offerings, provided to you for any course you enrolled in and any coursework completed related to your job as a security guard at Focus Learning Academy.

22. A copy of all documents, including, but not limited to, transcripts, syllabi, assignments, tests, graded papers or assignments, course offerings, provided to you for any course you

**Counter-Plaintiff Shilo Sanders' Requests for Production**

enrolled in and any coursework completed related to youth development, working with youth, and/or prevention and de-escalation involving minor children.

23. A copy of all documents, including, but not limited to, transcripts, syllabi, assignments, tests, graded papers or assignments, course offerings, provided to you for any course you enrolled in and any coursework completed related to working with youth with disabilities, including identifying disabilities in minor children.

24. A copy of all correspondence, including, but not limited to, emails, texts, instant messages, letters, memorandums, recorded conversations, between You and Leroy McClure, Jr. from September 17, 2015 to the end of your employment at Focus Academies which relate to the incident that forms the basis of this suit, including Focus Academies' investigation into the incident, and which relate to this suit and any counter-claims or third-party claims in this suit.

25. A copy of all correspondence, including, but not limited to, emails, texts, instant messages, letters, memorandums, recorded conversations, between You and Dana Hamilton from September 17, 2015 to the end of your employment with Focus Academies which relate to the incident that forms the basis of this suit, including Focus Academies' investigation into the incident.

26. A copy of all correspondence, including, but not limited to, emails, texts, instant messages, letters, memorandums, or recorded conversations, between You and any other employee of Focus Academies from September 17, 2015 to the end of your employment with Focus Academies which relate to the incident that forms the basis of this suit, including Focus Academies' investigation into the incident.

27. A copy of all documents related to each instance identified in response to Interrogatory No. 1 in which You physically restrained a minor child who was a student of Focus Academies.

28. A copy of all documents related to the training or classes provided to You by Focus Academies and identified by You in response to Interrogatory No. 4.

29. A copy of all documents related to the certification, class, or training identified by You in response to Interrogatory No. 5.

30. A copy of all documents supporting Your response to Interrogatory No. 6.

31. A copy of all documents supporting Your response to Interrogatory No. 7.

Respectfully submitted,

*w/p Daniel R. Correa*

---

**Counter-Plaintiff Shilo Sanders' Requests for Production**

LEWIS L. ISAACKS
Texas Bar #10430300
GAY, McCALL,
ISAACKS & ROBERTS, P.C.
777 East 15th Street
Plano, Texas 75074
Telephone: 972/424-8501
Telecopier: 972-422-9322
lisaacks@gmigr.com
**Attorney for Defendant Shiloh Sanders**


*/s/ Daniel R. Correa*

MARK A. WALSH
Texas Bar #24003135
DANIEL CORREA
Texas Bar #24077917
SAUNDERS, WALSH & BEARD
6850 TPC Drive, Suite 210
McKinney, Texas 75070
Telephone: 214/919-3555
Telecopier: 214-615-9019
mark@saunderswalsh.com
daniel@saunderswalsh.com
**Co-counsel for Defendant Shiloh Sanders**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served via electronic mail delivery on this the 27th day of September, 2017, pursuant to Texas Rules of Civil Procedure 21 and 21a to:

**Counter-Plaintiff Shilo Sanders' Requests for Production**

Jimmy M. Negem
Joe M. Worthington
NEGEM & WORTHINGTON
1828 ESE Loop 323, Suite R-1A,
Tyler, Texas 75701
Jimmy@NegemLaw.com
**Counsel for Plaintiff**

Robert C. Turner
THE SILVERA FIRM
17070 Dallas Parkway, Suite 100
Dallas, Texas 75248
robertturnor@silveralaw.com
**Counsel for Intervenor**

Larry R. Boyd
Charles J. Crawford
ABERNATHY, ROEDER, BOYD & HULLETT, P.C.
1700 Redbud Blvd., Suite 300
McKinney, Texas 75070
lboyd@abernathy-law.com
Counsel for Defendant Deion Sanders

*/s/ Daniel R. Correa*
_____
DANIEL R. CORREA

---

**Counter-Plaintiff Shilo Sanders' Requests for Production**

# EXHIBIT I



Craig Ranch Professional Plaza
6850 TPC Drive, Suite 210
McKinney, Texas 75070
(214) 919-3555
Direct (214) 644-2052
E-Fax (214) 615-9019
www.saunderswalsh.com

MARK A. WALSH                                                    Mark@SaundersWalsh.com

July 18, 2018

**VIA E-SERVICE**
Jimmy M. Negem
Joe M. Worthington
NEGEM &WORTHINGTON
1828 ESE Loop 323, Suite R-1A,
Tyler, Texas 75701

     Re:    *John Darjean v. Deion Sanders, et al.*; Cause No. DC-16-07371; 160th Judicial
             District Court of Dallas County, Texas

Dear Mr. Negem,

      I am following up on our repeated requests for your client's responses to Mr. Shilo Sanders'
Request for Production and Interrogatories ("Discovery Requests") served on your firm in
September 2017. After your client wholly failed to provide responses of any kind, Daniel Correa,
formerly with my office, sent you at least two emails requesting your client's responses. I have
discussed the matter with you on at least one previous occasion, requesting these responses.
However, you have yet to provide any responses.

      Now, we are on the eve of the deadline to supplement and amend our pleadings and near
the end of the discovery period. S*ee Third Agreed Scheduling Order (July 25, 2018 and September
24, 2018, respectively*). I fear your client may be withholding answers and production of
documents in an effort to hinder Shilo Sanders' ability to amend his pleadings before the deadline
and to thwart Shilo Sanders' in conducting additional discovery based on your client's responses.

      These tactics are especially disconcerting in that we are deposing a purported security
expert in early September and your client's responses could affect that witness' opinions of your
client's qualifications and actions on the day of the incident at issue in this case.

Jimmy M. Negem
July 18, 2018
Page 2 of 2

_____

       If we do not receive responses to Shilo Sanders' Discovery Requests by **Friday, July 27, 2018**, we will have no choice but to seek the Court's assistance in this matter. In addition to seeking attorney's fees, we will ask the Court to extend deadlines in this case, as well as for sanctions in the form of striking your client's pleadings and/or prohibiting your client from introducing evidence at trial or any hearing related to Shilo Sanders' Discovery Requests.  I sincerely hope that will not be necessary, but this failure to respond to proper discovery requests has left us with no other options.

       I look forward to your prompt attention to this matter.

                Very truly yours,

                Mark A. Walsh

MAW/cm

CC:    All Counsel of Record (via e-service)

# EXHIBIT J

CAUSE NO. **DC-16-07371**

| | | |
|---|---|---|
| JOHN DARJEAN | § | THE DISTRICT COURT |
| ***PLAINTIFF*** | § | |
| | § | |
| VS. | § | |
| | § | 160TH JUDICIAL DISTRICT |
| DEION SANDERS, PILAR SANDERS, AND | § | |
| SHILO SANDERS | § | |
| ***DEFENDANT*** | § | DALLAS COUNTY, TEXAS |

<u>**PLAINTIFF AND COUNTER-DEFENDANT, JOHN DARJEAN, RESPONSES TO DEFENDANT AND COUNTER-PLAINTIFF'S, SHILOH SANDERS, FIRST SET OF REQUEST FOR PRODUCTION TO COUNTER-DEFENDANT**</u>

TO:     Defendant and Counter-Plaintiff, Shiloh Sanders, by and through his attorneys of record, Lewis L. Isaacks, Gay McCall, Isaacks, and Roberts PC, 777 East 15th Street, Plano, Texas 75074 and Mark A. Walsh, Saunders, Walsh, and Beard, 6850 TPC Drive, Suite 210, McKinney, Texas 75070.

NOW COMES Plaintiff and Counter-Defendant, JOHN DARJEAN, in the above styled and numbered cause, by and through his attorneys of record and hereby submits his Responses to Defendant and Counter-Plaintiff, SHILOH SANDERS, Request for Production to Counter-Defendant.

Respectfully submitted,

*s/Jimmy M. Negem*

**Jimmy M. Negem**
State Bar No. 14865500
**Joe M. Worthington**
State Bar No. 22009950
Negem & Worthington
1828 ESE Loop 323
Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the above and foregoing instrument has been sent to all counsel of record via e-file on this 14th day of August, 2018.


_s/Jimmy M. Negem_
**Jimmy Negem**

## REQUESTS FOR PRODUCTION

1.      Any and all written or recorded statements of Counter-Plaintiff Shiloh Sanders concerning the issues of this litigation, including any and all electronic mail, tape recordings, electrical or mechanical recordings or transcriptions of any type or nature of communications relating to the subject matter of this litigation.

