UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                              )
                                                    )        Case No. 23-14859-MER
SHILO SANDERS                                       )
                                                    )        Chapter 7
                                                    )
Debtor.                                             )

**RESPONSE TO TRUSTEE'S LIMITED OBJECTION TO CLAIM OF EXEMPTION**

The Debtor, Shilo Sanders ("Debtor"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., states his Response to the Trustee's Limited Objection to Claim of Exemption as follows:

1.      The Debtor filed his Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code on October 23, 2023 ("Petition Date").

2.      David Wadsworth was appointed as the Chapter 7 Trustee ("Trustee").

3.      The Debtor has attended his meeting of creditors and is cooperating in all respects with the Chapter 7 Trustee, including turning over non-exempt property, providing extensive documents, and is working to coordinate an inspection of personal property.

4.      On his Schedule C, the Debtor claim a number of exemptions in the personal property assets that the Trustee seeks to inspect.

5.      The Trustee does not object that the Debtor is entitled to claim exemptions in his personal property assets.  Instead, the Trustee seeks to limit the value of the Debtor's claimed exemptions to the current value of the assets, solely on the basis that the Debtor did not select the box for "100% of FMV up to statutory limit" on the forms, and instead filled in a value.

6.      The Trustee's Objection to the Debtor's claim of exemption must be denied. Pursuant to Fed. R. Bankr. P. 1009(a), the Debtor has a right to amend his Schedules and related forms at any point after the commencement of the case, including amended Schedule C related to exemptions.  Courts that limit the debtor's ability to claim additional exemptions or increase the amount of the exemption generally only create such a limitation when the debtor has acted in bad faith or attempted to conceal assets, which has not occurred here.  *See In re John*, 459 B.R. 684, 690 (Bankr. E.D. Mich. 2011); *In re Vaught, In re Vaught*, 36 B.R. 790 (Bankr. D. Idaho 1984).

7.      The Trustee does not allege that the Debtor has acted improperly in any way in this bankruptcy case, nor could he do so.  Instead, the Limited Objection to the Debtor's claim of exemptions is a preemptive attempt to limit the Debtor's ability to amend his Schedule C and increase the amount of exemptions to the extent the value of assets may be higher and to the extent additional exemption amounts remain available to the Debtor.

8.      The Debtor has not acted in bad faith nor attempted to conceal any assets from the Trustee, and in fact continues to full cooperate with the Trustee in all aspects of the bankruptcy case.  As such there is no basis to preemptively deny the Debtor's ability to amend his Schedules, including Schedule C preemptively, and the Trustee's Limited Objection must therefore be denied.

WHEREFORE, the Debtor respectfully requests the Court deny the Trustee's Limited Objection to the Debtor's Claim of Exemption, and for such further and additional relief as to the court may appear just and proper.

DATED: February 1, 2024                           Respectfully submitted,


By:___ */s/  Keri L. Riley*_____
     Keri L. Riley, #47605
     **KUTNER BRINEN DICKEY RILEY, P.C.**
     1660 Lincoln Street, Suite 1720
     Denver, CO 80264
     Telephone:  (303) 832-2400
     E-mail: klr@kutnerlaw.com