UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHILO DION SANDERS | ) | Case No. 23-14859-MER |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | |

**TRUSTEE'S MOTION TO COMPEL COOPERATION OF THE DEBTOR AND FOR TURNOVER OF PROPERTY OF THE ESTATE**

David V. Wadsworth, Chapter 7 trustee (the "Trustee"), through his undersigned counsel, respectfully moves this Court for an order pursuant to 11 U.S.C. § 542 and Bankruptcy Rule 4002 authorizing the Trustee immediate access to the Debtor's home/apartment to complete an inventory and valuation of his assets and for turnover of certain documents, and in support thereof states as follows:

1. Shilo Dion Sander ("Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on October 23, 2023 (the "Petition Date").

2. David V. Wadsworth is the duly appointed Chapter 7 trustee of the Debtor's bankruptcy estate.

3. The Debtor is a student athlete at the University of Colorado Boulder.

4. The Trustee retained Dickensheet and Associates ("Auctioneer") to conduct an inventory of the Debtor's assets.

5. Fed. R. Bankr. P. 4002 states in relevant part that the Debtor shall "cooperate with the trustee in preparation of an inventory."

6. The Auctioneer and Trustee's Counsel have made numerous and repeated requests for access to the Debtor's premises. Despite the numerous requests for access, the Debtor has failed to cooperate. The Debtor had previously agreed to provide access to the Auctioneer for the week of January 25, 2024. The most recent communication from Debtor's Counsel was that a date for access would be provided by February 24, 2024. Again, nothing forthcoming.

7. Inspection of the Debtor's premises is necessary to determine if any of the Debtor's assets have value above his claimed exemptions.

8. The Debtor has provided no just reason for not providing access to the Auctioneer and the Trustee.

9. Debtor's failure to provide the Auctioneer and Trustee access to the premises is impeding the Trustee's administration of the bankruptcy estate (the "Estate").

10. The Debtor at his 11 U.S.C. § 341 Meeting of Creditors testified that there were non-disclosed automobiles located in other states. The Trustee requested copies of titles and/or registration to all non-disclosed vehicles including his disclosed 2023 GLE AMG 635 Mercedes. To date, no such information has been provided to the Trustee.

11. The Trustee is now also requesting a copy of his 2023 State and Federal Tax returns when filed and to the extent the Debtor is entitled to a tax refund that any non-exempt pro rata share be immediately turned over to the Trustee.

12. On the initial Schedule A/B, the Debtor disclosed jewelry valued at $75,000.00. In a subsequent amendment to Schedule A/B, the Debtor removed the jewelry entry.

13. At the Meeting of Creditors the Debtor testified that he did not own the jewelry and that it was loaned to him for promotional purpose. The Trustee requested an inventory of the jewelry along with the name, telephone number, and addresses of the alleged owners(s). The Trustee further requested any contracts between the Debtor, Debtor-affiliated entities, and third parties that would show that the jewelry was used for promotional purpose. No information has been provided.

14. The filing of a petition to commence a bankruptcy case creates an Estate consisting of "all legal or equitable interests of the debtor in property". 11 U.S.C. §541(a)(1). An income tax refund can be considered property of the bankruptcy estate. See *Segal v. Rochelle,* 382 U.S. 375, 380, (1966).

15. 11 U.S.C. §541(a)(4) requires the Debtor to surrender to the Trustee all property of the estate and all recorded information relating to property of the estate.

16. 11 U.S.C. §542(a) requires the Debtor to turnover to the Trustee all property of the estate or the "value of such property." *See, e.g. Jubber v. Ruiz (in Re Ruiz),* 455 B.R. 745,752 (B.A.P.10th Cir. 2011).

17. "A debtor shall, 'if a trustee is serving in the case ... surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title.' Section 542(a) requires debtors to turn over to the trustee all property of the estate or 'the value of such property.' Section 541(a)(1) broadly defines property of the estate to include 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *In re Wyscaver*, No. 10-32673-MER, 2012 WL 5467517, at *3 (Bankr. D. Colo. Nov. 9, 2012) (footnotes omitted); *In re DiGesualdo*, 463 B.R. 503, 518 (Bankr. D. Colo. 2011) ("'[B]ankruptcy is a serious matter and when

one chooses to avail himself of the benefits of Chapter 7 relief he assumes certain responsibilities, the foremost being to fully disclose his assets and to cooperate fully with the trustee.' Indeed, because a debtor's full disclosure and cooperation are necessary for the functioning of our bankruptcy system, 'those who seek shelter of the bankruptcy code must provide complete, truthful and reliable information.'" (footnote omitted)).

18. The Debtor should be compelled to provide immediate access to the Auctioneer to value the Debtor's assets and compelled to turnover the requested documents.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order granting the Trustee's Auctioneer immediate access to the Debtor's premises and for turnover of the documents requested and further relief as this Court deems appropriate.

DATED February 26, 2024.

Respectfully Submitted,

*/s/ Simon E. Rodriguez*
Simon E. Rodriguez, #18967
P O Box 36324
Denver, CO 80236
(303) 969-9100

CERTIFICATE OF MAILING

I HEREBY CERTIFY that on February 26, 2024, a true copy of the foregoing **TRUSTEE'S MOTION TO COMPEL COOPERATION OF THE DEBTOR AND FOR TURNOVER OF PROPERTY OF THE ESTATE** was served by depositing same in the United States mail, postage prepaid and properly addressed to the following and was electronically filed and served via CM/ECF on all parties that have entered an appearance in the above referenced case:

UNITED STATES TRUSTEE
VIA CM/ECF

Shilo Dion Sanders
PO Box 1864
Longmont, CO 805023

Keri Riley, Esq.
VIA CM/ECF

Simon E. Rodriguez