UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 23-14859-MER |
| SHILO SANDERS ) | |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |

**OBJECTION TO *EX PARTE* MOTIONS OF JOHN DARJEAN FOR PRODUCTION OF DOCUMENTS FROM 1) SHILO SANDERS AND 2) NONDEBTOR THIRD PARTIES PURSUANT TO FED. R. BANKR. P. 2004**

The Debtor, Shilo Sanders ("Debtor"), by and through his attorneys, Kutner Brinen Dickey Riley, P.C., states his Objection to the *Ex Parte* Motions filed by Creditor John Darjean ("Darjean" or "Creditor") seeking production of documents from the Debtor and from non-debtor third parties, and in support thereof, states as follows:

### BACKGROUND

1. The Debtor filed his Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code on October 23, 2023 ("Petition Date").

2. David Wadsworth was appointed as the Chapter 7 Trustee ("Trustee").

3. The Debtor has attended his meeting of creditors and is cooperating in all respects with the Chapter 7 Trustee, including turning over non-exempt property, providing extensive documents, coordinating an inspection of personal property.

4. As this Court is well aware, the primary factor resulting in the Debtor's bankruptcy filing was the significant judgment entered against him in 2024 in favor of Darjean based on a trial held without the Debtor's knowledge and while the Debtor was unrepresented.

5. Following the Debtor's bankruptcy filing, Darjean commenced two separate Adversary Proceedings against the Debtor on January 29, 2024, Case Nos. 24-01022-MER ("523 Action") and 24-01023-MER ("727 Action"). Both Adversary Proceedings are at issue, and a summary judgment motion is pending in one, while the other has yet to progress to a 7026(f) scheduling conference between the parties.

6. Despite being in active litigation with the Debtor in two pending Adversary Proceedings, Darjean has now filed a *Ex Parte Motion of John Darjean for Production of Documents from the Debtor Pursuant to Fed. R. Bankr. P. 2004 and Local Bankr. P. 2004* (Docket

1

No. 65) ("Debtor 2004 Motion") and a *Ex Parte Motion of John Darjean for Production of Documents from Deion Sanders, Shedeur Sanders, the University of Colorado, and Other Third Parties Pursuant to Fed. R. Bankr. P. 2004 and Local Bankr. P. 2004* (Docket No. 66) ("Third Party 2004 Motion").

7. As set forth more fully herein, the Debtor 2004 Motion and the Third Party 2004 Motion are barred by the commencement of other litigation and are significantly overbroad and intended solely for the purpose of cause undue burden and harassment of the Debtor and third parties, and as such, the Motions should be denied.

## LEGAL ARGUMENT

8. Bankruptcy Rule 2004 allows a party to examine the "acts, conduct, or property or the liabilities and financial condition of the debtor" or "any matter which might affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004. The proponent of a Bankruptcy Rule 2004 examination bears the burden of establishing "good cause" for the requested discovery and some reasonable basis for the requested examination that relates to matters contemplated under that rule. See *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008) (requiring the proponent to "meet a threshold standard of 'good cause' before she was permitted to conduct examinations and require the production of documents pursuant to Rule 2004").

9. The purpose generally of Rule 2004 is to enable parties in interest to locate assets of the debtor and make those assets available for the creditors of the estate. *In re Continental Forge Co., Inc.*, 73 B.R. 1005 (Bankr. W.D. Pa. 1987). While the scope of a Rule 2004 examination may be broad, a Rule 2004 examination may not be used for purposes of abuse or harassment and it cannot stray into matters which are not relevant to the basic inquiry. *In re Strecker*, 251 B.R. 878, 882-83 (Bankr. D. Colo. 2000)(declining to authorize a Rule 2004 Examination where such examination was intended to intimidate or harass the debtor and incur burdensome and unnecessary attorney fees); *In re Wash. Mut. Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). A Rule 2004 examination "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *Continental Forge*, 73 B.R. at 1007.

10. Furthermore, "[o]ne of the primary purposes of a Rule 2004 examination is as a pre-litigation device." *In re Martino*, 2011 Bankr. LEXIS 4560, at *6-7 (Bankr. D. Colo. Nov. 17, 2011)(quoting *In re Washington Mut., Inc.*, 408 B.R. 45, 53 (Bankr. D. Del. 2009)). Thus, after an adversary proceeding has been commenced, Fed. R. Bankr. P. 7026 applies for all matters that

are relevant to the claims in the Adversary Proceeding, and a 2004 examination must be limited to only those issues not related to the Adversary Proceeding. *Id.* at *6-7.

### A. *The Debtor 2004 Motion and Third Party Rule 2004 Motion Are Intended for an Impermissible Purpose*

11. As set forth above, a Rule 2004 examination cannot be used for abuse, harassment, or to cause burdensome and unnecessary attorney fees. The scope of the discovery Darjean purports to seek from both third parties and the Debtor evidence that the Darjean's purpose of filing the overly broad and expansive Rule 2004 examinations is just that.

12. In each subpoena attached to the respective motions, Darjean seeks discovery going back to September 2015, resulting in discovery requests extending back almost ten (10) years, despite such time frame extending beyond any applicable statute of limitations for recovery actions or other relevant information.

13. The overly broad subpoenas directed at third parties go far beyond what is permissible in Rule 2004 Examination. Each of the subpoenas has at least 45 separate requests for production of documents and frequently seek information that has no bearing on the Debtor, his estate, or his pre-petition financial affairs and instead seek the production of information and documents that are exclusively between third parties.

