UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHILO DION SANDERS | ) | Case No. 23-14859-MER |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | |

---

## JOINT STATUS REPORT AND DISCOVERY PLAN

---

David V. Wadsworth, Chapter 7 trustee (the "Trustee"), Shilo Dion Sanders (the "Debtor"), and John Dejean (the "Creditor"), each represented by Counsel, submit this **JOINT STATUS REPORT AND DISCOVERY PLAN** and state as follows:

1.     The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on October 23, 2023 (the "Petition Date").

2.     David V. Wadsworth is the duly appointed Chapter 7 trustee of the Debtor's bankruptcy estate.

3.     The Creditor has a non-appealable judgment against the Debtor in excess of $11 million and has filed two Adversary Proceedings related to discharge and dischargeability that remain pending.

4.     The Debtor is a Student/Athlete at the University of Colorado Boulder Campus.

5.     On or about July 1, 2021, the National Collegiate Athletic Association ("NCAA") adopted rules and regulations allowing athletes to benefit from their name, image, and likeness ("NIL").

6.     The Debtor at his 11 U.S.C. § 341 Meeting of Creditors testified that since his initial enrollment at the University of Colorado he had entered into a number of NIL deals for compensation.

7.     He further testified that he is represented by an entity named SMAC Entertainment, Inc. and that the NIL deals were to be performed by the Debtor through an entity named Big 21, LLC.

8.     The Debtor further testified that compensation related to the NIL deals were deposited into an account at Wells Fargo, N.A.

9.      The Debtor and/or Big 21, LLC, also used the accounting/CPA services of Redpoint Financial Group.

10.      The Debtor also claimed that he has an interest in an entity named SS 21, LLC which may hold one or more trademarks.

11.      To investigate the assets and financial transactions of the Debtor and claims the estate may hold, if any, Trustee and the Creditor have identified persons and entities which may have information related to the earning, business interests, NIL and financial interests of the Debtor.  The Trustee and the Creditor have identified the following who may have information:

      a.   SMAC Entertainment, Inc.
      b.   Big 21 LLC
      c.   Wells Fargo Bank, N.A.
      d.   Red Point Financial Group
      e.   SS 21, LLC
      f.   Deion Sanders
      g.   Shedeur Sanders
      h.   University of Colorado
      i.   University of Colorado Athletic Department[1]
      j.   5430 Alliance
      k.   Blue Spirt Sports and Entertainment LLC
      l.   Tabetha Plummer
      m.   Plummer Law Group, PC[2]
      n.   Constance Schwartz-Morini[3]
      o.   Truck Ranch
      p.   SS1 Legendary LLC
      q.   Headache Gang LLC

12.      The Trustee filed Rule 2004 motions for Wells Fargo Bank, N.A; Red Point Financial Group; and University of Colorado (the "Trustee's Rule 2004 Motions").  The Debtor does not object to the Trustee's Rule 2004 Motions and affirmatively states he will continue to cooperate with the Trustee's reasonable requests for information.[4]

13.      The Creditor filed Rule 2004 motions for all of the persons identified in paragraph 12, generally requesting production of the same documents from multiple sources and requesting documents back as far as September 2015.  The Debtor has objected to all the requests made by the Creditor on the basis that the Creditor is involved in prior litigation with the Debtor through the filing of two separate Adversary Proceedings, and further that the requests are overbroad and

---

[1] The Debtor believes this examination would be duplicative.
[2] The Debtor believes this examination would be duplicative.
[3] The Debtor believes this examination would be duplicative.
[4] The Debtor reserves all rights as to any future Rule 2004 motions that may be filed by the Trustee.

intended to harass or intimidate third parties and the Debtor and add to their respective litigation costs.

14.     The Debtor has provided the Trustee with information such as bank statements, NIL contracts, tax returns, and automobile information and also allowed the Trustee to inspect and value the Debtor's assets located at his residence.  The Trustee and the Debtor entered into a Non-Disclosure Agreement which protects the information the Debtor has provided.  The Creditor has requested that the Trustee provide him with the documents that have been provided to the Trustee by the Debtor.  The Debtor does not consent to this request until a protective order is entered by the Bankruptcy Court protecting the disclosure of confidential business information.

