IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHILO DION SANDERS | ) | Case No. 23-14859-MER |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

## NOTICE OF ISSUANCE OF SUBPOENA

David V. Wadsworth, the duly appointed chapter 7 trustee in this case, notices his issuance of the *Subpoena for Rule 2004 Examination* upon University of Colorado Boulder, a copy of which is attached hereto.

Dated: January 15, 2025.

          Respectfully submitted,

          TAFT STETTINIUS & HOLLISTER LLP

          /s/ Peter A. Cal
          Peter A. Cal, Esq., #27779
          675 Fifteenth Street, Suite 2300
          Denver, Colorado  80202
          Phone:  303 297-2900
          Fax:  303 298-0940
          E-Mail:    pcal@taftlaw.com

          Attorneys for David V. Wadsworth, as the Chapter 7 Trustee

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 15, 2025, I caused, via regular U.S. mail, postage prepaid, a true and correct copy of the foregoing and attached to be served on all the following parties and counsel pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, which and who are set forth as follows:

Shilo Dion Sanders
PO Box 1864
Longmont, CO 80502-1864

I HEREBY FURTHER CERTIFY that on January 15, 2025, I caused, via e-mail through CM/ECF, a true and correct copy of the foregoing and attached to be served on all the following parties and counsel pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, which and who are set forth as follows:

- **Jeffery Dayne Carruth-jcarruth@wkpz.com: jcarruth@aol.com;carruthjr87698@notify.bestcase.com; ATTY_CARRUTH@bluestylus.com;jcarruth@ecf.courtdrive.com**
- **Ori Raphael- ori@mr.law**
- **Keri L. Riley-klr@kutnerlaw.com, vlm@kutnerlaw.com**
- **Simon E. Rodriguez-lawyercolo@aol.com**
- **Alan Sweetbaum-asweetbaum@sweetbaumlaw.com, jstoller@sweetbaumsands.com**
- **US Trustee-USTPRegion19.DV.ECF@usdoj.gov**
- **James Van Horn-JVanHorn@btlaw.com**
- **Victor D Vital-victor.vital@haynesboone.com, karrie.gardenour@haynesboone.com**
- **David V. Wadsworth, Trustee-dwadsworth@wgwc-law.com, CO30@ecfcbis.com**

/s/ Roberta Neal

59662283.1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Colorado__

In re __Shilo Dion Sanders__      Case No. __23-14859__
         Debtor                   Chapter __7__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __University of Colorado Boulder__, Office of the Registrar, Regent Administrative Center, Room 101, 20 UCB, Boulder, CO 80309
            *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Taft, Stettinius & Hollister, LLP<br>675 15th Street, Suite 2300<br>Denver, CO 80202 | Date and time are subject to further coordination between the parties; TBD |

The examination will be recorded by this method: __Stenographically__

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A hereto. Production to be made on or within 14 days of service of this subpoena. Production to be delivered to Peter Cal, Esq., Taft Stettinius & Hollister, LLP, 675 15th Street, Suite 2300, Denver, CO 80202.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __January 9, 2025__

CLERK OF COURT

_____      OR      _____/s/ Peter Cal/_____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __David V. Wadsworth, Ch. 7 Trustee__, who issues or requests this subpoena, are:

Peter A. Cal, Taft Stettinius & Hollister, LLP, 675 15th Street, Suite 2300, Denver, CO 80202; pcal@taftlaw.com; 303-299-8244

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                       _____
*Server's signature*

                                                                       _____
*Printed name and title*

                                                                       _____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

(COB 245 vo2004Exam)(02/11)

# IN THE UNITED STATES BANKRUPTCY COURT
## District of Colorado,
HONORABLE Michael E. Romero

In re:

Shilo Dion Sanders

Debtor(s)

Case No.:   23-14859-MER
Chapter:    7

## ORDER GRANTING MOTION FOR 2004 EXAMINATION

On 11/5/2024, David Wadsworth, Trustee ("Movant") filed a motion for examination under Rule 2004 ("Motion"). This court, having considered the Motion, hereby

ORDERS that the Movant is authorized to conduct an examination of University of Colorado Boulder pursuant to Fed.R.Bankr.P 2004 and L.B.R. 2004-1; and

FURTHER ORDERS that Movant may compel the attendance of witness(es) identified in the motion and production of documents in the manner prescribed by Fed.R.BankrP. 2004(c) and 9016.