## RESPONSE:

Plaintiff objects to Request 1 to the extent that same requires the production of documents protected by the attorney – client privilege, work product privilege and investigative privilege. Further, objection is made due to the overly broad nature of said request. Subject to and without waiving said objection, Plaintiff states the following. To wit:

You are referred to the following documents.:

A.  The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and all exhibits attached thereto.
B.  The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all exhibits attached thereto.
C.  The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached thereto.
D.  The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached thereto.
E.  The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all exhibits attached thereto.
F.  All written statements previously produced in this case.
G.  The records from the Letote Juvenile Detention Center previously produced in this case and secured by deposition on written questions.
H.  All Medical records of Shilo Sanders previously produced in this case and secured by deposition on written questions.
I.  All Medical Bills of Shilo Sanders previously produced in this case and secured by deposition on written questions.
J.  All school records of Shilo Sanders previously produced in this case and secured by Deposition on written questions.
K.  All Text messages, Facebook post, Instagram posts, and any other social media posts previously produced in this case and secured by Deposition on Written Questions.
L.  All videos relating to and concerning the reality TV series concerning Deion's Family Playbook attached to this response on the applicable CD.
M.  All Child Protective Services/TDHS Reports regarding Shilo Sanders previously produced in this case and secured by Depositions on Written Questions.

2.      Any and all correspondence, communication, letters, notes, oral communications and all other documents or writings sent to or received from or exchanged by and between You and Your agents, employees, medical providers, or representatives, exclusive of Your attorneys, concerning the subject matter of this lawsuit from and after September 17, 2015.

**RESPONSE:**

Plaintiff objects to Request 2 to the extent that same requires the production of documents protected by the attorney – client privilege, work product privilege and investigative privilege. Further, objection is made due to the overly broad nature of said request. Subject to and without waiving said objection, Plaintiff states the following. To wit:

You are referred to the following documents:

A.  The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and all exhibits attached thereto.
B.  The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all exhibits attached thereto.
C.  The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached thereto.
D.  The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached thereto.
E.  The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all exhibits attached thereto.
F.  All written statements previously produced in this case.
G.  The records from the Letote Juvenile Detention Center previously produced in this case and secured by deposition on written questions.
H.  All Medical records of Shilo Sanders previously produced in this case and secured by deposition on written questions.
I.  All Medical Bills of Shilo Sanders previously produced in this case and secured by deposition on written questions.
J.  All school records of Shilo Sanders previously produced in this case and secured by Deposition on written questions.
K.  All Text messages, Facebook post, Instagram posts, and any other social media posts previously produced in this case and secured by Deposition on Written Questions.
L.  All videos relating to and concerning the reality TV series concerning Deion's Family Playbook attached to this response on the applicable CD.
M.  All Child Protective Services/TDHS Reports regarding Shilo Sanders previously produced in this case and secured by Depositions on Written Questions.

3.      Copies of all reports of all expert witnesses who may be called to testify on Your behalf, as well as all documents, notations, compilations of data, or physical models, pertaining to the mental impressions and opinions held by such experts, and facts known to such experts which relate to, or form the basis of, the mental impressions and opinions

held by such expert, as well as all written memoranda, notes and correspondence
contained within the files of such experts.

**RESPONSE:**

Request for Production 3 is an improper and unauthorized manner to obtain Expert
Witness Reports as well as the other documents pertaining to Expert Witnesses that have
been requested in this request. Subject to and without waiving said response, Plaintiff
states the following. To wit:

A. You are referred to Plaintiff's Designation of Experts served on all parties on May 2,
   2018 with all attachments thereto.
B. You are referred to Third – Party Defendants' Supplemental Responses to Request
   for Disclosure and Expert Witness Designation served on all parties on May 31,
   2018 with all attachments thereto.
C. Further, you are referred to Plaintiff's Responses to Request for Disclosures that
   specifically relate to Plaintiff's Expert Witnesses.
D. Further, you are referred to Third – Party Defendants' Responses to Request for
   Disclosures that specifically relate to Plaintiff's Expert Witnesses.
E. Further, you are referred to the Depositions and all exhibits attached there of
   Michael Phillips M.D., Nimesh Patel M.D., and Michael Lyman, Ph.D., if and when
   taken.
F. Further, you are referred to all Plaintiff's medical bills and records that have
   previously been produced in this case and that have been secured by Depositions on
   Written Questions.

4.      Copies of any and all curriculum vitae or resumes, together with any other
documents in Your possession pertaining to the credentials and qualifications of any and all
experts You may call to testify.

**RESPONSE:**

Request for Production 4 is an improper and unauthorized manner to obtain Expert
Witness Reports as well as the other documents pertaining to Expert Witnesses that have
been requested in this request. Subject to and without waiving said response, Plaintiff
states the following. To wit:

A. You are referred to Plaintiff's Designation of Experts served on all parties on May 2,
   2018 with all attachments thereto.
B. You are referred to Third – Party Defendants' Supplemental Responses to Request
   for Disclosure and Expert Witness Designation served on all parties on May 31,
   2018 with all attachments thereto.
C. Further, you are referred to Plaintiff's Responses to Request for Disclosures that
   specifically relate to Plaintiff's Expert Witnesses.
D. Further, you are referred to Third – Party Defendants' Responses to Request for
   Disclosures that specifically relate to Plaintiff's Expert Witnesses.
E. Further, you are referred to the Depositions and all exhibits attached there of

Michael Phillips M.D., Nimesh Patel M.D., and Michael Lyman, Ph.D., if and when taken.

F.  Further, you are referred to all Plaintiff's medical bills and records that have previously been produced in this case and that have been secured by Depositions on Written Questions.

5.      With regard to any expert used for consultation and who is not expected to be called to testify on Your behalf, the following material is requested to be produced, if the work product of any such expert was reviewed by any expert who may be called to testify on Your behalf:

(a)      Copies of the reports of such experts;

(b)      All documents, notations, compilations of data, factual observations, tests, measurements, evaluations, physical models, papers, drawings, graphs, charts, photographs and all tangible things pertaining to the mental impressions and opinions held by said expert;

(c)      The facts know to said expert which relate to, or form the basis of the mental impressions and opinions held by aforesaid experts;

(d)      Any written memoranda, notes and correspondence contained within the file of said expert.

**RESPONSE:**

Not applicable.

6.      All documents which set forth the substance of the information provided to any expert witnesses by each person identified in response to these requests.

**RESPONSE:**

Request for Production 6 is an improper and unauthorized manner to obtain Expert Witness Reports as well as the other documents pertaining to Expert Witnesses that have been requested in this request. Subject to and without waiving said response, Plaintiff states the following. To wit:

A.  You are referred to Plaintiff's Designation of Experts served on all parties on May 2, 2018 with all attachments thereto.
B.  You are referred to Third – Party Defendants' Supplemental Responses to Request for Disclosure and Expert Witness Designation served on all parties on May 31, 2018 with all attachments thereto.
C.  Further, you are referred to Plaintiff's Responses to Request for Disclosures that specifically relate to Plaintiff's Expert Witnesses.
D.  Further, you are referred to Third – Party Defendants' Responses to Request for

Disclosures that specifically relate to Plaintiff's Expert Witnesses.

E.   Further, you are referred to the Depositions and all exhibits attached there of Michael Phillips M.D., Nimesh Patel M.D., and Michael Lyman, Ph.D., if and when taken.

F.   Further, you are referred to all Plaintiff's medical bills and records that have previously been produced in this case and that have been secured by Depositions on Written Questions.

7.      Copies of all statements, invoices, bills or other documents containing information concerning any services rendered by any physician, hospital, clinic, rehabilitation center, laboratory, nurse practitioner, or other health care providers who have provided services in connection with the diagnosis or evaluation of or treatment for the spinal fusion in 2013 or 2014, which Plaintiff underwent to resolve a then-existing condition.

**RESPONSE:**

Plaintiff is not in possession of any of the requested documents other than Plaintiff's medical bills and records that have previously been produced in this case by any parties as well as documents that have been secured by Deposition on Written Questions by any party in this case. These documents have previously been produced or made available for production inspection. If you would like an additional copy, please contact the undersigned and one will be provided.

8.      Copies of all narrative reports that have been made by any physicians who have examined and evaluated Plaintiff for the alleged injuries which created the need for the 2013 or 2014 surgery on his spine.

**RESPONSE:**

Plaintiff is not in possession of any of the requested documents other than Plaintiff's medical bills and records that have previously been produced in this case by any parties as well as documents that have been secured by Deposition on Written Questions by any party in this case. These documents have previously been produced or made available for production inspection. If you would like an additional copy, please contact the undersigned and one will be provided.

9.      Copies of all W-2 forms, K-1 forms, 1099 Forms, or other wage or income data of Plaintiff and Counter-Defendant John Darjean for (a) the five (5) years immediately preceding the Incident made the basis of this suit; and (b) from the date of the Incident made the basis of this suit to the present.

**RESPONSE:**

You are referred to the tax returns previously produced to you in connection with this case. You are referred to any of my financial data previously produced that is contained within my personnel file.
You are referred to my deposition taken in this case.