14. Moreover, the subpoenas frequently request documents or information that would be outside of the third parties' possession, custody, or control, including documents regarding the Debtor's assets which would not generally be available to third parties, thus causing parties to incur burdensome and unnecessary attorney fees in responding to the overly broad document requests.

15. Even the document requests directed at the Debtor are overly broad and seek information that is wholly unrelated to the Debtor's bankruptcy case, but are seemingly included for the exclusive purpose of overwhelming the Debtor and third parties with requests for production of documents in order to harass and intimidate the parties and cause them to incur unnecessary attorney fees.

16. Darjean even goes to far as to direct document requests to at least one of the Debtor's attorneys and her law firm. This request can be for no other purpose than to intimidate and harass the parties, including the Debtor and his counsel, as any documents would be subject to attorney-client privilege and/or the work product doctrine.

3

17. With no permissible purpose for the Rule 2004 examinations sought by Darjean, the Debtor 2004 Motion and the Third Party 2004 Motion should be denied.

**B. *The Motions Are Barred Because of the Adversary Proceedings***

18. Darjean has been engaged in litigation with the Debtor through the Adversary Proceedings since January 2024. Despite having commenced such litigation, and thus choosing to be bound by Fed. R. Bankr. P. 7026 as a result of commencing such litigation, Darjean nonetheless now seeks to conduct a Rule 2004 examination of the Debtor.

19. In an effort to distance himself from the prior litigation rule, Darjean asserts that he is entitled to conduct a Rule 2004 examination of the Debtor to "identify potential avoidance actions[.]" However, the information and documents requested by Darjean directly correlates with the topics of the 727 Action and/or 523 Action, and therefore the 2004 examination is barred by the commencement of the Adversary Proceeding.

20. The Subpoena attached to the Debtor 2004 Motion seeks information going back to September 2015, almost 10 years prior to the Debtor's bankruptcy filing, well before Darjean ever obtained a default judgment against the Debtor, and a period substantially longer than the lookback period for recovery actions under either State or Federal Law.

21. The Subpoena further seeks complete access to all accounting records, tax returns, and documents demonstrating assets and liabilities back through September 2015. Given that Darjean has asserted claims under 11 U.S.C. § 727(a)(3), (a)(4), and (a)(5), there is direct overlap between the information requested in the Rule 2004 Examination and the claims at issue in the 727 Action.

22. The one hundred and sixty-seven (167) document requests included in the Subpoena are comprised primarily of generalized requests that are almost entirely unrelated to the Debtor's actual financial information (i.e. requesting documents related to "crops, cattle, or other livestock, or wild game" notwithstanding the lack of any such types of assets on the Debtor's schedules). Almost all appear to be directed to documents related to the Debtor's assets, which is directly related to the 727 Action. Only two (2) categories (totaling approximately 10 total requests) relate to any transfers.

23. Given the substantial overlap between the documents requested in the Rule 2004 Examinations and the claims at issue on the 727 Action, the existence of the prior litigation bars the motions in their entirety.

WHEREFORE, the Debtor prays the Court make and enter an Order denying the Debtor 2004 Motion and the Third Party 2004 Motion, and for such further and additional relief as to the Court may appear just and proper.

Dated: November 6, 2024 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: */s/ Keri L. Riley*
　　　　　　　　　　　　　　　　　　　　　　Keri L. Riley, #47605
　　　　　　　　　　　　　　　　　　　　　　**KUTNER BRINEN DICKEY RILEY, P.C.**
　　　　　　　　　　　　　　　　　　　　　　1660 Lincoln Street, Suite 1720
　　　　　　　　　　　　　　　　　　　　　　Denver, CO 80264
　　　　　　　　　　　　　　　　　　　　　　Telephone: (303) 832-2400
　　　　　　　　　　　　　　　　　　　　　　E-Mail: klr@kutnerlaw.com

## CERTIFICATE OF SERVICE

      I certify that on November 6, 2024, I served a complete copy of the foregoing **OBJECTION TO *EX PARTE* MOTIONS OF JOHN DARJEAN FOR PRODUCTION OF DOCUMENTS FROM 1) SHILO SANDERS AND 2) NONDEBTOR THIRD PARTIES PURSUANT TO FED. R. BANKR. P. 2004** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Simon E. Rodriguez, Esq.
Chapter 7 Trustee
P.O. Box 36324
Denver, CO 80236

James Van Horn, Esq.
Barnes & Thornburg LLP
555 12th Street NW
Suite 1200
Washington, D.C. 20004

Alan Sweetbaum, Esq.
Sweetbaum Miller, P.C.
1200 Seventeenth Street
Suite 1250
Denver, CO 80202

Ori Raphael, Esq.
Mathias Raphael PLLC
13101 Preston Road
Suite 501
Dallas, TX 75240

Jeffrey Dayne Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
24 Greenway Plaza
Suite 2050
Houston, TX 77046

James E. Van Horn, Esq.
Barnes & Thornburg, LLP
555 12th Street NW
Suite 1200
Washington, D.C. 20004

Victor Vital, Esq.
Haynes and Boone, LLP
2801 North Harwood Street
Suite 2300
Dallas, TX 75201

David Wadsworth, Esq.
2580 Main Street
Suite 200
Littleton, CO 80120

**/s/Vicky Martina**