## THE TRUSTEE'S PROPOSED DISCOVERY PLAN

15.     The Trustee does not believe that all information has been provided and seeks to obtain information from other sources to, among other things, verify what has been provided by the Debtor to date, to determine whether there were pre-petition negotiations of NIL contracts that were entered and finalized after the Petition Date, and to determine whether the pre-petition NIL contracts have generated proceeds post-petition that are property of the bankruptcy estate.

16.     A concern of the Creditor is that the Debtor may be funneling his earnings to a trust held by his father Deion Sanders.  The Debtor will obtain affidavits from the Debtor and Deion Sanders signed under oath and the penalty of perjury regarding the trust (if any) and any distributions made to the Debtor from the trust and will provide a detailed statement of any contributions or deposits made to the trust by the Debtor.  The affidavit will include the trust, bank statements, and deposits and distributions.  The Trustee and Debtor agree that the identity of the trustee will not be publicly disclosed absent a Court Order.  The Trustee reserves all rights to take Rule 2004 examinations concerning any trusts.

17.     Pursuant to 11 U.S.C. §704(a)(7), the Trustee and the Debtor agree that the information provided to the Trustee by the Debtor can be provided to the Creditor.  The Creditor agrees not to publicly disclose any information regarding the NIL contracts unless so ordered by the Court.

18.     The Trustee agrees that each of the persons identified in paragraph 12 will be subject to one Rule 2004 subpoena, and the Trustee and Creditor will both be entitled to obtain all documents produced pursuant to the Rule 2004 subpoena and participate fully in any Rule 2004 examination; provided, however, that to the extent reasonably necessary, the Trustee or the Creditor can request an order from the Court authorizing a further Rule 2004 examination of any person.

19.     Paragraph 12 is not an all-inclusive list, and the Trustee reserves its rights and remedies, waiving none, to obtain information or to examine any party or entity.  After the Trustee examines the parties identified in the Trustee's Rule 2004 Motions, he anticipates

requesting Rule 2004 examinations of Constance Schwartz-Morini, University of Colorado Athletic Department, 5430 Alliance, Tabetha Plummer, Plummer Law Group, and SMAC Entertainment, Inc.

## THE CREDITOR'S PROPOSED DISCOVERY PLAN

20.     John Darjean ("Darjean")  will submit a separate document to be filed on November 21, 2024 that sets forth the proposed discovery plan of Darjean.

21.     Darjean also will address in his submission the concern over the scope of control the Debtor seeks to exert over the discovery conducted in the main case and with respect to third parties, and the fact that Debtor's counsel has appeared only for the Debtor but purports to speak for a vast number of other parties.

22.     Darjean received a proposed form of protective order from the Debtor on November 20, 2024, and is working on providing comments to the Debtor.   Based upon the draft provided to Darjean, Darjean at this point anticipates that a hearing will be necessary in order to resolve issues with respect to the protective order.

## THE DEBTOR'S PROPOSED DISCOVERY PLAN

23.     The Debtor recognizes that the Trustee needs additional information to proceed with the administration of the estate, and fully intends to cooperate with the Trustee in regard to providing such information.  The Debtor further recognizes that the Creditor may be entitled to reasonable discovery in connection with the Adversary Proceeding asserting claims under 11 U.S.C. § 727.

24.     The Debtor believes that a comprehensive discovery plan between the parties will facilitate the production of information, the limitation of future discovery issues, and minimize the disruption to the business operations of third parties.

25.     The Debtor does not oppose the currently filed Motions for Rule 2004 Examinations from the Trustee, and does not oppose the Trustee providing the information received pursuant to such Rule 2004 Examinations to the Debtor and the Creditor, subject to the entry of a protective order in the main case and the Adversary Proceeding to protect against the public disclosure of confidential business information.  The Debtor further does not oppose the use of such materials in the Adversary Proceedings to the extent permissible in accordance with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and Federal Rules of Evidence.