Dated:  11/25/24

BY THE COURT:

s/ Michael E. Romero
Chief United States Bankruptcy Judge

## EXHIBIT A

A. **Definitions**

(a) **COMMUNICATIONS** means all written or oral communications however informal, including, without limitation, correspondence, memorandum, notes, telegraphs, telephone conversations, e-mails, negotiations, meetings or other oral communications, which are in any manner evidenced by, or referred to in, a document, whether prepared in anticipation of, during, or subsequent to such communications.

(b) **DEBTOR** means Shilo Dion Sanders and any and all **PERSON** or **PERSONS** acting or purporting to act on his behalf.

(c) **DEBTOR ENTITIES** means SS1Legendary, LLC; Big 21, LLC; SS21, LLC; Headache Gang, LLC; or any other entity in which the Debtor has or had a direct or indirect interest during the four-year period preceding October 23, 2023 to the present.

(d) **DOCUMENT** or **DOCUMENTS** shall have their customary and broad meanings and shall include, without limitation, the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blueprints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, e-mails, electromagnetic tapes, facsimiles, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, letters of intent, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions or additions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepias, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, term sheets, transcripts, transcripts of tape recordings, video tapes, voice records, voicemails, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules, attachments, or other

writings attached to or affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

(e) **NIL** means name, image, and likeness.

(f) **PERSON** or **PERSONS** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity, and all of officers, directors, attorneys, agents, employees, and representatives acting on behalf of any of the foregoing.

(g) **RELATING TO, RELATE TO,** and **RELATED TO** shall be construed in their broadest sense and shall mean directly or indirectly concerning, describing, reflecting, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, relied upon or referring to the subject or topic in question, either in whole or in part.

**B.** **Instructions**

(a) Whenever such construction would make a document request more, rather than less, inclusive, or whenever necessary to ensure completeness or accuracy, words importing the singular number include the plural, and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" and "or" shall have both conjunctive and disjunctive meanings; and words importing the masculine gender shall include the feminine gender, and vice versa.

(b) Electronically stored information produced in response to these discovery requests should be produced in the manner in which it is kept in the ordinary course of business. Electronically native documents should be provided in their native format, or as true PDF copies. Hardcopy documents should be scanned/imaged in single-page .tif (if original is black and white) or .jpg (if original is in color) files, along with corresponding document-level optical character recognition (OCR) files in .txt format. All image files for a particular document must be stored and submitted in a folder named with the beginning page number identifier of the document. Provide a Summation load file (.dii) containing the document identifier (Bates/DocID), beginning page identifier, ending page identifier, and all relevant Summation .dii tokens required for importing the documents into a Summation iBlaze database. In addition, provide an Opticon (.opt format) file to allow recreation of documents from individual page images. Provide document metadata in a comma-delimited file (.csv) where the first line of the file contains field information for the metadata being produced, and a key or index field that ties the metadata to the document identifier. If these load files or the identified folder structure is unavailable, all electronically stored information should be produced in its native format.

(c) If you have possession, custody or control of the originals of the documents requested, then the originals and all non-identical copies should be produced; if you do not have possession, custody or control of the originals, then an identical copy of the original and all non-identical copies of each original should be produced.

(d) All designated documents are to be taken as including all attachments and enclosures. If any portion of a document is responsive to a request, the entire document should

be produced. If documents responsive to this request are normally kept in a file or other folder, then also produce that file or folder.

(e) The documents requested herein specifically include without limitation all documents in your possession, custody, or control, regardless of origin.

(f) These document requests are deemed to be continuing so as to require you to supplement your responses promptly in the event that you obtain additional responsive information or documents.

(g) Unless otherwise stated, the time period covered by this subpoena is October 23, 2019, to the present.