You are referred to any documents produced by any parties in this case.

10.     Copies of all photographs, printed or digital, relevant to the Incident made the basis of this suit, including, but not limited to, photographs of Your injuries and the scene where the Incident alleged occurred.

**RESPONSE:**

Plaintiff objects to Request 10 to the extent that same requires the production of documents protected by the attorney – client privilege, work product privilege and investigative privilege. Further, objection is made due to the overly broad nature of said request. Subject to and without waiving said objection, Plaintiff states the following. To wit:

You are referred to the following documents.:

A.  The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and all exhibits attached thereto.
B.  The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all exhibits attached thereto.
C.  The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached thereto.
D.  The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached thereto.
E.  The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all exhibits attached thereto.
F.  All written statements previously produced in this case.
G.  The records from the Letote Juvenile Detention Center previously produced in this case and secured by deposition on written questions.
H.  All Medical records of Shilo Sanders previously produced in this case and secured by deposition on written questions.
I.  All Medical Bills of Shilo Sanders previously produced in this case and secured by deposition on written questions.
J.  All school records of Shilo Sanders previously produced in this case and secured by Deposition on written questions.
K.  All Text messages, Facebook post, Instagram posts, and any other social media posts previously produced in this case and secured by Deposition on Written Questions.
L.  All videos relating to and concerning the reality TV series concerning Deion's Family Playbook attached to this response on the applicable CD.
M.  All Child Protective Services/TDHS Reports regarding Shilo Sanders previously produced in this case and secured by Depositions on Written Questions.

11.     Copies of all photographs, printed or digital, relevant to the Incident made the basis of this suit, including, but not limited to, photographs of Defendant and Counter-Plaintiff Shiloh Sanders' injuries and the scene where the Incident alleged occurred.

**RESPONSE:**

Plaintiff objects to Request 11 to the extent that same requires the production of documents protected by the attorney – client privilege, work product privilege and investigative privilege. Further, objection is made due to the overly broad nature of said request. Subject to and without waiving said objection, Plaintiff states the following. To wit:

You are referred to the following documents.:

A. The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and all exhibits attached thereto.
B. The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all exhibits attached thereto.
C. The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached thereto.
D. The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached thereto.
E. The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all exhibits attached thereto.
F. All written statements previously produced in this case.
G. The records from the Letote Juvenile Detention Center previously produced in this case and secured by deposition on written questions.
H. All Medical records of Shilo Sanders previously produced in this case and secured by deposition on written questions.
I. All Medical Bills of Shilo Sanders previously produced in this case and secured by deposition on written questions.
J. All school records of Shilo Sanders previously produced in this case and secured by Deposition on written questions.
K. All Text messages, Facebook post, Instagram posts, and any other social media posts previously produced in this case and secured by Deposition on Written Questions.
L. All videos relating to and concerning the reality TV series concerning Deion's Family Playbook attached to this response on the applicable CD.
M. All Child Protective Services/TDHS Reports regarding Shilo Sanders previously produced in this case and secured by Depositions on Written Questions.

12. Copies of any and all statements previously made by any person with knowledge of relevant facts, including, but not limited to, any written statements of witnesses signed or otherwise adopted by the person making it, and any stenographic, mechanical, electric, or other type of recording of a witness' oral statement.

**RESPONSE:**

Plaintiff objects to Request 12 to the extent that same requires the production of

**MOTION FOR LEAVE PAGE 85**

documents protected by the attorney – client privilege, work product privilege and investigative privilege. Further, objection is made due to the overly broad nature of said request. Subject to and without waiving said objection, Plaintiff states the following. To wit:

You are referred to the following documents.:

   A. The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and all exhibits attached thereto.
   B. The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all exhibits attached thereto.
   C. The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached thereto.
   D. The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached thereto.
   E. The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all exhibits attached thereto.
   F. All written statements previously produced in this case.
   G. The records from the Letote Juvenile Detention Center previously produced in this case and secured by deposition on written questions.
   H. All Medical records of Shilo Sanders previously produced in this case and secured by deposition on written questions.
   I. All Medical Bills of Shilo Sanders previously produced in this case and secured by deposition on written questions.
   J. All school records of Shilo Sanders previously produced in this case and secured by Deposition on written questions.
   K. All Text messages, Facebook post, Instagram posts, and any other social media posts previously produced in this case and secured by Deposition on Written Questions.
   L. All videos relating to and concerning the reality TV series concerning Deion's Family Playbook attached to this response on the applicable CD.
   M. All Child Protective Services/TDHS Reports regarding Shilo Sanders previously produced in this case and secured by Depositions on Written Questions.

13.    Copies of all surveillance tapes of the Incident.

**RESPONSE:**

Plaintiff objects to Request 13 to the extent that same requires the production of documents protected by the attorney – client privilege, work product privilege and investigative privilege. Further, objection is made due to the overly broad nature of said request. Subject to and without waiving said objection, Plaintiff states the following. To wit:

You are referred to the following documents.:

   A. The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and all exhibits attached thereto.

B. The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all exhibits attached thereto.

C. The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached thereto.

D. The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached thereto.

E. The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all exhibits attached thereto.

F. All written statements previously produced in this case.

G. The records from the Letote Juvenile Detention Center previously produced in this case and secured by deposition on written questions.

H. All Medical records of Shilo Sanders previously produced in this case and secured by deposition on written questions.

I. All Medical Bills of Shilo Sanders previously produced in this case and secured by deposition on written questions.

J. All school records of Shilo Sanders previously produced in this case and secured by Deposition on written questions.

K. All Text messages, Facebook post, Instagram posts, and any other social media posts previously produced in this case and secured by Deposition on Written Questions.

L. All videos relating to and concerning the reality TV series concerning Deion's Family Playbook attached to this response on the applicable CD.

M. All Child Protective Services/TDHS Reports regarding Shilo Sanders previously produced in this case and secured by Depositions on Written Questions.

N. You are referred to all videos and photographs previously produced by any party in this case, including but not limited to the video of the incident in question.

14.     Copies of any reports, investigations, or documents from any governmental agency, or other entity, person, or public or private organization prepared in connection with the Incident or relating to the injuries allegedly sustained by the Plaintiff as alleged in the Petition and the injuries sustained by Defendant and Counter-Plaintiff Shiloh Sanders as stated in his Counter-Claim.

**RESPONSE:**

Plaintiff objects to Request 14 to the extent that same requires the production of documents protected by the attorney – client privilege, work product privilege and investigative privilege. Further, objection is made due to the overly broad nature of said request. Subject to and without waiving said objection, Plaintiff states the following. To wit:

You are referred to the following documents.:

A. The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and all exhibits attached thereto.

B. The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all exhibits attached thereto.

C.  The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached thereto.
D.  The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached thereto.
E.  The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all exhibits attached thereto.
F.  All written statements previously produced in this case.
G.  The records from the Letote Juvenile Detention Center previously produced in this case and secured by deposition on written questions.
H.  All Medical records of Shilo Sanders previously produced in this case and secured by deposition on written questions.
I.  All Medical Bills of Shilo Sanders previously produced in this case and secured by deposition on written questions.
J.  All school records of Shilo Sanders previously produced in this case and secured by Deposition on written questions.
K.  All Text messages, Facebook post, Instagram posts, and any other social media posts previously produced in this case and secured by Deposition on Written Questions.
L.  All videos relating to and concerning the reality TV series concerning Deion's Family Playbook attached to this response on the applicable CD.
M.  All Child Protective Services/TDHS Reports regarding Shilo Sanders previously produced in this case and secured by Depositions on Written Questions.
N.  You are referred to all videos and photographs previously produced by any party in this case, including but not limited to the video of the incident in question.

15.     Copies of all documents showing the places the Plaintiff has been employed as either a full-time or part-time employee or an independent contractor since the date of his resignation from Focus Learning Academy.

**RESPONSE:**

Not applicable.

16.     A copy of any license, commission, or certification issued to you under the Texas Private Investigators and Private Security Agencies Act or any provision of the Texas Occupations Code.

**RESPONSE:**

None, other than the documents previously produced to the other parties in this litigation, which you were copied on. Please also see the following. To wit:

A.  The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and all exhibits attached thereto.
B.  The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all exhibits attached thereto.

**MOTION FOR LEAVE PAGE 88**

C.   The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached thereto.

D.   The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached thereto.

E.   The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all exhibits attached thereto.

F.   All written statements previously produced in this case.

G.   The records from the Letote Juvenile Detention Center previously produced in this case and secured by deposition on written questions.

H.   All Medical records of Shilo Sanders previously produced in this case and secured by deposition on written questions.

I.   All Medical Bills of Shilo Sanders previously produced in this case and secured by deposition on written questions.

J.   All school records of Shilo Sanders previously produced in this case and secured by Deposition on written questions.

K.   All Text messages, Facebook post, Instagram posts, and any other social media posts previously produced in this case and secured by Deposition on Written Questions.