26.     The Debtor has opposed the Rule 2004 examinations proposed by the Creditor for the reasons set forth in the Debtor's Objection thereto.

27.     The Debtor believes that entry of a protective order is necessary to protect against the public disclosure of confidential business and personal information.  Counsel has provided proposed protective orders to both the Creditor and the Trustee, and will proceed with filing a motion for entry of such protective orders if no comments are received in the next seven (7) days.

28.     The Debtor submits that discovery and/or Rule 2004 examinations should be limited to a four (4) year look back window unless documents produced establish cause to extend the look back window.  The Debtor further submits that subpoenas requesting documents and production from third parties and the Debtor should be subject to reasonable limits (i.e. 35 requests for production), and subpoenas directed to third parties should be limited to one total unless the Bankruptcy Court authorizes the issuance of additional subpoenas based on cause shown from other information produced.

29.     The Debtor agrees with the Trustee that beginning with examinations of certain parties, including Wells Fargo and Redpoint, should occur prior to conducting examinations of other third parties, as sequencing discovery will cut down on unnecessary or duplicative requests.

30.     The Debtor further does not oppose conducting joint depositions as to the Creditor and Rule 2004 examinations as to the Trustee to minimize the burden on all parties.

DATED November 21, 2024.

Respectfully submitted:

/s/ Simon E. Rodriguez
Simon E. Rodriguez, #18967
P O Box 36324
Denver, CO  80236
(303) 969-9100


/s/ Peter A. Cal
Peter A. Cal, #27779
Sherman & Howard L.L.C.
675 15th Street, Suite 2300
Denver, CO  80202
Telephone: (303) 297-2900
Fax: (303) 298-0940
Email: pcal@shermanhoward.com

*Attorneys for David W. Wadsworth, as Chapter 7 Trustee*

MATHIAS RAPHAEL PLLC

By: */s/ Ori Raphael**
Ori Raphael  (Tx Bar No. 24088273)
Mathias Raphael PLLC
13101 Preston Road, Suite 501
Dallas, TX 75240
214-739-0100
ori@mr.law

*- and -*

SWEETBAUM MILLER, PC

By: */s/ Andrew Miller**
Alan D. Sweetbaum (#13491)
Andrew Miller (#44219)
1200 17th Street, Suite 1250
Denver, CO 80202
Telephone: (303) 296-3377
asweetbaum@sweetbaumlaw.com
amiller@sweetbaumlaw.com

*- and -*

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:    */s/ Jeff Carruth**
JEFF CARRUTH (Tx Bar No. 24001846)
2608 Hibernia, Suite 105
Dallas, TX 75204-2514
Telephone: (713) 341-1158
Fax: (713) 961-5341
E-mail:  jcarruth@wkpz.com

**ATTORNEYS FOR JOHN DARJEAN**

*\* Signature by permission by /s/ Jeff Carruth*

6

By: /s/ Keri L. Riley
Keri L. Riley, #47605
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com

## CERTIFICATE OF MAILING

I hereby certify that on November 5, 2024, I electronically filed the foregoing **JOINT STATUS REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Keri L. Riley, Esq.
klr@kutnerlaw.com

James Van Horn, Esq.
Victor D. Vital, Esq.
JVanHorn@btlaw.com
victor.vital@btlaw.com

David V. Wadsworth, Esq.
dwadsworth@wgwc-law.com

U.S. Trustee
USTPRegion19.DV.ECF@usdoj.gov

Simon E. Rodriguez, Esq.
lawyercolo@aol.com

Ori Raphael, Esq.
ori@mr.law

Alan Sweetbaum, Esq.
asweetbaum@sweetbaumlaw.com

Jeffrey Dayne Carruth, Esq.
jcarruth@wkpz.com

*s/ Diane Collier*
Diane Collier