**C.   Requested Documents**

1. All policies and procedures of the University of Colorado Athletic Department relating to the NIL of athletes.

2. All documents relating to the Debtor's NIL.

3. All contracts relating to the Debtor or the Debtor's NIL.

4. All documents relating to any payments or benefits given to the Debtor.

5. All documents relating to any payments or benefits given to the Debtor Entities.

6. All documents relating to promotional activities by the Debtor.

7. All documents relating to any of the Debtor Entities.

8. All contracts relating to the Debtor Entities.

9. All communications with the Debtor relating to the Debtor's NIL or payments or benefits provided to the Debtor.

10. All communications with the Debtor Entities.

11. All communications relating to the Debtor or the Debtor Entities with Tabetha Plummer.

12. All communications relating to the Debtor or the Debtor Entities with Plummer Law Group.

13. All communications relating to the Debtor or the Debtor Entities with Constance Schwartz-Morini.

14. All communications relating to or concerning the Debtor or the Debtor Entities with SMAC Entertainment, Inc.

|  ☐ County Court  ☐ District Court  County, Colorado  United States Bankruptcy Court  Colorado | |
|---|---|
| In Re:: Shilo Dion Sanders  v.  Debtor: | ▲  **COURT USE ONLY**  ▲ |
| Attorney or Party Without Attorney:  Phone Number:           E-mail:  FAX Number:          Atty. Reg. #: | Case Number: 23-14859 MER  Division_____ Courtroom_____ |
| **RETURN OF SERVICE** | |

Received by Professional Process Servers, LLC to be served on **University of Colorado Boulder Office of the Registrar, Regent Administrative Center Room 101, 20 UCB, Boulder, CO 80309**.

I, Joel Cage, do hereby affirm that on the **13th day of January, 2025** at **4:27 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Subpoena For Rule 2004 Examination, Order and Exhibit A** to: **Emma Lucas** as **Registered Agent** at the address of: **Regent Administrative Center Room 101, 20 UCB, Boulder, CO 80309**, who stated they are authorized to accept service for **University of Colorado Boulder**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
1/13/2025  4:29 pm  White female
20s
Approximately 5'5"
Thin build
Blond hair
No glasses

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

_____
Signature of Process Server

**Joel Cage**
Process Server

Professional Process Servers, LLC
998 East Davies Avenue
Centennial, CO 80122
(303) 515-7250

Reference: 104674.003    RETURN OF SERVICE    Page 1 of 1
Job Number: LSK-2025000193

| ☐ County Court ☐ District Court <br> County, Colorado <br><br> United States Bankruptcy Court <br> Colorado | |
|---|---|
| In Re:: Shilo Dion Sanders <br> v. <br> Debtor: | ▲ **COURT USE ONLY** ▲ |
| Attorney or Party Without Attorney: <br><br> Phone Number:        E-mail: <br> FAX Number:         Atty. Reg. #: | Case Number: 23-14859 MER <br><br> Division_____ Courtroom_____ |
| **RETURN OF SERVICE** | |

Received by Professional Process Servers, LLC to be served on **University Of Colorado Boulder Office Of The Registrar Regent Administrative Center Room 101 c/o Office of the Attorney General Colorado Department of Law, Ralph L. Carr Judicial Building, 1300 Broadway, 10th Floor, Denver, CO 80203**.

I, Alex Jurim, do hereby affirm that on the **10th day of January, 2025** at **2:19 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Subpoena For Rule 2004 Examination, Order and Exhibit A** to: **Matthew Seron Regent Administrative Center Room 101 c/o Office of the Attorney General Colorado Department of Law** at the address of: **Ralph L. Carr Judicial Building, 1300 Broadway, 10th Floor, Denver, CO 80203**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
1/10/2025  2:19 pm  White male 40s thin built aprox 5'10 tall glasses

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

_____
Signature of Process Server

**Alex Jurim**
Process Server

Professional Process Servers, LLC
998 East Davies Avenue
Centennial, CO 80122
(303) 515-7250