L.   All videos relating to and concerning the reality TV series concerning Deion's Family Playbook attached to this response on the applicable CD.

M.   All Child Protective Services/TDHS Reports regarding Shilo Sanders previously produced in this case and secured by Depositions on Written Questions.

N.   You are referred to all videos and photographs previously produced by any party in this case, including but not limited to the video of the incident in question.

O.   You are referred to Plaintiff's personnel file/employment file from FOCUS Learning Academy and the contents thereof produced in this case as well as the Whitestar Consulting Records previously produced in this case.

17.   A copy of any license, commission, or certification issued to you to act as a security officer by the State of Texas.

**RESPONSE:**

Please see Response to Request for Production 16.

18.   A copy of any security officer or security officer training license, commission, or certification issued to you by any entity.

**RESPONSE:**

Please see Response to Request for Production 16.

19.   A copy of any license, commission, or certification issued to you which relates to youth development, working with youth, prevention and de-escalation involving minor children, identifying disabilities in minor children, and working with youth with disabilities.

**RESPONSE:**

Please see Response to Request for Production 16.

20.    A copy of all documents, including, but not limited to, transcripts, syllabi, assignments, tests, graded papers or assignments, course offerings, provided to you for any course you enrolled in and any coursework completed related to certification for your job as a security guard at Focus Learning Academy.

**RESPONSE:**

Plaintiff is not in possession of any of the requested documents other than what has previously been produced.

21.    A copy of all documents, including, but not limited to, transcripts, syllabi, assignments, tests, graded papers or graded assignments, course offerings, provided to you for any course you enrolled in and any coursework completed related to your job as a security guard at Focus Learning Academy.

**RESPONSE:**

Plaintiff is not in possession of any of the requested documents other than what has previously been produced.

22.    A copy of all documents, including, but not limited to, transcripts, syllabi, assignments, tests, graded papers or assignments, course offerings, provided to you for any course you enrolled in and any coursework completed related to youth development, working with youth, and/or prevention and de-escalation involving minor children.

**RESPONSE:**

Plaintiff is not in possession of any of the requested documents other than what has previously been produced.

23.    A copy of all documents, including, but not limited to, transcripts, syllabi, assignments, tests, graded papers or assignments, course offerings, provided to you for any course you enrolled in and any coursework completed related to working with youth with disabilities, including identifying disabilities in minor children.

**RESPONSE:**

Plaintiff is not in possession of any of the requested documents other than what has previously been produced.

24.    A copy of all correspondence, including, but not limited to, emails, texts, instant messages, letters, memorandums, recorded conversations, between You and Leroy

McClure, Jr. from September 17, 2015 to the end of your employment at Focus Academies which relate to the incident that forms the basis of this suit, including Focus Academies' investigation into the incident, and which relate to this suit and any counter-claims or third-party claims in this suit.

**RESPONSE:**

Plaintiff objects to Request 24 to the extent that same requires the production of documents protected by the attorney – client privilege, work product privilege and investigative privilege. Further, objection is made due to the overly broad nature of said request. Subject to and without waiving said objection, Plaintiff states the following. To wit:

You are referred to the following documents.:

A.  The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and all exhibits attached thereto.
B.  The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all exhibits attached thereto.
C.  The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached thereto.
D.  The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached thereto.
E.  The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all exhibits attached thereto.
F.  All written statements previously produced in this case.
G.  The records from the Letote Juvenile Detention Center previously produced in this case and secured by deposition on written questions.
H.  All Medical records of Shilo Sanders previously produced in this case and secured by deposition on written questions.
I.  All Medical Bills of Shilo Sanders previously produced in this case and secured by deposition on written questions.
J.  All school records of Shilo Sanders previously produced in this case and secured by Deposition on written questions.
K.  All Text messages, Facebook post, Instagram posts, and any other social media posts previously produced in this case and secured by Deposition on Written Questions.
L.  All videos relating to and concerning the reality TV series concerning Deion's Family Playbook attached to this response on the applicable CD.
M.  All Child Protective Services/TDHS Reports regarding Shilo Sanders previously produced in this case and secured by Depositions on Written Questions.

25.    A copy of all correspondence, including, but not limited to, emails, texts, instant messages, letters, memorandums, recorded conversations, between You and Dana Hamilton from September 17, 2015 to the end of your employment with Focus Academies which relate to the incident that forms the basis of this suit, including Focus Academies' investigation into the incident.

**RESPONSE:**

Plaintiff objects to Request 25 to the extent that same requires the production of documents protected by the attorney – client privilege, work product privilege and investigative privilege. Further, objection is made due to the overly broad nature of said request. Subject to and without waiving said objection, Plaintiff states the following. To wit:

You are referred to the following documents.:

A.  The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and all exhibits attached thereto.
B.  The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all exhibits attached thereto.
C.  The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached thereto.
D.  The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached thereto.
E.  The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all exhibits attached thereto.
F.  All written statements previously produced in this case.
G.  The records from the Letote Juvenile Detention Center previously produced in this case and secured by deposition on written questions.
H.  All Medical records of Shilo Sanders previously produced in this case and secured by deposition on written questions.
I.  All Medical Bills of Shilo Sanders previously produced in this case and secured by deposition on written questions.
J.  All school records of Shilo Sanders previously produced in this case and secured by Deposition on written questions.
K.  All Text messages, Facebook post, Instagram posts, and any other social media posts previously produced in this case and secured by Deposition on Written Questions.
L.  All videos relating to and concerning the reality TV series concerning Deion's Family Playbook attached to this response on the applicable CD.
M.  All Child Protective Services/TDHS Reports regarding Shilo Sanders previously produced in this case and secured by Depositions on Written Questions.

26.    A copy of all correspondence, including, but not limited to, emails, texts, instant messages, letters, memorandums, or recorded conversations, between You and any other employee of Focus Academies from September 17, 2015 to the end of your employment

with Focus Academies which relate to the incident that forms the basis of this suit,
including Focus Academies' investigation into the incident.

**RESPONSE:**

Plaintiff objects to Request 26 to the extent that same requires the production of
documents protected by the attorney – client privilege, work product privilege and
investigative privilege. Further, objection is made due to the overly broad nature of said
request. Subject to and without waiving said objection, Plaintiff states the following. To wit:

You are referred to the following documents.:

    A.  The deposition of Shilo Sanders taken on February 9, 2018 and April 17, 2018 and
all exhibits attached thereto.

    B.  The deposition of Deion Sanders taken on July 7, 2017 and January 10, 2018 and all
exhibits attached thereto.

    C.  The deposition of Jordan Ham taken on August 22, 2017 and all exhibits attached
thereto.

    D.  The deposition of Leroy McClure taken on July 11, 2017 and all exhibits attached
thereto.

    E.  The deposition of John Darjean taken on July 7, 2017 and January 11, 2018 and all
exhibits attached thereto.

    F.  All written statements previously produced in this case.

    G.  The records from the Letote Juvenile Detention Center previously produced in this
case and secured by deposition on written questions.

    H.  All Medical records of Shilo Sanders previously produced in this case and secured by
deposition on written questions.

    I.  All Medical Bills of Shilo Sanders previously produced in this case and secured by
deposition on written questions.

    J.  All school records of Shilo Sanders previously produced in this case and secured by
Deposition on written questions.

    K.  All Text messages, Facebook post, Instagram posts, and any other social media posts
previously produced in this case and secured by Deposition on Written Questions.

    L.  All videos relating to and concerning the reality TV series concerning Deion's Family
Playbook attached to this response on the applicable CD.

    M.  All Child Protective Services/TDHS Reports regarding Shilo Sanders previously
produced in this case and secured by Depositions on Written Questions.

27.    A copy of all documents related to each instance identified in response to
Interrogatory No. 1 in which You physically restrained a minor child who was a student of
Focus Academies.

**RESPONSE:**

Other than documents previously produced to any party in this case which may be

responsive to this request, Plaintiff is not in possession of any of the requested documents.

28.      A copy of all documents related to the training or classes provided to You by Focus Academies and identified by You in response to Interrogatory No. 4.

**RESPONSE:**

Other than documents previously produced to any party in this case which may be responsive to this request, Plaintiff is not in possession of any of the requested documents.

29.      A copy of all documents related to the certification, class, or training identified by You in response to Interrogatory No. 5.

**RESPONSE:**

Other than documents previously produced to any party in this case which may be responsive to this request, Plaintiff is not in possession of any of the requested documents.

30.      A copy of all documents supporting Your response to Interrogatory No. 6.

**RESPONSE:**

Other than documents previously produced to any party in this case which may be responsive to this request, Plaintiff is not in possession of any of the requested documents.

31.      A copy of all documents supporting Your response to Interrogatory No. 7.

**RESPONSE:**

Other than documents previously produced to any party in this case which may be responsive to this request, Plaintiff is not in possession of any of the requested documents.

# EXHIBIT K



**Mark Walsh <mark@saunderswalsh.com>**

# DARJEAN CASE
2 messages

**Rachel Ferguson** <rachel@negemlaw.com>              Wed, Sep 12, 2018 at 12:04 PM
To: "Mark A. Walsh" <Mark@saunderswalsh.com>

Mark –

        Here is Plaintiff's Supplemental Answers to Discovery. Here is a Dropbox link for immediate access to the documents referenced. I am also placing a CD in the mail to your office today.

DROPBOX:

https://www.dropbox.com/sh/qrf7ih2xwhmbezx/AADHDnk6gHc2ptAyUKdRwzfDa?dl=0

Sincerely,

Rachel Ferguson

1828 ESE Loop 323

Suite R-1A

Tyler, Texas 75701

Telephone:  (903) 595-4466

Fax:        (903) 593-3266

Rachel@Negemlaw.com

*PLEASE MAKE NOTE OF OUR NEW ADDRESS! WE HAVE MOVED!*



**3 attachments**

📄 **PL AND COUNTER DEF J DARJEAN FIRST SUPP RESP TO DEF AND COUNTER DEF S SANDERS FIRS TSET OF ROGS.pdf**

**MOTION FOR LEAVE PAGE 96**

284K


**20180912 LTR TO COUNSEL ENC PL FIRST SUPP RESP TO DEF FIRST SET OF ROGS AND RFP.pdf**
27K


**PL AND COUNTER - DEF J DARJEAN FIRST SUPP RESP TO DEF AND COUNTER PL S SANDERS FIRST SET OF RFP.pdf**
667K

---

**Mark A. Walsh** <Mark@saunderswalsh.com>                    Wed, Sep 12, 2018 at 7:18 PM
To: "Larry R. Boyd" <lboyd@abernathy-law.com>
Cc: Shannon Kackley <shannon@saunderswalsh.com>, Lewis Isaacks <lewis@saunderswalsh.com>

Larry:

I received these today but was not sure if he served them on everyone.  Just making sure you have them.

Mark



Mark A. Walsh
Partner

O. 214.919.3555 | F. 214.615.9019 | Download vCard
**SAUNDERS, WALSH & BEARD**
**Craig Ranch Professional Plaza**
**6850 TPC Drive, Suite 210 McKinney, Texas 75070**

www.saunderswalsh.com

No eSignature & Confidentiality Disclaimer

[Quoted text hidden]

---

**3 attachments**


**PL AND COUNTER DEF J DARJEAN FIRST SUPP RESP TO DEF AND COUNTER DEF S SANDERS FIRS TSET OF ROGS.pdf**
284K


**20180912 LTR TO COUNSEL ENC PL FIRST SUPP RESP TO DEF FIRST SET OF ROGS AND RFP.pdf**
27K


**PL AND COUNTER - DEF J DARJEAN FIRST SUPP RESP TO DEF AND COUNTER PL S SANDERS FIRST SET OF RFP.pdf**
667K



# EXHIBIT L

Cause No. DC-16-07371

| | | |
|---|---|---|
| **JOHN DARJEAN** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| **vs.** | § | |
| | § | |
| **DEION SANDERS AND SHILO** | § | |
| **SANDERS** | § | |
| **Defendants,** | § | |
| | § | |
| **SHILO SANDERS** | § | |
| **Third-Party Plaintiff** | § | **160TH JUDICIAL DISTRICT** |
| | § | |
| **vs.** | § | |
| | § | |
| **LEROY McCLURE, Jr. ,** | § | |
| **FOCUS LEARNING ACADEMY,** | § | |
| **INCORPORATED D/B/A FOCUS** | § | |
| **LEARNING ACADEMY / TRIPLE** | § | |
| **A ACADEMY, AND WHITE STAR** | § | |
| **CONSULTING, LLC,** | § | |
| **Third-Party Defendants.** | § | **DALLAS COUNTY, TEXAS** |

---

**DEFENDANT SHILO SANDERS' FIFTH AMENDED ANSWER, FOURTH AMENDED
COUNTER-CLAIMS, AND FOURTH AMENDED THIRD-PARTY CLAIMS**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **COMES NOW** Shilo Sanders, Defendant, Counter-Plaintiff and Third-Party Plaintiff in

the above-entitled and numbered cause, and files this Fifth Amended Answer to Plaintiff's Second

Amended Original Petition, and any petition filed hereafter, files this Fourth Amended Counter-

Claims against Counter-Defendant John Darjean, and files this Fourth Amended Third-Party

Claims against Leroy McClure, Jr., Focus Learning Academy, Incorporated d/b/a Focus Learning

---

Academy/Triple A Academy ("Focus Learning Academy" or "FLA"), and White Star Consulting, LLC and would respectfully show the Court the following:

## I. GENERAL DENIAL

1.      Defendant generally denies each and every, all and singularly, the allegations set forth in Plaintiff's petition and demands strict proof thereof upon trial of this case.

## II. AFFIRMATIVE DEFENSES

2.      The following affirmative defense are each plead conjunctively and in the alternative:

3.      Plaintiff suffers from a pre-existing condition, or conditions, which is the basis for his alleged injuries in this matter.

4.      Plaintiff suffers from injuries he sustained after the incident with Defendant.

5.      Pleading alternatively, Defendant would show that if Plaintiff sustained any injuries or damages, such injuries or damages were caused solely or to a great degree by the negligent and otherwise unlawful acts and omissions of Plaintiff.

6.      Pursuant to section 33.001(a) of the Texas Civil Practice and Remedies Code and the laws of Texas, Defendant invokes the law and doctrine of comparative responsibility. Plaintiff may only recover damages if Plaintiff's percentage of responsibility is less than or equal to fifty percent (50%). If Plaintiff's percentage of responsibility is less than or equal to fifty percent (50%), Plaintiff may only recover from Defendants only a percentage of the damages equal to Defendant's percentage of responsibility.

7.       Pursuant to section 33.012 of the Texas Civil Practice and Remedies Code and the laws of Texas, Defendant specifically pleads that the Court should reduce the amount of damages

to be recovered by Plaintiff by a percentage equal to Plaintiff's, any other Defendants', each responsible Third-Party's, and each settling parties' percentage of responsibility.

8.      Pursuant to section 41.0105 of the Texas Civil Practice and Remedies Code, Defendant claims and asserts the right to have Plaintiff's recoveries of medical or health care expenses limited to the amount actually paid by or on behalf of the claimant.

9.      To the extent Plaintiff seeks to recover lost earnings or lost earning capacity, Defendant pleads, by way of affirmative defense, that all evidence of lost earnings or loss of earning capacity be submitted in the form of a net loss after reduction for income tax payments and unpaid tax liability.  Tex. Civ. Prac. & Rem. Code §18.0901.  Pleading further, Defendant requests that this Court instruct the jury as to whether any recovery is subject to federal or state income taxes. *id*.

10.     The actions of Plaintiff were a new, intervening and superseding cause of his alleged injuries, if any.

11.     The Plaintiff's injuries, if any, resulted from his initiation of a criminal assault on Shilo Sanders and the resulting actions, if any, of Shilo Sanders were to defend himself from Plaintiff's criminal assault and battery.

12.     Plaintiff had a duty to exercise ordinary care, which he failed to do, to look out for his own safety and to avoid injury from his own actions which constituted contributory negligence.

13.     Defendant is not and was not obligated to anticipate Plaintiff's negligence.

## II. COUNTER-CLAIMS AGAINST JOHN DARJEAN

### A.  COUNTER-CLAIM FACTS

14.      On September 17, 2015, at or about 12:00 p.m., FLA employee John Darjean assaulted and battered Shilo Sanders by choking him while slamming him into a wall and onto the ground.

Shilo, a student enrolled at FLA at the time, suffered physical injury as a result of Darjean's acts. FLA employed Darjean as a security officer and coach. The incident took place in the FLA gym foyer on FLA's campus.

15.     Darjean applied excessive force during an illegal attempt to physically confiscate Shilo's cell phone on September 17, 2015. Darjean pushed Shilo into the corner of the glass windows in the FLA gym foyer, choked Shilo with both hands, and slammed Shilo's head into the glass window before throwing him to the ground and landing on him.

## B.  JURISDICTION AND TEXAS RULE OF CIVIL PROCEDURE 47 STATEMENTS

16.     The damages sought herein are within the jurisdictional limits of the court. Shilo Sanders seeks monetary relief over $200,000 but not more than $1,000,000. Shilo also seeks a judgment for any and all other relief to which he may be deemed legally or equitably entitled.

## C.  TEXAS LAW AFFORDS NO IMMUNITY TO JOHN DARJEAN

17.     John Darjean is not entitled to immunity, pursuant to the statutory waiver of immunity found in Section 22.0511(a) of the Texas Education Code:

> (a)     A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, **except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students**.

Tex. Educ. Code § 22.0511(a) (emphasis added). John Darjean was a professional employee of FLA and is liable for his acts, using excessive force in the discipline of Shilo Sanders, or for his negligence which resulted in bodily injury to Shilo Sanders, an FLA student.

18.     Darjean's actions, as described above, constitute excessive force in the discipline of a child or negligence resulting in bodily injury to Shilo Sanders, a student of Focus Learning

Academy. Therefore, he falls under the statutory waiver of immunity in section 22.0511. Darjean has furthermore waived all rights to any immunity by first invoking this Honorable Court's jurisdiction by seeking affirmative relief.

19.     Based upon information and belief and pleading in the alternative, John Darjean had no legal authority to serve as a security guard at Focus Learning Academy and/or to lay hands on Shilo Sanders.  John Darjean lacked the necessary legal capacity to act as a security guard at the time of the event in question.

### D.  CAUSES OF ACTION

### COUNT 1: JOHN DARJEAN'S NEGLIGENCE RESULTING IN BODILY INJURY TO A STUDENT

20.     All paragraphs above are incorporated herein for all purposes.

21.     As a security guard and coach at Focus Learning Academy, John Darjean owed Shilo Sanders a duty and failed to:

   a.     Exercise reasonable care when interacting with a minor child;

   b.     Exercise reasonable care regarding the physical restraint of a minor child;

   c.     Exercise reasonable care in adhering to Focus Learning Academy's disciplinary procedure policies; and

   d.     Exercise reasonable care in adhering to Focus Learning Academy's corporal punishment policies.

   e.     Exercise reasonable care in the upkeep and maintenance of any required training, qualifications, certifications, practice, continuing education, licenses, or any other matter.

Through his failures as identified immediately above, John Darjean proximately caused Shilo Sanders the following harm:

   • Past and Future Physical Pain and Suffering;

---

- Past and Future Mental Anguish; and
- Past and Future physical impairment.

In addition, Shilo seeks exemplary damages for the gross negligence of John Darjean. Darjean's acts involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Shilo and other FLA students. Darjean was actually and subjectively aware of the risk but proceeded with conscious indifference to the rights, safety or welfare of Shilo Sanders and other students. Darjean used excessive force against Shilo Sanders when he threw Shilo Sanders against a glass window, body-slammed him to the ground, and choked him.

**COUNT 2: JOHN DARJEAN'S ASSAULT and BATTERY ON SHILO SANDERS**

22.     All paragraphs above are incorporated herein for all purposes.

23.     Darjean's actions, including choking and slamming Shilo into the wall then again slamming him to the ground, constitute assault and battery under Texas Law. Darjean's assault caused Shilo's damages as listed above.

**COUNT 3: PURSUANT TO 42 U.S.C. § 1983, JOHN DARJEAN'S DEPRIVATION OF SHILO SANDERS' RIGHTS WITHOUT DUE PROCESS, IN VIOLATION OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION**

24.     All paragraphs above are incorporated herein for all purposes.

25.     Shilo Sanders has been deprived of his right to be free from bodily restraint and from state-occasioned damage to his bodily integrity, which are both protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Darjean violated these rights by his actions toward and against Shilo Sanders. He also violated Shilo's substantive due process rights by inflicting corporal punishment on his person in a manner that was arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning. Darjean's actions served no pedagogical purpose.

26.     Focus Learning Academy was an open-enrollment charter school. An open-enrollment charter school is a governmental unit as defined in Civil Practice and Remedies Code section 101.001(3). *See* Tex. Educ. Code § 12.1056. As an employee of an open-enrollment charter school, John Darjean was acting under color of state law when he committed the acts described above, which violated Shilo Sanders' constitutionally protected rights and other laws of the United States, including his Fourteenth Amendment rights to due process.

27.     The deprivations of Shilo Sanders' constitutional rights as stated herein are actionable under 42 U.S.C §1983. To this end, Shilo Sanders seeks compensation for the following injuries that resulted from the acts of John Darjean:

- Physical pain and suffering;
- Impairment of reputation;
- Personal humiliation;
- Personal indignity; and
- Emotional distress.

28.     Shilo Sanders also seeks to recover reasonable and necessary attorney fees in prosecuting his action under 42 U.S.C. § 1983, pursuant to the Civil Rights Attorney's Fees Awards Act of 1976. *See* 42 U.S.C. § 1988(b).

**COUNT 4: PURSUANT TO 42 U.S.C. § 1983, JOHN DARJEAN'S USE OF EXCESSIVE FORCE IN VIOLATION OF THE 4TH AMENDMENT TO THE UNITED STATES CONSTITUTION**

29.     All paragraphs above are incorporated herein for all purposes.

30.     Darjean's actions constitute a seizure under the Fourth Amendment to the United States Constitution. Darjean applied objectively excessive force that was clearly unreasonable under the circumstances; his use of force against Shilo violated the Fourth Amendment's prohibition against unreasonable searches and seizures, causing damages as listed above.

**III.**

**THIRD-PARTY CLAIMS AGAINST LEROY McCLURE, JR. AND FOCUS LEARNING ACADEMY, INCORPORATED D/B/A FOCUS LEARNING ACADEMY/TRIPLE A ACADEMY**

31.     All paragraphs above are incorporated herein for all purposes.

32.     Third-Party Defendants Leroy McClure, Jr. and Focus Learning Academy had actual notice of the injuries Shilo Sanders sustained on September 17, 2015. Ms. Ruda Nash, who was then-acting Principal of FLA's Triple A Academy, witnessed John Darjean use excessive force and physically abuse Shilo, slamming him against a glass window and choking him with both hands. Ms. Nash included the information in a written statement and in a statement to Child Protective Services (CPS). Ms. Nash informed Mr. Leroy McClure, Jr., CEO of FLA, what she witnessed and recommended to McClure that Darjean be terminated for using excessive force against a minor child. Ms. Patricia Byrd, FLA's then-acting Superintendent, also recommended to McClure that Darjean be terminated for using excessive force against a minor child.

33.     Rather than terminate John Darjean for using excessive force and abuse to a child, Leroy McClure, Jr. reinstated Darjean as a security guard at FLA, thereby ratifying Darjean's actions.

**A.  JURISDICTION AND TEXAS RULE OF CIVIL PROCEDURE 47 STATEMENTS**

34.     The damages sought herein are within the jurisdictional limits of the court. Third-Party Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. Third-Party Plaintiff also seeks a judgment for any and all other relief to which he may be deemed legally or equitably entitled.

**B.  PARTIES**

35.     Third-Party Defendant Leroy McClure, Jr. is an individual residing in the state of Texas. Third-Party Defendant Leroy McClure, Jr. has appeared and may be served through counsel.

36.     Third-Party Defendant Focus Learning Academy is a Texas Corporation. Third-Party Defendant Focus Learning Academy has appeared and may be served through counsel.

### C.  VENUE

37.     Venue is proper in Dallas County, Texas, pursuant to Texas Civil Practice & Remedies Code section 15.002, as Dallas County is the county in which a substantial part of the events and omissions giving rise to this claim occurred.

### D.  TEXAS LAW AFFORDS NO IMMUNITY TO LEROY MCCLURE, JR.

38.     Leroy McClure, Jr. is not entitled to immunity, pursuant to the statutory waiver of immunity found in Section 22.0511(a) of the Texas Education Code:

> (a)     A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, ***except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students***.

> Tex. Educ. Code § 22.0511(a) (emphasis added).

Leroy McClure, Jr. was a professional employee of Focus Learning Academy and hiring, firing, disciplining, training, and supervision of security guards for Focus Learning Academy were acts incidental to or within the scope of his duties. Leroy McClure, Jr.'s failure to properly hire and fire, and ensure proper training and supervise John Darjean substantially contributed to John Darjean's use of excessive force against Shilo Sanders, or constituted negligence resulting in bodily injury to Shilo Sanders.

### COUNT 1: LEROY McCLURE, JR.'S NEGLIGENCE AS CEO AND SUPERINTENDENT OF FOCUS LEARNING ACADEMY RESULTING IN BODILY INJURY TO A STUDENT

39.     The paragraphs above in both the Counter-Claims and Third-Party Claims sections are incorporated herein for all purposes.

---

**DEFENDANT'S FIFTH AMENDED ANSWER, FOURTH AMENDED COUNTER-CLAIMS AND FOURTH AMENDED THIRD-PARTY CLAIMS**

40.     As CEO and effective Superintendent of Focus Learning Academy, Leroy McClure, Jr.

failed to:

a.     Obtain and continually retain authority to hire John Darjean in his capacity as a Commissioned Security Officer as required by Section 1702.181 of the Texas Occupations Code;

b.     Properly train John Darjean to ensure his actions would comply with the requirements set forth in Chapter 4 of the Focus Learning Academy Staff Handbook and other school policies;

c.     Properly train John Darjean to ensure his actions would comply with the U.S. Constitution;

d.     Properly supervise John Darjean to prevent him from engaging in physical assaults on minor children;

e.     Institute investigatory policies in cases involving suspected assaults by Focus Learning Academy employees of a minor child/student in its care;

f.     Properly investigate the incident involving John Darjean and Shilo Sanders, so as to minimize the risk of future harm to Shilo Sanders and other Focus Learning Academy students;

g.     Provide a safe learning environment for its student Shilo Sanders, both in its failed training and supervision policies respecting John Darjean and in allowing John Darjean continuing access to the school campus, where Shilo Sanders continued to attend, after the incident on September 17, 2015.

These failures on the part of Focus Learning Academy's acting CEO and effective Superintendent

gave rise to the September 17, 2015 incident insofar as it allowed Darjean access to FLA students

to enforce disciplinary policies and procedures, physical restraint policies and procedures, and

corporal punishment policies and procedures without first training or otherwise supervising John

Darjean on how to properly interact with students. Their failure directly caused or allowed

circumstances to exist that caused Shilo's harm through Darjean's application of excessive force.

**DEFENDANT'S FIFTH AMENDED ANSWER, FOURTH AMENDED COUNTER-CLAIMS**
**AND FOURTH AMENDED THIRD-PARTY CLAIMS**
**PAGE 10**

**MOTION FOR LEAVE PAGE 108**

41.     Through the failures identified above, Leroy McClure, Jr. as CEO and effective superintendent of Focus Academies proximately caused Shilo Sanders the following harms:

- Physical pain and suffering;
- Past and Future Physical Pain and Suffering;
- Past and Future Mental Anguish; and
- Past and Future physical impairment.

## COUNT 2: LEROY McCLURE, JR. AND FOCUS LEARNING ACADEMY'S VIOLATIONS OF 42 U.S.C. § 1983

42.     The paragraphs above in both the Counter-Claims and Third-Party Claims sections are incorporated herein for all purposes.

43.     As outlined above in the Counter-Claims section, Shilo Sanders has been deprived of his right to be free from bodily restraint and from state-occasioned damage to his bodily integrity, which are both protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Darjean's use of force against Shilo violated the Fourth Amendment's prohibition against unreasonable searches and seizures, causing damages. These violations of Shilo's Constitutional rights were caused by FLA and McClure's official policies, practices, or customs. McClure or another policymaker at Focus Learning Academy failed to create or implement policies, practices, or customs to degree necessary to prevent violent attacks against students by FLA personnel.

44.     FLA and McClure failed to adequately train, supervise, and/or discipline their employees, including Darjean, to ensure his actions would comply with the U.S. Constitution and the requirements set forth in Chapter 4 of the FLA Staff Handbook, as well as other school policies.

45.     FLA and McClure's deliberately indifferent policy of training was the closely related cause of the violation of Shilo's federally-protected rights. FLA and McClure allowed Darjean to

serve as the only security guard for all FLA students without proper training and without proper supervision since 2011. Their failure to provide proper training and supervision for approximately six years demonstrates a deliberate indifference to the constitutional rights of Shilo and FLA students. Further, it was the policy or custom of the school, as implemented or allowed by McClure, to allow Darjean to, without proper training or supervision, physically restrain, use excessive force, and discipline students, which was the moving force behind Darjean's use of excessive force against Shilo, thereby violating Shilo's constitutional rights. Darjean's violation of Shilo's Constitutional rights were the highly predictable consequence of FLA and McClure's failure to train John Darjean.

46.     Despite Darjean's egregious conduct (choking a student with both hands, slamming him against a window and on the ground), McClure and FLA reinstated Darjean within a week and found no wrong-doing on his part.  McClure and FLA thereby ratified Darjean's conduct as FLA's official policy, practice, or custom for use of force against students.

47.     The deprivations of Shilo's Constitutional rights as stated herein are actionable under 42 U.S.C. §1983. The purpose of Section 1983 is to compensate for injuries that are caused by deprivation of Constitutional rights. To this end, Shilo Sanders seeks compensation for the following injuries that resulted from the acts of FLA and McClure:

- Physical pain and suffering;
- Impairment of reputation;
- Personal humiliation;
- Personal indignity; and
- Emotional distress.

---

**DEFENDANT'S FIFTH AMENDED ANSWER, FOURTH AMENDED COUNTER-CLAIMS AND FOURTH AMENDED THIRD-PARTY CLAIMS**
**PAGE 12**

48.      Shilo Sanders also seeks to recover reasonable and necessary attorney fees in prosecuting his action under 42 U.S.C. § 1983, pursuant to the Civil Rights Attorney's Fees Awards Act of 1976. *See* 42 U.S.C. § 1988(b).

## IV.
### THIRD-PARTY CLAIMS AGAINST WHITE STAR CONSULTING, LLC

48.      All paragraphs above are incorporated herein for all purposes.

49.      Pleading in the alternative, Third-Party Defendant White Star Consulting, LLC ("White Star") is a Texas based security services company and training academy. Third-Party Defendant White Star advertises itself as offering specialized training using a combination of Special Forces, Counter-Intelligence, and Counter-Terrorism Instructors.

50.      Third-Party Defendant Focus Learning Academy contracted with Third-Party Defendant White Star to provide a security guard to Focus Learning Academy. The contract between Third-Party Defendant Focus Learning Academy and Third-Party Defendant White Star states that Third-Party Defendant White Star will manage the security guard it provides to Third-Party Defendant Focus Learning Academy. The contract also states that Third-Party Defendant White Star will pay its security guard $90.06 per week ($9.06/hr). Third-Party Defendant White Star employed John Darjean at the time when John Darjean used excessive force to discipline Shilo. Pleading in the alternative, John Darjean was acting within the scope of his employment with Third-Party Defendant White Star at the time when he used excessive force to discipline Shilo.  Mr. Darjean was also employed by FLA at the time of the incident in question.

51.      As one of John Darjean's employers, Third-Party Defendant White Star was required to properly train, supervise, and manage John Darjean and hold the requisite licenses for John Darjean as a commissioned security guard in a Texas school.

### E.  JURISDICTION AND TEXAS RULE OF CIVIL PROCEDURE 47 STATEMENTS

52.      The damages sought herein are within the jurisdictional limits of the court. Third-Party Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. Third-Party Plaintiff also seeks a judgment for any and all other relief to which he may be deemed legally or equitably entitled.

### F.  PARTY

53.      Third-Party Defendant White Star is a Texas limited liability company. Third-Party Defendant White Star may be served with process by serving its Registered Agent, Della Harris at 4899 Private Road 1181, Celeste, Texas 75423 or wherever she may be found.

### G.  VENUE

54.      Venue is proper in Dallas County, Texas, pursuant to Texas Civil Practice & Remedies Code section 15.002, as Dallas County is the county in which a substantial part of the events and omissions giving rise to this claim occurred.

## COUNT 1: WHITE STAR'S NEGLIGENCE RESULTING IN BODILY INJURY TO SHILO

55.      The paragraphs above in both the Counter-Claims and Third-Party Claims sections are incorporated herein for all purposes.

56.      Pleading in the alternative, as John Darjean's employer, Third-Party Defendant White Star had a duty and failed to:

  a.  Properly train John Darjean to ensure his actions would comply with the requirements set forth in Chapter 4 of the Focus Learning Academy Staff Handbook and other school policies;

b.  Properly train John Darjean to ensure his actions would comply with the U.S. Constitution;

c.  Properly supervise John Darjean to prevent him from engaging in physical assaults on minor children;

d.  Institute investigatory policies in cases involving suspected assaults by White Star employees of minor child/student;

e.  Properly investigate the incident involving John Darjean and Shilo Sanders, so as to minimize the risk of future harm to Shilo Sanders and other Focus Learning Academy students;

f.  Properly Discipline John Darjean to ensure John Darnean would not discipline another student in the same manner that he disciplined Shilo.

57.  These failures on the part of Third-Party Defendant White Star gave rise to the September 17, 2015 incident insofar as it allowed John Darjean access to FLA students to enforce disciplinary policies and procedures, physical restraint policies and procedures, and corporal punishment policies and procedures without first training or otherwise supervising John Darjean on how to properly interact with students. Its failure directly caused or allowed circumstances to exist that caused Shilo's harm through Darjean's application of excessive force.

57.  Through the failures identified above, Third-Party Defendant White Star proximately caused Shilo Sanders the following harms:

- Physical pain and suffering;
- Past and Future Physical Pain and Suffering;
- Past and Future Mental Anguish; and
- Past and Future physical impairment.

**COUNT 2: WHITE STAR'S LIABILITY BASED ON RESPONDEAT SUPERIOR**

58.     The paragraphs above in both the Counter-Claims and Third-Party Claims sections are incorporated herein for all purposes.

59.     Shilo suffered injuries due to John Darjean's negligence.

60.     John Darjean was an employee of Third-Party Defendant White Star at the time of John Darjean's negligent conduct.

61.     John Darjean's negligent conduct occurred while he was acting in the course and scope of his employment with Third-Party Defendant White Star.

62.     Third-Party Defendant White Star is liable for the damages caused by John Darjean's conduct.

## V. PRAYER

**WHEREFORE PREMISES CONSIDERED**, Defendant, Counter-Plaintiff, and Third-Party Plaintiff Shilo Sanders prays:

1. That upon final hearing herein, Plaintiff John Darjean takes nothing by his claims, and that Defendant Shilo Sanders be dismissed from Plaintiff's action without costs;

2. Judgment upon any of the theories, actions, or causes of action or counts pleaded herein against the Counter-Defendant for an amount within the jurisdictional limits of the Court as established by the evidence; and for judgment against Counter-Defendant for all other relief enumerated (whether generally or specifically) in this pleading and prayer;

3. Judgment against Counter-Defendants for Counter-Plaintiff's reasonable attorneys' fees, and if this cause requires a trial, for Counter-Plaintiff's reasonable attorneys' fees

for the prosecution or defense of same; and an additional sum (or sums) if this cause is appealed;

4. Judgment against Counter-Defendants for all costs of court;

5. For such orders and judgments effecting the obligations of Counter-Defendant and the rights of Counter-Plaintiff as this Honorable Court may find appropriate under the circumstances; and

6. Judgment upon any of the theories, actions, or causes of action or counts pleaded herein against Third-Party Defendants for an amount within the jurisdictional limits of the Court as established by the evidence; and for judgment against Third-Party Defendants for all other relief enumerated (whether generally or specifically) in this pleading and prayer;

7. Judgment against Third-Party Defendants for Third-Party Plaintiff's reasonable attorneys' fees, and if this cause requires a trial, for Third-Party Plaintiff's reasonable attorneys' fees for the prosecution or defense of same; and an additional sum (or sums) if this cause is appealed;

8. Judgment against Third-Party Defendants for all costs of court;

9. For such orders and judgments effecting the obligations of Third-Party Defendants and the rights of Third-Party Plaintiff as this Honorable Court may find appropriate under the circumstances;

10. For such other and further general and special relief, both at law or in equity, to which Defendant, Counter-Plaintiff, and Third-Party Plaintiff Shilo Sanders may be justly entitled.

Respectfully submitted,

**SAUNDERS, WALSH & BEARD**

LEWIS L. ISAACKS
Texas Bar No. 10430300
MARK A. WALSH
Texas Bar No. 24003135
CHRISTOPHER M. LOWRY
Texas Bar No. 24093626
M. SHANNON KACKLEY
Texas Bar No. 00790993
6850 TPC Drive, Suite 210
McKinney, Texas 75070
Telephone: 214/919-3555
Telecopier: 214-615-9019
lewis@saunderswalsh.com
mark@saunderswalsh.com
chris@saunderswalsh.com
shannon@saunderswalsh.com
**Attorneys for Shilo Sanders**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document  was served via electronic filing on this the 3rd day of October 2018, pursuant to Texas Rules of Civil Procedure 21 and 21a to:

Jimmy M. Negem
Joe M. Worthington
NEGEM & WORTHINGTON
1828 ESE Loop 323, Suite R-1A,
Tyler, Texas 75701
Jimmy@NegemLaw.com
**Counsel for Plaintiff**

Robert C. Turner
THE SILVERA FIRM
17070 Dallas Parkway, Suite 100
Dallas, Texas 75248
robertturnor@silveralaw.com
**Counsel for Intervenor**

---

**DEFENDANT'S FIFTH AMENDED ANSWER, FOURTH AMENDED COUNTER-CLAIMS
AND FOURTH AMENDED THIRD-PARTY CLAIMS**
**PAGE 18**

Larry R. Boyd
Charles J. Crawford
Abernathy, roeder, boyd & Hullet, P.C.
1700 Redbud Blvd., Suite 300
McKinney, Texas 75070
lboyd@abernathy-law.com
**Counsel for Defendant Deion Sanders**

Glynis L. Zavarelli
Michelle S. Sortor
Wentz & Zavarelli, L.L.P.
222 W. Las Colinas Blvd., Suite 1900N
Irving, Texas 75039
gzavarelli@wandzlaw.com
**Counsel for Third-Party Defendants**
**Focus Learning Academy, Inc. and**
**Leroy McClure, Jr.**

Mark A. Walsh

**DEFENDANT'S FIFTH AMENDED ANSWER, FOURTH AMENDED COUNTER-CLAIMS**
**AND FOURTH AMENDED THIRD-PARTY CLAIMS**
**PAGE 19**

**MOTION FOR LEAVE PAGE 117**

# EXHIBIT M

Cause No. DC-16-07371

| | | |
|---|---|---|
| **JOHN DARJEAN** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| **vs.** | § | |
| | § | |
| **DEION SANDERS** | § | |
| **and SHILOH SANDERS** | § | |
| **Defendants,** | § | |
| | § | |
| **SHILOH SANDERS** | § | |
| **Third-Party Plaintiff** | § | **160TH JUDICIAL DISTRICT** |
| | § | |
| **vs.** | § | |
| | § | |
| **LEROY McCLURE, Jr. AND** | § | |
| **FOCUS LEARNING ACADEMY,** | § | |
| **INCORPORATED D/B/A FOCUS** | § | |
| **LEARNING ACADEMY / TRIPLE** | § | |
| **A ACADEMY** | § | |
| **Third-Party Defendants.** | § | **DALLAS COUNTY, TEXAS** |

---

## DECLARATION OF MARK A. WALSH

---

My name is Mark A. Walsh, my date of birth is February 6, 1972, and my address is 6850

TPC Drive, Ste. 210, McKinney, Texas 75075. I am over the age of twenty-one and am competent

and otherwise qualified to make this Declaration. Pursuant to Section 132.001 of the Texas Civil

Practice and Remedies Code, I declare under the penalty of perjury that the facts stated herein are

true and correct.

1. I am an attorney of record for Shilo Sanders in the above-styled lawsuit.

2. Attached as **Exhibit A** to *Shilo Sanders' Motion for Leave to file Third-Party Claims

   Against White Star Consulting, LLC* are true and correct copies of excerpts from the oral

   deposition of John Darjean taken on July 7, 2017.

3. Attached as **Exhibit B** to *Shilo Sanders' Motion for Leave to file Third-Party Claims*

*Against White Star Consulting, LLC* are true and correct copies of excerpts from the oral deposition of John Darjean taken on January 11, 2018.

4. Attached as **Exhibit C** to *Shilo Sanders' Motion for Leave to file Third-Party Claims Against White Star Consulting, LLC* are true and correct copies of excerpts from the oral deposition of Leroy McClure, Jr. taken on July 7, 2017.

5. Attached as **Exhibit D** to *Shilo Sanders' Motion for Leave to file Third-Party Claims Against White Star Consulting, LLC* are true and correct copies of excerpts from the oral deposition of John Lehman taken on September 21, 2018.

6. Attached as **Exhibit E** to *Shilo Sanders' Motion for Leave to file Third-Party Claims Against White Star Consulting, LLC* are true and correct copies of excerpts from Exhibit 8 to the oral deposition of John Lehman taken on September 21, 2018.

7. Attached as **Exhibit F** to *Shilo Sanders' Motion for Leave to file Third-Party Claims Against White Star Consulting, LLC* are true and correct copies of excerpts from Exhibit 8 to the oral deposition of John Lehman taken on September 21, 2018 and produced by John Darjean on September 12, 2018.

8. Attached as **Exhibit G** to *Shilo Sanders' Motion for Leave to file Third-Party Claims Against White Star Consulting, LLC* is a true and correct copy of an excerpt from Exhibit 8 to the oral deposition of John Lehman taken on September 21, 2018.

9. Attached as **Exhibit H** to *Shilo Sanders' Motion for Leave to file Third-Party Claims Against White Star Consulting, LLC* is a true and correct copy of *Defendant and Counter-Plaintiff Shilo Sanders' Requests for Production to Plaintiff and Counter-Defendant John Darjean*.

10. Attached as **Exhibit I** to *Shilo Sanders' Motion for Leave to file Third-Party Claims*

*Against White Star Consulting, LLC* is a true and correct copy of the *July 18, 2018 Letter to Jimmy Negem.*

11. Attached as **Exhibit J** to *Shilo Sanders' Motion for Leave to file Third-Party Claims Against White Star Consulting, LLC* is a true and correct copy of *Plaintiff and Counter-Defendant, John Darjean, Responses to Defendant and Counter-Plaintiff's, Shilo Sanders, First Set of Request for Production to Counter-Defendant.*

12. Attached as **Exhibit K** to *Shilo Sanders' Motion for Leave to file Third-Party Claims Against White Star Consulting, LLC* is a true and correct copy of *Correspondence from Jimmy Negem's Office to Mark A. Walsh, September 12, 2018.*

13. This ends my declaration.

Executed in Collin County, Texas on October 3, 2018.

Mark A. Walsh